UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KARLA TERRAZA,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC., et al.,<br><br>Defendants. | Case No. 16-cv-03994-JST<br><br>**ORDER DENYING MOTION TO EXCLUDE OPINION OF EXPERT WITNESS ROGER LEVY**<br><br>**UNDER SEAL**<br><br>Re: ECF No. 157 |

In this ERISA[1] case, defendants Safeway Inc., the Safeway Benefit Plans Committee (erroneously sued herein as Benefit Plans Committee Safeway Inc. n/k/a Albertsons Companies Retirement Benefit Plans Committee), Peter J. Bocian, David F. Bond, Michael J. Boylan, Robert B. Dimond, Laura A. Donald, Dennis J. Dunne, Robert L. Edwards, Bradley S. Fox, Bernard L. Hardy, Russell M. Jackson, Peggy Jones, Suz-Ann Kirby, Robert Larson, Melissa C. Plaisance, Paul Rowan, and Andrew J. Scoggin (collectively "the Safeway Defendants") now move to exclude the expert report of Plaintiff's expert witness Roger L. Levy. ECF No. 157. Plaintiff opposes the motion. ECF No. 165.

For the reasons set forth below, the Court will deny the motion.[2]

## I. FACTUAL BACKGROUND

Roger Levy is a fiduciary consultant. For the past 30 years he has provided consulting

---

[1] ERISA refers to the Employee Retirement Income Security Act.

[2] The Court has filed this order under seal because it contains or refers to material subject to sealing orders. Within seven days of the filing date of this order, the parties shall provide the Court a stipulated redacted version of this order, redacting only those portions of the order containing or referring to material for which the Court has granted a motion to seal and for which the parties still request the material be sealed. The Court will then issue a redacted version of the order.

services with respect to fiduciary best practices, including consulting with retirement plan sponsors and investment advisors. ECF No. 158-2 ¶ 3. He has a Master of Laws degree from Temple University Law School and has been designated as an Accredited Investment Fiduciary Analyst by the Center for Fiduciary Studies. *Id.* ¶ 2. He has published numerous articles on the topic of fiduciary best practices and lectures on the topic at industry conferences. *Id.* at 49-52. In 1986, he founded a firm called Cambridge Financial Services, Inc., which he operated until 2013. *Id.* ¶ 3; *see also id.* at 48. His clients at Cambridge Financial included plan sponsors of defined benefit and defined contribution plans. *Id.* ¶ 3. Among other services, he rendered advice to Cambridge Financial's clients "on matters of process and the applicable standard of care, and was also responsible for ensuring that Cambridge Financial conformed to an appropriate standard of care in rendering investment advice to its clients." *Id.*

Since 2009, Levy has been an Analyst for the Centre for Fiduciary Excellence, LLC, performing fiduciary assessments and advising clients on fiduciary best practices, including best practices relating to defined contribution plans like the one at issue here. *Id.* ¶ 4. In that capacity, he reviews plan documents, committee charters, minutes, investment reports, and other materials, and makes a finding regarding whether his clients (including plan fiduciaries and investment advisors) are conforming to the fiduciary standard of care. *Id.* Collectively, his clients "are responsible for more than $72 billion in investment assets, apart from independent broker/dealer clients with investment advisory responsibilities involving an additional $70 billion in assets." *Id.*

Plaintiff retained Levy in this case "to provide expert opinions regarding whether the actions, procedures, and processes of the defendants . . . were consistent with the standards of care of a fiduciary acting exclusively for the purpose of providing benefits to participants and beneficiaries, and to describe the practices, as well as minimum standards of care, that investment/benefit plan committee members and other fiduciaries to defined contribution plans should apply based upon [his] experience and expertise in the field." *Id.* ¶ 1. Levy thereafter reached the opinion that the Safeway Plan's fiduciaries did not meet the applicable standard of care of a prudent retirement plan fiduciary. *Id.* ¶ 7. He concluded that the Safeway Defendants: (a) failed to obtain fiduciary training, thereby rendering themselves vulnerable to nonconformity

2

with the standard of care to which they were subject and resulting in multiple departures from such standard; (b) failed to familiarize themselves with the basic Safeway Plan documents, including the Summary Plan Description, the Plan Document, applicable IPSs, master trust agreements, and service provider agreements, thereby precluding the Safeway Benefit Plans Committee members from appropriately performing their duties; (c) failed to adequately monitor the reasonable cost of recordkeeping services necessary for the proper administration of the Safeway Plan, made no effort to identify the cost of unbundled services and performed no competitive bidding; and (d) failed to adequately evaluate the investment characteristics of certain investments and allowed their decisions to be motivated primarily by the opportunity to reduce expenses. *Id.*

The Safeway Defendants now argue that Levy's report should be excluded because (1) he offers improper legal opinions; (2) he "characteriz[es] the facts of the case in the guise of expert opinion"; and (3) his opinions regarding the reasonableness of the recordkeeping fees incurred by the Safeway 401(k) Plan are inadmissible because he did not use a sufficiently similar comparator to establish a reasonable fee. ECF No. 157 at 7, 9, 11.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Trial courts serve a "gatekeeping" role "to ensure the reliability and relevancy of expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)). They should screen "unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014). The reliability test under Rule 702 and

*Daubert* "is not the correctness of the expert's conclusions but the soundness of his methodology." *Id.* "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). The proponent of the expert testimony has the burden of proving admissibility. *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

"Motions in limine are usually unnecessary in a bench trial." *See* Standing Order for Civil Bench Trials ("Standing Order") ¶ E. However, if a party chooses to file such motion, the moving party "must first seek a stipulation from the opposing party or parties to the relief requested in the motion." *Id.* Here, Defendants did not seek a stipulation with respect to the relief they now request. ECF No. 165-1 ¶ 6.

## III. DISCUSSION

### A. Levy Does Not Offer Improper Legal Opinions

The Safeway Defendants argue that Levy offers improper legal opinions, and specifically that he opines on the ultimate issue in the case: whether the Safeway Defendants breached their fiduciary duties under ERISA. The Safeway Defendants note that Levy opines that the Safeway Defendants breached "minimum standards of care," and contend the only "minimum standards" to which he could be referring "are in fact the fiduciary duties described in ERISA §404 (29 U.S.C. §1104)." ECF No. 157 at 4. Thus, they argue, "[i]n testifying that Defendants have 'deviated' from those 'minimum standards,' Mr. Levy is in fact opining that they breached their fiduciary duties under ERISA." *Id.*

"[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004), and upholding the district court's exclusion of expert testimony that invaded the province of the trial judge). However, provided that an expert opinion does not give an impermissible legal opinion, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a); *see also Nationwide*, 523 F.3d at 1058.

Levy's opinions fall on the admissible side of that line. In his report, Levy states his

opinions with respect to whether the actions, procedures, and process of the Safeway Defendants "were consistent with the standards of care of a fiduciary acting exclusively for the purpose of providing benefits to participants and beneficiaries . . . based upon my experience and expertise in the field." ECF No. 158-2 ¶ 1. These opinions are consistent with well-established standards for expert witness testimony. "[E]xpert witnesses, in all types of litigation, render an opinion as to what the applicable standard of care is and whether it has been complied with." *Harris v. Koenig*, Civil Action No. 02-618 GK, 2011 WL 1838483, at *1 (D.D.C. May 16, 2011). This is just as true in ERISA cases as it is in others. *See, e.g.*, *id.* Thus, "[a]lthough [Levy] may not opine as to the ultimate legal issue of whether [Safeway] violated ERISA, he may testify about the duty to act prudently, the standard of care applicable to a fiduciary in this situation, [and] how [Safeway's] actions deviated from the applicable standard of care." *Hans v. Tharaldson*, No. 3:05-CV-115, 2011 WL 6937598, at *5 (D.N.D. Dec. 23, 2011).

This portion of the Safeway Defendants' motion is denied.

**B. Levy's Opinions Regarding the Reasonableness of Recordkeeping Fees Are Not Improper**

The Safeway Defendants next argue that the Court should exclude Levy's opinions about the allegedly excessive size of the Safeway 401(k) Plan's recordkeeping fees because Levy only compared the recordkeeping expenses of the Plan to the plans of one other employer – the Albertsons 401(k) plan ("Albertsons Plan") – before and after Albertsons' 2015 acquisition of Safeway and the consolidation of the Albertsons Plan with the Safeway Plan. Thus, they contend, "[t]he paltry number of comparators employed by Mr. Levy by itself renders his opinion unreliable." ECF No. 157 at 3. They further argue that the Albertsons Plan is not an appropriate comparator because "the Albertsons Plan was larger – both in the number of participants and the amount of assets – than the Safeway Plan, which necessarily explains some of the difference in the recordkeeping expense. Indeed, the post-consolidation Albertsons Plan had approximately three times the amount of assets of the Safeway Plan." *Id.* Finally, they argue that Levy fails to identify whether the services offered by the Albertsons Plan recordkeeper were the same as those offered by the Safeway Plan recordkeeper. *Id.* at 3-4.

5

As to the first point, there are fundamental factual errors in the Safeway Defendants' motion. First, Levy did not use the pre-consolidation Albertsons Plan (that had 1.2 times the number of participants and approximately 1.8 times the assets of the Safeway Plan) as a comparator. Instead, Levy compared the Safeway Plan – which had approximately 37,000 participants and $1.9 billion in total Plan assets, and was paying $52 per participant in recordkeeping fees – with the new Albertsons Plan – which had approximately 32,000 participants and $1.1 billion in Plan assets, and was paying $35 per participant. *See* ECF Nos. 143-3 at 5; 165-3 at 13-14 ("I made the comparison simply with the single new Albertsons plan"). These two plans are thus sufficiently similar. Second, these were not the only two points of comparison. Levy also relied on a 2012 Aon report, in which Aon appears to have acknowledged the excessive nature of the recordkeeping fees paid by the Safeway Plan in January 2012, when it reported in connection with a 401(k) Total Plan Cost Analysis that the Safeway Plan was paying $65 per participant, when a "Best-Fit Universe" of similar plans were paying $56 per participant. *See* ECF Nos. 143-25 at 11; 165-3 at 11.

Thus, there simply is no factual basis for the Safeway Defendants' motion.[3] This portion of their motion is also denied.

### C. The Safeway Defendants' Remaining Arguments

The Court last addresses the Safeway Defendants' contentions that "[t]he Levy Report should be excluded because it is not helpful to the Court" and that the report "consists merely of a characterization of the facts of the case in the guise of expert opinion." ECF No. 157 at 9. As to the latter point, the Court finds that what the Safeway Defendants describe as "characterization[s] of the facts" are the factual conclusions, based on the evidence, that undergird Levy's opinions. As to the former point, the Court disagrees.

/ / /

/ / /

---

[3] Even if the Safeway Defendants had stated the facts correctly, this portion of their motion would still be denied. The asserted flaws as to Levy's opinion regarding recordkeeping fees do not require exclusion and are matters best left for cross-examination, particularly in a bench trial.

6

**CONCLUSION**

For the reasons set forth above, the Safeway Defendants' motion to exclude the testimony of Roger Levy is denied.

**IT IS SO ORDERED.**

Dated: February 27, 2019



JON S. TIGAR
United States District Judge