UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KARLA TERRAZA,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC., et al.,<br><br>Defendants. | Case No. 16-cv-03994-JST<br><br>**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF MARTIN DIRKS**<br><br>Re: ECF No. 155 |

In this ERISA[1] case, defendants Safeway Inc., the Safeway Benefit Plans Committee (erroneously sued herein as Benefit Plans Committee Safeway Inc. n/k/a Albertsons Companies Retirement Benefit Plans Committee), Peter J. Bocian, David F. Bond, Michael J. Boylan, Robert B. Dimond, Laura A. Donald, Dennis J. Dunne, Robert L. Edwards, Bradley S. Fox, Bernard L. Hardy, Russell M. Jackson, Peggy Jones, Suz-Ann Kirby, Robert Larson, Melissa C. Plaisance, Paul Rowan, and Andrew J. Scoggin (collectively "the Safeway Defendants") now move to exclude the expert report of Plaintiff's expert witness Martin Dirks. ECF No. 155. Plaintiff opposes the motion. ECF No. 168.

For the reasons set forth below, the Court will deny the motion.[2]

## I. FACTUAL BACKGROUND

Martin Dirks is the founder and manager of an expert witness and consulting firm called

---

[1] ERISA refers to the Employee Retirement Income Security Act.

[2] The Court has filed this order under seal because it contains or refers to material subject to sealing orders. Within seven days of the filing date of this order, the parties shall provide the Court a stipulated redacted version of this order, redacting only those portions of the order containing or referring to material for which the Court has granted a motion to seal and for which the parties still request the material be sealed. The Court will then issue a redacted version of the order.

Investment Strategy & Analysis, based in San Francisco. ECF No. 156-2 at 2. He is also a Board Member of the Federated Retirement System for the City of San Jose, California and an Adjunct Professor in the Master in Business Administration program at Golden Gate University in San Francisco, California. *Id*. Prior to starting his own firm, he spent several years as an investment consultant advising defined benefit and defined contribution state and municipal pension plans, endowments, and corporate pension plans, among other clients. *Id.* at 3. He received an M.B.A. from Harvard Business School in 1987 and a B.S. in Physics from Bemidji State University in 1979. *Id.*

Plaintiff's counsel retained Dirks "to provide an opinion on the selection and monitoring of investment managers for [Safeway's 401(k)] Plan and to calculate the economic damages sustained by the Plan and its participants." *Id.*

The Safeway Defendants now move to exclude Dirks' opinion. They argue that his opinion that "an investment option should have been removed from the Plan if it was not within the top quartile of its peer group for six consecutive quarters" is "completely arbitrary[] and not rooted in any industry standards or academic analysis," ECF No. 155 at 3; and that his testimony regarding the alleged unreasonableness of the Plan's recordkeeping fees is similarly unreliable" because Dirks did not use a sufficiently similar comparator to establish a reasonable fee, *id.* at 4.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Trial courts serve a "gatekeeping" role "to ensure the reliability and relevancy of expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (citing *Daubert v.*

*Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)). They should screen "unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014). The reliability test under Rule 702 and *Daubert* "is not the correctness of the expert's conclusions but the soundness of his methodology." *Id.* "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). The proponent of the expert testimony has the burden of proving admissibility. *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

"Motions in limine are usually unnecessary in a bench trial." See Standing Order for Civil Bench Trials ("Standing Order") ¶ E. However, if a party chooses to file such motion, the moving party "must first seek a stipulation from the opposing party or parties to the relief requested in the motion." Id. Here, Defendants did not seek a stipulation with respect to the relief they now request. ECF No. 168-1 ¶ 8.

### III. DISCUSSION

As an initial matter, as stated above, the Court does not typically need motions in limine regarding exclusion of evidence before a bench trial. Nothing about Martin Dirks' testimony warrants deviation from the Court's ordinary practice.

Turning to the merits, the Court first addresses the Safeway Defendants' arguments regarding Dirks' opinion that an investment option investment option offered by the Plan should have been removed if it was not within the top quartile of its peer group for six consecutive quarters. ECF No. 156-2 at 57; ECF No. 155 at 3. Safeway argues that Dirks' criteria are "completely arbitrary[] and not rooted in any industry standards or academic analysis." ECF No. 155 at 3.

The Court rejects the argument. Evaluating whether to keep a fund in a retirement plan based on that fund's performance over a set number of consecutive quarters is both a common-sense and well-established practice in the field of retirement investment advice. For example, a 2002 article in the Journal of Compensation and Benefits described the following approach:

Trustees should define responses to changes in a fund by designating the funds to a

3

> watch list or to terminate that fund as an option under the plan. The watch list may be based upon performance, three-year peer ranking below the medium for three consecutive quarters, three-year index under performance for three consecutive quarters, violating risk guidelines, style drift for three quarters or loss of key investment people.

Sheldon M. Geller, *Prudent Management of 401(k) Plan Fund Selection*, 18 J. Compensation & Benefits (July/August 2002). Similarly, a treatise on retirement law and plan administration provides a model investment policy containing the following provision:

> "If at any time, any of the following criteria are triggered, the Investment Manager shall be notified of the Board's concerns or shall be terminated, in the discretion of the Board, in consultation with the Investment Performance Consultant: . . . Four consecutive quarters of performance below the ___th percentile in performance rankings for the Investment Manager's specified universe."

Robert D. Klausner, State and Local Government Retirement Law: A Guide for Lawyers, Trustees, and Plan Administrators § 17:15 (2017) (blank underscore in original).

Thus, it is clear that Dirks' methodology in measuring a fund's performance by quartile over a period of consecutive quarters is neither new nor exotic. The Court will not exclude his testimony under Rule 702. Safeway can address on cross-examination whether the particular number of quarters or the particular performance quartile Dirks selected were appropriate or optimal.

Safeway also argues that Dirks' opinion regarding the allegedly excessive nature of the Plan's record-keeping expenses is unreasonable because he uses the Albertsons 401(k) Plan as a comparator. ECF No. 155 at 4. They contend that Dirks did not compare the services provided to the Safeway plan versus the services provided to the Albertsons plan; he does not know whether the services were the same; and he failed to take into account the difference in size between the two plans. ECF No. 155 at 7.

The Court finds this argument unpersuasive also. As an initial matter, the Safeway Defendants overlook the additional bases for Dirks' opinion regarding excessive record-keeping fees. There were four: (1) investment adviser Aon Hewitt Investment Consulting, Inc. advised the Safeway Defendants that the "recordkeeping costs could be reduced by at least $9 per participant, based upon peer group recordkeeping comparisons"; (2) a comparison between recordkeeping fees of the Safeway Plan, the Albertsons LLC plan, and the New Albertsons plan;

(3) the reduction in recordkeeping fees after the request for proposal ("RFP") process after the Safeway and Albertsons plans were combined; and (4) the discovery of between $3.1 and 4.5 million in accumulated plan assets available to pay recordkeeping fees about which the Safeway Plan was unaware until the transfer to Vanguard. ECF No. 152-5 at 5 n.5, 11 n.14. In the aggregate, these facts – if established – adequately support Dirks' opinion that the Safeway Plan's "recordkeeping fees were unreasonable compared to what was available in the market." *Troudt v. Oracle Corp.*, No. 16-CV-00175-REB-SKC, 2019 WL 1006019, at \*8 (D. Colo. Mar. 1, 2019); *see also George v. Kraft Foods Glob., Inc.*, 641 F.3d 786, 798-99 (7th Cir. 2011) (finding issue of disputed fact where expert opined that prudent fiduciaries would have solicited competitive bids before extending record-keeping contract).

Moreover, even if Dirks' opinion were based solely on comparisons to the Albertsons plans, the Court would admit the testimony. The Court has already found the New Albertsons plan to be a similar comparator. ECF No. 200 at 6. Any remaining criticisms would be bases for cross-examination, not grounds for exclusion. The Court denies this portion of the Safeway Defendants' motion also.

## CONCLUSION

For the reasons set forth above, the Safeway Defendants' motion to exclude the testimony of Martin Dirks is denied.

**IT IS SO ORDERED.**

Dated: March 18, 2019

JON S. TIGAR
United States District Judge