UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KARLA TERRAZA, Individually and On Behalf of the Safeway 401(k) Plan,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC., et al.,<br><br>Defendants. | Case No. 16-cv-03994-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SAFEWAY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; ORDER DENYING AS MOOT DEFENDANT AON HEWITT'S MOTION FOR RECONSIDERATION**<br><br>Re: ECF Nos. 144, 222 |
| DENNIS M. LORENZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC., et al.,<br><br>Defendants. | Case No. 16-cv-04903-JST<br><br>Re: ECF No. 95 |

Now before the Court are Safeway's[1] motions for summary judgment in the *Terraza* and *Lorenz* actions. TECF No. 144; LECF No. 95.[2] Because the issues in the two motions (and cases) overlap substantially, the Court issues a single order regarding both motions. The Court also resolves issues it left unaddressed in a prior order concerning the summary judgment motion of

---

[1] In the *Terraza* action, "Safeway" refers here collectively to Defendants Safeway Inc., the Safeway Benefit Plans Committee, Peter J. Bocian, David F. Bond, Michael J. Boylan, Robert B. Dimond, Laura A. Donald, Dennis J. Dunne, Robert L. Edwards, Bradley S. Fox, Bernard Hardy, Russell M. Jackson, Peggy Jones, Suz-Ann Kirby, Robert Larson, Melissa C. Plaisance, Paul Rowan, and Andrew J. Scoggin. In the *Lorenz* action, "Safeway" refers here to Safeway Inc. and the Safeway Benefit Plans Committee.

[2] The Court uses the abbreviations "TECF" to refer to documents on the Court's electronic docket for the *Terraza* case and "LECF" for those on the electronic docket for the *Lorenz* case.

Defendant Aon Hewitt Investment Consulting, Inc. ("Aon") in the *Terraza* action. TECF No. 220.[3]

## SAFEWAY'S MOTIONS FOR SUMMARY JUDGMENT

Genuine disputes of material fact prevent the Court from granting judgment to Safeway on the majority of the issues it raises, for the reasons set forth below:

*Alleged Failure to Introduce Evidence of Causation.* Safeway moves for summary judgment on the grounds that "Plaintiff has not established a causal link between any specific alleged breach and loss to the [Safeway 401(k)] Plan." TECF No. 144 at 16. There is a triable dispute of fact about whether the Safeway Benefit Plans Committee ("BPC") discharged its duty of prudence in monitoring and, in some cases, selecting assets for the Plan. Terraza contends, based on expert opinion, that Safeway should have "applied a conservative approach of monitoring the Plan's investment options based on a top-quartile criterion and removing investment options with six quarters of cumulative underperformance." TECF No. 163 at 12. The Court will decide after considering the testimony whether the BPC's failure to adhere to this standard was imprudent. If it was, then the Court will determine whether there were comparable assets the BPC could have offered Plan participants that would have performed better. Terraza has identified such assets; whether they are fair comparators is an issue the Court will resolve at trial. Safeway's argument that Terraza's case "is premised entirely on . . . hindsight" misses the point. TECF No. **** at ***. As they did in their motion to dismiss, the Safeway Defendants again conflate the principle that investment decisions should not be evaluated based on information available *after* the decision is made with the need to use historic information available *at the time* the decision was made. As the Court stated in its order denying that motion:

> While it is true that "we judge a fiduciary's actions based upon information available to the fiduciary at the time of each investment decision and not from the vantage point of hindsight," [*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 716 (2d Cir. 2013) (internal citations and quotation marks omitted)], a fiduciary also "has a continuing duty of some kind to monitor investments and

---

[3] Aon recently moved for reconsideration based on the Court's omission of these issues in its order. TECF No. 222.

2

|   |   |
|---|---|
| 1 | remove imprudent ones" that "exists separate and apart from the trustee's duty to exercise prudence in selecting investments at the outset." *Tibble [v. Edison Int'l*, 135 S. Ct. 1823, 1828-29 (2015)]. And Terraza alleges that "[a]ll of this information [regarding the challenged funds' underperformance] was known and/or available to Defendants each and every year during the pertinent period when they maintained this costly and unreasonable investment option in the Plan." [ECF No. 37] ¶¶ 61-68. |

*Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1076 (N.D. Cal. 2017). Accordingly, summary judgment on this issue must be denied.

*Plaintiffs' Claims that Selection of the JPMorgan Target Date Funds ("JPM TDFs") Violated the Duties of Loyalty and Prudence.* Safeway asserts that Terraza "cannot prove that the Safeway Defendants beached their duties of loyalty because she does not present any evidence – or allegations – that the Safeway Defendants gained any benefit at the expense of Plan participants, or acted under a conflict of interest." TECF No. 144 at 7-8. Safeway argues as to the *Lorenz* complaint that "there is no evidence suggesting that the Committee's process in selecting or retaining the JPM TDFs was imprudent." LECF No. 95 at 19. To the contrary, there is evidence from which the inference can be drawn that the BPC accepted JPM's proposal to replace certain of the Plan's investment options to shift the responsibility for payments for recordkeeping services from Safeway to the Plan. Specifically, after analyzing JPM's proposal, Aon informed the BPC that the Plan's revenue-sharing component had been insufficient to offset JPM's recordkeeping fees in past quarters and, as a result, that Safeway may soon be required to make direct payments to JPM to pay for the shortfall unless the BPC accepted JPM's proposal. As the Court has stated in other orders, there is a dispute of fact about whether this prospect actually motivated the BPC; that issue will be resolved at trial.

*Allegations that the Plan Overpaid for Recordkeeping Fees.* Safeway moves for summary judgment on the issue of the Plan's recordkeeping fees, arguing that "[t]he record is . . . devoid of any admissible evidence in support of Plaintiff's allegations that the recordkeeping fees paid by the Plan were unreasonable." TECF No. 144 at 8. Safeway's argument rests on the contention that the testimony of Plaintiff's expert Roger L. Levy is inadmissible. *Id.* at 12. But since the Court has ruled that Levy's testimony *is* admissible, TECF No. 202, the basis for this argument collapses. Safeway also argues that Plaintiff's claim "ignores that the Committee successfully

3

1 renegotiated the Plan's recordkeeping fees to lower the costs throughout the relevant time period."
2 TECF No. 144 at 8. That the fees were lowered *by some amount* during the relevant period does
3 not establish as a matter of law that Safeway discharged its duty of prudence or that it reasonably
4 might have, and should have, obtained the same services at lower cost. For example, in a January
5 2012 presentation, Aon informed the BPC that the "Plan's administrative costs ($65 per
6 participant) are slightly above those of the median plan in the Best-Fit Universe ($56 per
7 participant)" of comparable plans. TECF No. 152-2 at 11. The Court can determine at trial what
8 duty the BPC had to investigate lower recordkeeping fees, whether it discharged that duty, and
9 what options were available to it.

*Chesapeake and Interest Income Funds.* As Safeway correctly points out, Terraza did not plead breach or loss related to the Chesapeake or Interest Income Funds. Plaintiff does mention the Interest Income Fund in her second amended complaint ("SAC"), but only to note that it is one of the funds offered by the Plan, or to state that she did not have information about "the actual/effective fees charged by the Interest Income Fund." TECF No. 72 ¶ 54. The word "Chesapeake" does not appear in the SAC at all.

In response, Terraza affirmatively disclaims any obligation to identify the particular funds she challenges in her complaint. She states that her complaint "did not allege that Defendants engaged in any prohibited transaction with respect to a specific investment option; instead, Plaintiff alleged that Defendants generally "fail[ed] to monitor the investments in the Plan to ensure that they provided adequate available returns and were not excessively priced, as were the vast majority of the investments in the Plan." TECF No. 163 at 26 (quoting TECF No. 72 ¶ 49). She argues that "[t]his short and plain statement was sufficient to put Defendants on notice that plaintiffs alleged defendants had breached their duty to monitor the Plan's investment options as a whole; the Plan investment options identified in the complaint were illustrative." *Id.* (internal quotation marks omitted).

Terraza's argument is strikingly similar to the one Judge Wilson rejected in *Tibble v. Edison Int'l*, 639 F. Supp. 2d 1122, 1127 (C.D. Cal. 2009) ("*Tibble II*"). In that case, "Plaintiffs' only allegation in the Complaint [was] that Defendants breached their fiduciary duties by

4

'engaging in, and causing the Plan to engage in, prohibited transactions in violation of ERISA § 406,'" a "conclusory statement [that] does not identify any specific transactions or identify which fiduciary was supposedly responsible for entering into the transaction." *Id.* at 1127 (citation omitted). The court granted summary judgment, finding that the prohibited transactions claims "fail[ed] because Plaintiffs did not sufficiently allege the[] claims in the Second Amended Complaint." *Id.* Similarly, here, it is not sufficient for Terraza's complaint to state that Defendants have breached their fiduciary duties but leave them to guess the funds as to which the breach allegedly occurred. Nor is it sufficient to suggest that because the Interest Income Fund was mentioned in a different capacity, Defendants were on notice that it was the basis of a claim for breach of fiduciary duty. Terraza mentions several funds in her complaint that are not the subject of criticism, so mere mention of a fund puts no one on notice. *E.g.,* TECF No. 72 ¶ 54 (listing the Interest Income Fund, the PIMCO Bond Fund, the JPMCB SmartRetirement Passive Blend 2025C-20 Fund, the Dodge & Cox Stock Fund, the Wells Fargo Advantage Large Cap Growth-Inst Fund, the Emerald Growth-Inst. Fund, the RS Small Cap Value Portfolio Fund, the SSgA S&P500 Indx-NL-A Fund, Safeway Co. Stock, and the American Funds EuroPacific Growth-R5 Fund). Simply mentioning a fund is not enough to put that fund's performance at issue.

Terraza also quotes this Court's order denying a motion to dismiss a prior version of the operative complaint. TECF No. 163 at 26. There, the Court said that to state a claim for breach of fiduciary duty, "a complaint does not need to contain factual allegations that refer directly to the fiduciary's knowledge, methods, or investigations at the relevant times," and that "the court may be able to reasonably infer from the circumstantial factual allegations that the fiduciary's decision-making process was flawed." *Terraza*, 241 F. Supp. 3d at 1070. This passage addressed the level of detail required to plead a fiduciary's "knowledge, methods, or investigations," not whether a plaintiff is required to identify a particular Plan asset. The Court's prior order does not assist Terraza.

Accordingly, the Court grants Safeway's motion as to the Chesapeake and Interest Income Funds because the SAC does not allege that either fund was either imprudently selected or retained.

5

**AON'S MOTION FOR SUMMARY JUDGMENT**

The Court's prior order denying Aon's motion for summary judgment in the *Terraza* action, TECF No. 220, did not address Aon's arguments regarding the Chesapeake or Interest Income Funds. As to those funds, Aon's motion is now granted. Its motion for reconsideration, TECF No. 222, is denied as moot.

**CONCLUSION**

Safeway's motions for summary judgment are granted with respect to the Chesapeake and Interest Income Funds. In all other respects, Safeway's motions are denied. The Court also supplements its prior order regarding Aon's motion for summary judgment by granting the motion in Aon's favor as to the Chesapeake and Interest Income Funds.

**IT IS SO ORDERED.**

Dated: April 12, 2019



JON S. TIGAR
United States District Judge