UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KARLA TERRAZA, <br><br> Plaintiff, <br><br> v. <br><br> SAFEWAY INC., et al., <br><br> Defendants. | Case No. 16-cv-03994-JST <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AON HEWITT INVESTMENT CONSULTING, INC.'S MOTION FOR SUMMARY JUDGMENT** <br><br> **UNDER SEAL[1]** <br><br> Re: ECF No. 136 |

## I. INTRODUCTION

This case concerns the administration of Defendant Safeway, Inc.'s 401(k) plan ("Safeway Plan" or "Plan"). The Plan is an employee pension benefit plan within the meaning of 29 U.S.C. § 1002(2)(A) that is covered by ERISA, and an individual account plan within the meaning of 29 U.S.C. § 1002(34). The Safeway Plan is an example of what is commonly called a "defined contribution" plan. In addition to Safeway, defendants include Benefit Plans Committee Safeway Inc. n/k/a Albertsons Companies Retirement Benefits Plans Committee ("BPC"), Peter J. Bocian, David F. Bond, Michael J. Boylan, Robert B. Dimond, Laura A. Donald, Dennis J. Dunne, Robert L. Edwards, Bradley S. Fox, Bernard L. Hardy, Russell M. Jackson, Peggy Jones, Suz-Ann Kirby, Robert Larson, Melissa C. Plaisance, Paul Rowan, Andrew J. Scoggin, and Aon Hewitt

---

[1] The Court has filed this order under seal because it contains or refers to material subject to sealing orders. Within seven days of the filing date of this order, the parties shall file a stipulated proposed redacted version of this order, redacting only those portions of the order containing or referring to material for which the Court has granted a motion to seal and which the parties still request be sealed. The parties shall also email a PDF copy of the proposed redacted order, without any ECF headers, to jstpo@cand.uscourts.gov. The Court will review the parties' proposal and issue a redacted version of the order.

Investment Consulting, Inc. ("Aon") (collectively, "Defendants").

Plaintiff Maria Terraza alleges that Safeway, its BPC, and the Plan's investment advisor, Aon, violated their fiduciary duties in their selection and retention of certain investments in the Plan. *See generally* ECF No. 72 ("Second Amended Complaint" or "SAC").[2] In addition to these entities, she names individual members of the BPC as defendants. The facts are well-known to the parties and the Court has summarized Plaintiff's allegations in detail in two prior orders, ECF Nos. 65, 109, and so the Court will not elaborate them here.

Defendant Aon now moves for summary judgment. It contends that: (1) Plaintiff's claims against Aon premised on alleged imprudent conduct occurring before March 31, 2011 are time-barred by ERISA's six-year statute of repose, 29 U.S.C. § 1113(1); (2) Plaintiff lacks evidence from which a reasonable factfinder could conclude that Aon engaged in an imprudent process with respect to its investment advice to the Plan; (3) Plaintiff lacks evidence from which a reasonable factfinder could conclude that the challenged investment options in the Plan's lineup were objectively imprudent and that any alleged imprudence by Aon resulted in – or caused the Plan – any financial loss; and (4) Plaintiff purports to assert her claims in a representative capacity on behalf of the Plan under 29 U.S.C. § 1132(a)(2) but has failed to take the required steps to protect the interests of other Plan participants or to proceed on their behalf, and thus cannot advance claims for losses except those allegedly experienced through her own Plan account. ECF No. 136 at 2.

For the reasons set forth below, the Court will grant the motion in part and deny it in part.

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if there is sufficient evidence for a reasonable trier of fact to resolve the issue in the nonmovant's favor, and a fact is material only if it might affect the outcome of the case. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014)

---

[2] A related case, *Lorenz v. Safeway, Inc.,* Case No. 16-cv-04903-JST, makes similar allegations.

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)). The court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1018 (9th Cir. 2010).

Where the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party satisfies its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists. *Id.* at 1102-03. If the nonmoving party fails to make this showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"Under ERISA, plan fiduciaries are charged with the duty of loyalty, the duty of prudence, the duty to diversify investments, and the duty to act in accordance with the documents and instruments governing the plan." *White v. Chevron Corp.*, No. 16-CV-0793-PJH, 2017 WL 2352137, at *4 (N.D. Cal. May 31, 2017) (citing 29 U.S.C. § 1104(a)(1)).

ERISA requires that a pension plan fiduciary act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). Under this "prudent person" standard, courts must determine "whether the individual trustees, at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the merits of the investment and to structure the investment." *Donovan v. Mazzola*, 716 F.2d 1226, 1232 (9th Cir. 1983). The prudence analysis "focus[es] on a fiduciary's conduct in arriving at an investment decision, not on its results." *In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 434 (3d Cir. 1996). This duty of prudence

3

extends to both the initial selection of an investment and the continuous monitoring of investments to remove imprudent ones. *Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1828-29 (2015).

"Because the content of the duty of prudence turns on 'the circumstances . . . prevailing' at the time the fiduciary acts, the appropriate inquiry will necessarily be context specific." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014) (quoting 29 U.S.C. § 1104(a)(1)(B)). Put differently, the prudence inquiry is "fact intensive." *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1078 (N.D. Cal. 2017) (citing *Tussey v. ABB, Inc.*, 746 F.3d 327, 336 (8th Cir. 2014)). "And, because it involves the application of a reasonableness standard, '[r]arely will such a determination be appropriate on a motion for summary judgment.'" *Id.* (quoting *Bd. of Trs. of S. Cal. IBEW–NECA Defined Contribution Plan v. Bank of N.Y. Mellon Corp.*, No. 09 CIV. 6273 RMB, 2011 WL 6130831, at *3 (S.D.N.Y. Dec. 9, 2011)).

### III. DISCUSSION

#### A. Whether Plaintiff's Claims Against AON Based On Conduct Before March 2011 Are Time-Barred

Aon argues initially that ERISA's six-year statute of repose bars all claims against Aon based on its conduct before March 31, 2011. ECF No. 136 at 13 (citing 29 U.S.C. § 1113(1)). Section 1113(1) bars claims brought more than six years after a "fiduciary's breach of any responsibility, duty, or obligation." The SAC is the first complaint that named Aon as a defendant and included allegations of misconduct against it, and that document was filed on March 31, 2017. ECF No. 72.

Whether a proposed amendment to a complaint relates back to a previous complaint is governed by Federal Rule of Civil Procedure Rule 15(c). Under Rule 15(c)(3), an amended complaint naming a new party relates back to the filing date of the original complaint only if it arose from the same conduct or transaction, and, within 120 days of the original complaint, the new party had notice of the litigation such that it would not be prejudiced and knew or should have known that "but for a mistake concerning the identity of the proper party," it would have been named as a defendant. Fed. R. Civ. P. 15(c); *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1501 (9th Cir. 1994). Rule 15(c) "has been interpreted to mean that for 'claims

4

asserted against a new defendant to relate back in time to the original complaint, the plaintiff must demonstrate . . . that the new party knew or should have known that the action would have been brought against the party but for a mistake in identity.'" *Brooks v. ComUnity Lending, Inc.*, No. C 07-4501 JF (RS), 2009 WL 1513397, at *4 (N.D. Cal. May 29, 2009) (quoting *Bass v. World Wrestling Fed'n Entm't, Inc.*, 129 F. Supp. 2d 491, 507-08 (E.D.N.Y. 2001)). "Plaintiff has the burden of demonstrating the elements of relation back." *Wilkins-Jones v. Cty. of Alameda*, No. C-08-1485 EMC, 2012 WL 3116025, at *12 (N.D. Cal. July 31, 2012).

Terraza's arguments in favor of relation back are not convincing. She contends that "as the Safeway Defendants' acknowledged co-fiduciary during the Relevant Period, Aon was on notice that it would be jointly liable for any fiduciary breaches, 29 U.S.C. § 1105(a), and was only not named in the initial complaint because Plaintiff was unaware of its role until after discovery." ECF No. 162 at 13 n.8. Section 1105, cited by Terraza, imposes joint and several liability on a fiduciary for a breach of duty by another fiduciary "if it participates knowingly in the breach, if it enabled the other to commit the breach, or if it knows of the other's breach and fails to take reasonable efforts to remedy the breach." *Kanawi v. Bechtel Corp.*, 590 F. Supp. 2d 1213, 1223 (N.D. Cal. 2008). By itself, it does not assist the Court's analysis regarding relation back or put Aon on constructive notice of its potential liability.

Terraza also cites *Patru v. Rush*, No. 3:13-CV-00357-SI, 2014 WL 3962496 (D. Or. Aug. 13, 2014). Plaintiff in that case sued two employees of the Oregon Department of Human Services ("DHS") relating to DHS's processing of Plaintiff's application for a license to admit ventilator-dependent residents to her adult foster home. *Id.* at *1. Plaintiff then moved to add those employees' supervisor, as well as five other employees who worked in the same office, as defendants. *Id.* at *4. The *Patru* court granted the motion as to the supervisor, finding that "as the supervisor and final decision-maker regarding ventilator licenses, [she] both received adequate notice of the lawsuit and 'should have known that the action would have been brought against [her], but for a mistake,'" but denied the motion as to the remaining employees. *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(C)). *Patru* does not help Terraza; unlike in that case, there is no evidence that Aon received notice of any kind as required by Rule 15. Equally importantly, Aon was not added

5

as a defendant within the Rule 4(m) period. Thus, the Court finds that Terraza does not benefit from the relation back doctrine. As a consequence, Aon cannot be liable for its 2010 actions in allegedly failing to consider conflicts of interest in Safeway's 2010 selection of the JP Morgan SmartRetirement PassiveBlend target date funds ("JPM TDFs"), or in recommending the selection of those funds without adequate historical performance information. It also cannot be liable for its role in selecting the Wells Fargo Advantage Strategic Large Cap Growth Fund in January 2011.

Terraza points to the Court's prior order denying Defendant Safeway's motion to dismiss Terraza's claims pertaining to investments added to the Plan before 2010. There, the Court held,

> "[A] fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones" that "exists separate and apart from the trustee's duty to exercise prudence in selecting investments at the outset." *Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1828-29 (2015). As a result, where the plaintiff "allege[s] that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones," the claim is timely "so long as the alleged breach of the continuing duty occurred within six years of suit." *Id.* Here, Terraza alleges that the Defendants acted imprudently by continuing to offer underperforming investment options with excessive fees until at least 2015, just one year before Terraza filed suit. Therefore, those claims are timely even though three of the investment options were initially added to the Plan before 2010.

*Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1068 (N.D. Cal. 2017). As the prior quote suggests, Aon might potentially be liable for its actions in allowing Safeway to maintain the JPM TDFs in the Plan after they were initially selected. But the only criticism Plaintiff offers on that score directed at Aon is that the JPM TDFs underperformed the Dow Jones Target Date Benchmark Index during an unspecified number of unspecified quarters. ECF No. 162 at 26. These facts are insufficient to sustain a claim against Aon, and all of Aon's other actions that Plaintiff challenges pertain to the selection process. *See id.* at 15-18. Accordingly, Aon is entitled to summary judgment as to the JPM TDF funds.

There are triable issues of material fact regarding the remaining funds. As to each, there is evidence in support of Plaintiff's allegation that "Aon's persistent and relatively consistent 'advice' was to retain the existing investments in the Plan" and Aon "recommended that the other Defendants do little or nothing to improve the investments offered by the Plan and the expenses paid by the Plan and its participants," even when those investments were significantly underperforming. SAC ¶¶ 90-91. As the Court observed when it denied Aon's motion to dismiss

the Second Amended Complaint, "[the] duty of prudence extends to both the initial selection of an investment and the continuous monitoring of investments to remove imprudent ones." ECF No. 109 at 5 (citing *Tibble*, 135 S. Ct. at 1828-29).

### B. Interest Income Fund

There is a triable issue of material fact as to whether Aon met its duty of prudence to monitor the performance of the Interest Income Fund and determine whether to recommend its replacement as a Plan asset. It underperformed both a stable value fund managed by Vanguard and the Hueler Index, and also underperformed the Rolling 5-Year Constant Maturity Treasury Index, which Aon used as a benchmark in its own monitoring materials, for all but one of the 16 quarters beginning Q1 2010. There is also a disputed issue of fact regarding whether Aon should have placed this fund on a "watch list" as required by the Investment Policy Statement.

### C. SSgA S&P 500 Index Fund

There is a triable issue of material fact as to whether Aon met its duty of prudence to monitor the performance of the SSgA S&P 500 Index Fund (which the parties also refer to as "State Street") and determine whether to recommend its replacement as a Plan asset. The fund underperformed a comparable Vanguard index fund for more than six consecutive quarters, on more than one occasion, during the relevant period. ECF No. 156-2 at 25.

### D. Wells Fargo Advantage Strategic Large Cap Growth Fund

There is a triable issue of material fact as to whether Aon met its duty of prudence to monitor the performance of the Wells Fargo Advantage Strategic Large Cap Growth Fund and determine whether to recommend its replacement as a Plan asset. The fund underperformed the Russell 1000 Growth Index during the relevant period.

The Court notes that Plaintiff's expert Martin Dirks opined, as to another fund, that an investment option offered by the Plan should have been removed if it was not within the top quartile of its peer group for six consecutive quarters. ECF No. 156-2 at 57. The Wells Fargo fund does not meet this test, having underperformed the Russell 1000 Growth Index for a maximum of four consecutive quarters. *Id.* at 89. Because the summary judgment briefing does not address this discrepancy, the parties can address it at trial.

### E. RS Partners Fund

There is a triable issue of material fact as to whether Aon met its duty of prudence to monitor the performance of the RS Partners Fund and determine whether to recommend its replacement as a Plan asset. As previously noted, Plaintiff's expert testified that an investment option offered by the Plan should have been removed if it was not within the top quartile of its peer group for six consecutive quarters. RS Partners Fund underperformed according to this metric.

### F. Chesapeake Core Growth Fund

There is a triable issue of material fact as to whether Aon met its duty of prudence to monitor the performance of the Chesapeake Core Growth Fund. Plaintiff's expert noted that "the [Chesapeake] fund ranked in the bottom 96% versus peer funds on a 3-year basis and in the bottom 97% versus peer funds on a 5-year basis." ECF No. 156-2 at 22.

### G. Causation

Safeway argues Terraza cannot establish causation for her claims. ECF No. 144 at 15. ERISA requires a breaching fiduciary to "make good to such plan any losses to the plan *resulting from* each such breach." 29 U.S.C. § 1109(a) (emphasis added). Ultimately, Terraza bears the burden of proving this "causal link between the [alleged breach] and the harm suffered by the plan." *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1099 (9th Cir. 2004) (affirming granted motion to dismiss); *see also Friend v. Sanwa Bank Cal.*, 35 F.3d 466, 469 (9th Cir. 1994) (holding "ERISA holds a trustee liable for a breach of fiduciary duty only to the extent that losses to the plan result from the breach" in affirming summary judgment for defendant); *Ronches v. Dickerson Emp. Benefits, Inc.*, No. CV 09-04279 MMM (PJWx), 2009 WL 10669571, at *22 (C.D. Cal. Oct. 30, 2009) (holding the "statutory phrase 'resulting from' indicates that there must be 'some causal link between the alleged breach of [fiduciary] duties and the loss plaintiff seeks to recover (citation omitted)).

Terraza has submitted sufficient evidence to create a dispute of material fact regarding causation. She has submitted expert testimony that the fiduciaries, including Aon, failed prudently

to monitor the performance of each of the challenged funds.³ She also identifies plausible alternative investments. *See, e.g.*, ECF No. 156-2 at 43 (identifying the Vanguard Stable Value Fund as an alternative to the Interest Income Fund); *id.* at 65 (identifying the Vanguard 500 Index Fund as an alternative to the SSgA S&P 500 Index Fund); *id.* at 35 (identifying the Vanguard Russell 1000 Growth Index I Fund as an alternative to the Wells Fargo Advantage Strategic Large Cap Growth Fund); *id.* at 58 (identifying the Vanguard Russell 2000 Value Index I Fund as an alternative to the RS Partners Fund); *id.* at 24 (identifying the Vanguard Russell 1000 Growth Index I Fund as an alternative to the Chesapeake Core Growth Fund). Whether these proposed alternatives are fair comparators will be resolved at trial.

### H. Whether Terraza Properly Asserts Claims in a Representative Capacity on Behalf of the Plan

Lastly, Aon argues that "Plaintiff purports to assert her claims in a representative capacity on behalf of the Plan under 29 U.S.C. § 1132(a)(2) but has failed to take the required steps to protect the interests of other Plan participants or to proceed on their behalf, and thus cannot advance claims for losses except those allegedly experienced through her own Plan account." ECF No. 136 at 2; *see also id.* at 31-33 (same). Aon suggests that Plaintiff needed to move for class certification or take other steps to formally establish herself as a representative plaintiff.

Judge Wilken recently summarized the law in this area as follows:

> The ability to file a § 502(a)(2) claim as a class action is an important one. Participants bringing a § 502(a)(2) claim act in a representative capacity on behalf of the plan and are bound to "employ procedures to protect effectively the interests they purport to represent." *Coan v. Kaufman*, 457 F.3d 250, 259 (2d Cir. 2006); *see also Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985).

---

³ Aon urges the Court to adopt the causation standard that "Plaintiff must show the investment options she challenges were objectively imprudent – *i.e.*, that no reasonable fiduciary would include them in a 401(k) plan lineup – and resulted in losses to the Plan." ECF No. 136 at 23 (citing *Fifth-Third Bancorp. v. Dudenhoeffer*, 573 U.S. 409, 428 (2014)); *id.* at 9 (same). But the Supreme Court in *Dudenhoeffer* never set forth Aon's proposed "objective imprudence" standard. *Dudenhoeffer* concerned fiduciary breach claims arising out of a fiduciary's decision to buy or hold the employer's stock in an employee stock ownership plan. The Supreme Court held that "[t]o state a claim for breach of the duty of prudence on the basis of inside information, a plaintiff must plausibly allege an alternative action that the defendant could have taken that would have been consistent with the securities laws and that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the fund than to help it." 573 U.S. at 428. In any event, while courts in other circuits may have adopted an objective imprudence standard, *see* ECF No. 162 at 21, the Ninth Circuit has not, and the Court will not do so here.

> Representatives can discharge their duty by ensuring absent participants are properly represented, joining or making a good faith effort to join other participants, or filing a class action pursuant to Rule 23. *Coan*, 457 F.3d at 259-60. Where the number of participants is large, a class action may be the most appropriate procedural device. *Id.* at 260; *see also Shady Grove Orthopedic Associates v. Allstate Ins. Co.*, 559 U.S. 393, 402 (2010) (Rule 23 provides "procedural fairness and efficiency").

*Cryer v. Franklin Res., Inc.*, No. C 16-4265 CW, 2017 WL 4410103, at *4 (N.D. Cal. Oct. 4, 2017). Nonetheless, Judge Wilken did not say, and no case cited by the Defendants holds, that certification under Rule 23 is a prerequisite to representative status. To the contrary, "[h]ere, the plan remains in existence and the Court may easily direct that the proceeds be paid to the plan directly. Alternatively, the Court may, either upon motion of a party or *sua sponte,* invoke the procedures of Rule 23.1, either wholly or in part, to the extent necessary to protect the interests of the other interested parties." *Stanton v. Couturier*, No. 2:05-CV-02046-RRB-KJM, 2007 WL 4570699, at *3 (E.D. Cal. Dec. 26, 2007).

In her complaint, Plaintiff specifically requests that Defendants remit the losses they caused to the Plan, rather than to her individually. ECF No. 72 ¶ 107(b) (requesting "[e]quitable, legal or remedial relief to return all losses to the Plan and/or for restitution and/or damages"). In its reply brief, Aon does not address *Stanton* or its holding, and the Court takes the point as having been conceded.

## CONCLUSION

For the foregoing reasons, Aon's motion for summary judgment is GRANTED with respect to actions taken before March 31, 2011, including its role in selecting the Wells Fargo Advantage Strategic Large Cap Growth Fund in January 2011, and with respect to allegations of any kind concerning the JP Morgan SmartRetirement PassiveBlend target date funds. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 9, 2019



JON S. TIGAR
United States District Judge