1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KARLA TERRAZA,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC., et al.,<br><br>Defendants. | Case No. 16-cv-03994-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANT AON HEWITT INVESTMENT CONSULTING INC.'S MOTION IN LIMINE NUMBER TWO**<br><br>Re: ECF Nos. 213, 236 |

Two matters remain for decision before the trial of this matter begins on May 7, 2019. First, at the final pretrial conference, the Court took under submission defendant Aon Hewitt Investment Consulting, Inc.'s ("Aon") Motion in Limine Number Two. ECF Nos. 213 (motion), 244 (pretrial conference transcript) at 37. Second, after the pretrial conference, plaintiff Maria Terraza filed a motion for reconsideration of that portion of the Court's summary judgment order barring Plaintiff from proceeding with her breach of fiduciary duty claims against Aon regarding the Interest Income Fund and Chesapeake Core Growth Fund. ECF No. 236. For the reasons set forth below, the Court DENIES both motions.

<u>Aon's Motion in Limine Number Two (ECF No. 213)</u>

In Aon's Motion in Limine Number Two, it asks the Court to "preclud[e] evidence and argument by Plaintiff that Aon (1) breached any duty it may or may not have owed the Plan with respect to Plan administration, including recordkeeping and participant disclosures, (2) breached its duty of loyalty, or (3) failed to comply with Plan documents." ECF No. 213 at 2. The core of Aon's motion is a request that Aon not be charged with a breach of its fiduciary duty because of any failure to advise with respect to the reasonableness of recordkeeping fees incurred by the Safeway 401(k) Plan ("Plan"). *Id.* at 2 n.1. Aon notes that its consulting agreement with

defendant Safeway, Inc., does not include any provision for the monitoring of, or advice concerning, recordkeeping fees. *Id.* at 3; ECF No. 216-4 (Master Consulting Agreement).

Plaintiff acknowledges that Aon had no contractual duty to monitor the reasonableness of the Plan's recordkeeping fees. And Plaintiff's counsel conceded at the pretrial conference that "it is not the case that if you're a fiduciary for one purpose, you're a fiduciary for all purposes." ECF No. 244 at 21. Nonetheless, the Court will deny the motion. Because recordkeeping fees were a component of the costs associated with the assets offered to the Plan (and considered by Aon), the Court cannot exclude the possibility that such fees had an effect on the returns realized by the Plan. If they had no effect, then the Court will rule in Aon's favor on this issue at trial. But the matter cannot be resolved in limine. Accordingly, this motion is denied.

Plaintiff's Motion for Reconsideration (ECF No. 236)

Terraza asks the Court to reconsider its prior ruling granting summary judgment to Aon regarding the Plan's holdings in the Interest Income Fund and the Chesapeake Core Growth Fund. ECF No. 236. In the alternative, Terraza asks the Court to allow her to amend the SAC to add claims concerning these funds. *Id.*

A party bringing a motion for reconsideration must demonstrate diligence and at least one of the following:

> 1. That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> 2. The emergence of new material facts or a change of law occurring after the time of such order; or
>
> 3. A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).[1] Terraza's motion demonstrates none of these.

---

[1] Reconsideration is also appropriate if "if the district court . . . committed clear error or the initial decision was manifestly unjust." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d

Terraza makes two arguments in support of reconsideration.  First, she argues that her second amended complaint ("SAC") adequately put Aon on notice that the Interest Income Fund and Chesapeake Core Growth Fund were two bases for Plaintiff's breach of fiduciary duty claims.  The Court previously rejected this argument in its order granting Aon's motion for summary judgment.  ECF No. 224 at 4-5.  "Reconsideration [is not] to be used to ask the Court to rethink what it has already thought."  *Gray v. Golden Gate Nat'l Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) (citations omitted).

Second, she argues that even if these claims were not adequately pled in the SAC, Aon was on notice that the Interest Income Fund and Chesapeake Core Growth Fund were at issue because they produced discovery as to those funds and defended the issues related to those funds on the merits, and Aon would not be prejudiced by Terraza's challenging those funds at trial.  ECF No. 236 at 6-8.  Because Terraza did not make this argument in opposition to the motion for summary judgment, the Court declines to consider it here.  A motion for reconsideration "may not be used to present new arguments or evidence that could have been raised earlier."  *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1180 (D. Or. 2008) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

In the alternative, Terraza asks for leave to amend the SAC to add claims concerning these funds pursuant to Rule 15(b)(2) of the Federal Rules of Civil Procedure.  That rule provides:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings.  A party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.

Fed. R. Civ. P. 15(b)(2).  Here, there has been no express consent, because Aon actively opposes the amendment.  Nor is there implied consent.  When a party has objected to the introduction of evidence on a new issue, as Aon has here, "the opposing party cannot . . . seek to amend the pleadings to conform to the evidence on the ground that the party impliedly consented to the trial of that issue."  6A Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, *Federal Practice &*

1255, 1263 (9th Cir. 1993).  That standard is not satisfied here.

*Procedure* § 1493 (3d ed. 1998); *see also Eller v. Trans Union, LLC*, 739 F.3d 467, 480 (10th Cir. 2013) (implied consent "plainly" not shown when defendant "consistently objected to [plaintiff's] attempts to discuss" disputed issue at trial); *Fanning v. Potter*, 614 F.3d 845, 851 (8th Cir. 2010) (implied consent not shown when defendant addressed plaintiff's claim "only to argue that she had *withdrawn* that claim by failing to plead it, and to request that if the district court permitted her to amend her complaint to include this claim, then the [defendant] should be allowed to submit supplemental briefing"). Thus, Rule 15(b)(2) does not apply.

Plaintiff's motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: May 1, 2019

_____
JON S. TIGAR
United States District Judge