Chiharu Sekino (SBN 306589)
Jaclyn Reinhart (SBN 317622)
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
1230 Columbia St., Ste. 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: csekino@sfmslaw.com
        jreinhart@sfmslaw.com

*Attorneys for Plaintiff, the Plan,
and the Class*

[Additional Counsel Listed On Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| MARIA KARLA TERRAZA, individually and on behalf of the SAFEWAY 401(k) Plan,<br><br>    Plaintiff,<br><br>  vs.<br><br>SAFEWAY INC., et al.,<br><br>    Defendants. | Related Cases:<br>No. 3:16-cv-03994-JST<br><br>**PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: October 30, 2019<br>Time: 2:00 p.m.<br>Judge: Hon. Jon Tigar |

**TO:   THE ABOVE-CAPTIONED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Maria Karla Terraza ("Terraza") and Class Representative Denis M. Lorenz ("Lorenz") (who also is the Plaintiff in the related action, *Lorenz v. Safeway Inc.*, *et al*, No. 3:16-cv-04903-JST (the "*Lorenz* Action") [collectively, with this Action, the "Actions"]) (Terraza and Lorenz hereafter referred to as "Plaintiffs"), individually and on behalf of the Safeway 401(k) Plan ("Plan"), hereby move the Court to grant Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). Defendants, Safeway Inc. ("Safeway"), Benefit Plans Committee Safeway Inc. n/k/a Albertsons Companies Retirement Benefits Plans Committee (the "BPC"), Peter J. Bocian, David F. Bond, Michael J. Boylan, Robert B. Dimond, Laura A. Donald, Dennis J. Dunne, Robert L. Edwards, Bradley S. Fox, Bernard L. Hardy, Russell M. Jackson, Peggy Jones, Suz-Ann Kirby, Robert Larson, Melissa C. Plaisance, Paul Rowan, Andrew Scoggin (collectively, "Safeway Defendants"), and Aon Hewitt Investment Consulting, Inc. ("Aon") (collectively, "Defendants") do not oppose this motion.  Hearing on this motion will be held on October 30, 2019, at 2:00 p.m. in the Courtroom of the Honorable Jon S. Tigar, located at the United States District Court for the Northern District of California, Oakland Division, U.S. Courthouse, Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612.

Plaintiffs bring this Motion pursuant to Federal Rule of Civil Procedure 23(e) and seek an Order granting their Unopposed Motion for Preliminary Approval of Class Action Settlement.

The Motion is based on this Notice of Motion and Motion; the below Memorandum of Points and Authorities; the Declaration of Chiharu G. Sekino ("Sekino Decl.") and supporting exhibits; the pleadings, records, and papers on file in this action; and all other matter properly before this Court.

Plaintiffs move the Court to enter an Order that:

- Grants class certification of the following proposed settlement class under Rule 23(b)(1):

  All current and former participants and beneficiaries of the Plan at any time

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

i

on or after July 14, 2010 through and including July 28, 2016, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any alternate payees, in the case of a person subject to a qualified domestic relations order ("QDRO") who was a participant in the Plan at any time during the Class Period.

The Class shall exclude all Defendants.

- Preliminarily approves the proposed settlement as fair, reasonable and adequate;

- Directs Notice to be disseminated to Settlement Class Members in the form and manner proposed by the parties as set forth in the Settlement Agreement and Exhibits thereto;

- Appoints Strategic Claims Services to serve as the Settlement Administrator; and

- Sets deadlines for Class Notice to be sent, objection deadlines, and a hearing date and schedule for final approval of the Settlement and consideration of Class Counsel's fee application.

Dated: September 13, 2019

/s/ Chiharu Sekino
Chiharu Sekino
Jaclyn Reinhart
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
1230 Columbia St., Ste 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: csekino@sfmslaw.com
        jreinhart@sfmslaw.com

James E. Miller
Laurie Rubinow
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jmiller@sfmslaw.com
        lrubinow@sfmslaw.com

Ronald S. Kravitz
Kolin C. Tang
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
201 Filbert Street | Suite 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
Email: rkravitz@sfmslaw.com

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

ii

ktang@sfmslaw.com

James C. Shah
Michael P. Ols
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com
        mols@sfmslaw.com

Monique Olivier
Katharine Chao
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street | Suite 201
San Francisco, CA 94133
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
Email: monique@osclegal.com
        kathy@osclegal.com

Sahag Majarian
LAW OFFICES OF SAHAG MAJARIAN
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

*Attorneys for Plaintiff, the Plan, and the Class*

## <u>TABLE OF CONTENTS</u>

**MEMORANDUM OF POINTS AND AUTHORITIES** ....................................................1

   **I. INTRODUCTION AND PROCEDURAL HISTORY** ....................................1

   **II. THE PROPOSED SETTLEMENT** ...............................................................2

      **A. Class Definition** ...............................................................................2

      **B. Released Claims** ...............................................................................2

      **C. Class Relief** .....................................................................................3

         **1. Settlement Fund** .....................................................................3

         **2. Distribution of Settlement Funds to Class Members** ...........3

         **3. Payment of Case Contribution Awards to Terraza and Lorenz** ...............4

         **4. Payment of Attorneys' Fees, Costs, and Expenses** ...............4

         **5. Any Uncashed Checks Will Be Distributed to the Settlement Fund** ..........5

      **D. Approval Of Settlement Terms By Independent Fiduciary** ...............5

      **E. Settlement Administration** ..............................................................5

      **F. Dissemination Of Notice To The Class** ...........................................6

      **G. Opportunity to Object** ...................................................................7

      **H. The Court Retains Jurisdiction** .....................................................7

**LEGAL ARGUMENT** ...........................................................................................7

   **III. THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23** .........................................................................7

      **A. The Settlement Class Is Sufficiently Numerous** ..............................8

      **B. There are Common Questions of Law and Fact** ..............................9

      **C. The Representative Plaintiffs' Claims Are Typical** ........................10

      **D. The Representative Plaintiffs Have Fairly And Adequately Protected The Interests Of The Settlement Class** ................................11

      **E. The Proposed Class Satisfies Rule 23(b)(1)'s Requirements** ........11

   **IV. THE SETTLEMENT SATISFIES THE CRITERIA FOR PRELIMINARY APPROVAL** .....................................................13

      **A. Adequate Representation by Class Representative and Class Counsel** ......17

      **B. Arm's-Length Negotiations** ...........................................................17

      **C. Adequate Relief for the Class** ........................................................18

      **D. *Churchill* Factors and Fear of Collusion** .......................................22

         **1. Strength of Plaintiffs' Case** ....................................................22

         **2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation** ...........23

         **3. The Settlement Amount** ..........................................................24

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

CASE NO: 3:16-CV-03994 JST

4. The Extent of Discovery Completed And Stage Of The Proceedings......25

5. The Experience And Views Of Counsel........................................................26

6. The Clearly Non-Collusive Nature Of The Settlement ..............................26

V. THIS COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS COUNSEL...............................................................................................................27

VI. THE COURT SHOULD APPROVE THE PROPOSED NOTICE.........................28

A.    The Proposed Methods For Providing Notice Meet The Requirements For Approval.......................................................................................................29

B.    The Proposed Content Of The Notice Meets The Requirements For Approval.......................................................................................................29

CONCLUSION ...........................................................................................................31

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

v

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *9 (N.D. Cal. May 4, 2018) ...........................26

*Alaniz v. California Processors, Inc.*, 73 F.R.D. 269 (N.D. Cal. 1976).........................................17

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)...................................................................8

*Bayat v. Bank of the West*, 2015 WL 17443542, at *7 (N.D. Cal. Apr. 15, 2015)......................27

*Betancourt v. Advantage Human Resourcing, Inc.*, No. 14-cv-01788-JST, 2016 WL 344532 (N.D. Cal. Jan. 28, 2016)............................................................................................................23

*Bower v. Cycle Gear, Inc.*, No. 14-cv-02712-HSG, 2016 WL 4439875, at *5 (N.D. Cal. Aug. 23, 2016)  26

*Brown v. Brewer*, CV 06-3731-GHK (SHx), 2012 WL 12882380 (C.D. Cal. Jan. 18, 2012)......20

*Butler v. Home Depot, Inc.*, No. C-94-4335 SI, 1996 WL 421436, at *3 (N.D. Cal. Jan. 25, 1996) .....................................................................................................................................................11

*Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-cv-01109-JST, 2019 WL 1369929 (N.D. Cal. Mar. 26, 2019) .........................................................................................................................25

*Chao v. Aurora Loan Servs., LLC*, 2014 WL 4421308 (N.D. Cal. Sept. 5, 2014).......................30

*Ching v. Siemens Indus., Inc.*, 2014 WL 2926210 (N.D. Cal. June 27, 2014)............................21

*Chun-Hoon v. McKee Foods, Corp.*, 716 F. Supp. 2d 848 (N.D. Cal. 2010) ..............................26

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ....................................14, 16, 30

*Cryer v. Franklin Templeton Ress., Inc.*, No. C 16-4265 CW, 2017 WL 4023149 (N.D. Cal. July 26, 2017)..............................................................................................................................9

*Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016)...25

*Edwards v. City of Long Beach*, 2011 WL 13180208 (C.D. Cal. Oct. 31, 2011) ........................25

*Gaudin v. Saxon Mortg. Servs., LLC,* No. 11-cv-01663-JST, 2015 WL 7454183 (N.D. Cal. Nov. 23, 2015)...........................................................................................................................25

*Glass v. UBS Fin. Serv., Inc.*, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007)................................22

*Grannan v. Alliant Law Grp., P.C.*, No. C10-02803 HRL, 2012 WL 216522 (N.D. Cal. Jan. 24, 2019)...........................................................................................................................36

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1995) ......................................................10

*Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011)...........................................................................................................................26

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

vi

*In re Activision Sec. Litig.*, 723 F.Supp. 1373 (N.D. Cal. 1989).................................................22

*In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ...........................................16, 27

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 17-MD-02777- EMC, 2019 WL 536661 (N.D. Cal. Feb. 11, 2019).....................................................16

*In re Diasonics Securities Litig.*, 599 F.Supp. 447 (N.D. Cal. 1984)..........................................9

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486, 2013 WL 12333442 (N.D. Cal. Jan. 8, 2013).........................................................................................9

*In re Elec. Data Sys. Corp. ERISA Litig.,* 224 F.R.D. 613 (E.D.Tex. 2004)...............................12

*In re Giant Interactive Grp., Inc. Sec. Litig.*, No. 07 Civ. 10588 (PAE), 2011 WL 5244707 (S.D.N.Y. Nov. 2, 2011)...........................................................................................................20

*In re Global Crossing Sec. & ERISA Litig.,* 225 F.R.D. 436 (S.D.N.Y. 2004)..........................12

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995) ...............14

*In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2019 WL 1411510 (N.D. Cal. Mar. 28, 2019) ........................................................................................................................16

*In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213 MMM (JCx), 2011 WL 3505264 (C.D. Cal. Mar. 29, 2011)...................................................................................10, 11

*In re NVIDIA Corp. Derivative Litig.*, No. C-06-06110-SBA (JCS), 2008 WL 5382544 (N.D. Cal. Dec. 22, 2008)...................................................................................................................14

*In re Omnivision Techs., Inc.*, 559 F.Supp. 2d 1036, 1045 (N.D. Cal. 2008)).................. 20, 24-26

*In re Pacific Enters. Sec. Litig.*, 47 F.3d at 379 ......................................................................22

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998).36

*In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078 (N.D. Cal. 2007) ....................................15

*In re. Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, 229 F.Supp. 3d 1052 (N.D. Cal. 2017)........................................................................................16

*Kanawi v. Bechtel Corp.*, 254 F.R.D. 102 (N.D. Cal. 2008).........................................................9

*Keele v. Wexler*, 149 F.3d 589 (9th Cir. 1998)...........................................................................10

*Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ..............................................................................................................21

*Lilly v. Jamba Juice Co.*, No. 13-cv-02998, 2015 WL 1248027 (N.D. Cal. Mar. 18, 2015)........15

*Linney v. Cellular Alaska P'Ship*, 151 F.3d 1234 (9th Cir. 1998) .............................................25

*Linney v. Cellular Alaska P'Ship*, 1997 WL 450064, * 7 (N.D. Cal. July 18, 1997) ..................22

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

*Lundell v. Dell, Inc.*, Case No. 05–3970 JWRS, 2006 WL 3507938 (N.D. Cal. Dec. 5, 2006)....31

*Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467 (E.D. Pa. 2007)..........................................12

*Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338 (9th Cir.1980)........................................30

*Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2010 WL 809579 (N.D. Cal. Mar. 5, 2010) .....9

*MWS Wire Indus., Inc. v. California Fine Wire Co.*, 797 F.2d 799 (9th Cir. 1986) ...................14

*Narouz v. Charter Commc'ns, LLC*, 591 F.3d 126 (9th Cir. 2010)...........................................14

*Nat'l Rural Telecomm. Corp. v. Directv, Inc.*, 221 F.RD. 523 (C.D. Cal. 2004) .........................23

*Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615 (9th Cir. 1982)..........................................................................................................................24

*Ogbuehi v. Comcast of California/Colordo/Florida/Oregon, Inc.*, 303 F.R.D. 337 (E.D. Cal. 2014)..........................................................................................................................14

*Reyes v. Bakery and Confectionary Union and Indus. Int'l. Pension Fund*, No. 14-cv-05596-JST, 2017 WL 7243239 (N.D. Cal. Jan. 23, 2017)..............................................................17

*Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2015 WL 468329 (N.D. Cal. Feb. 3, 2015)....20

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ........................................................9

*Satchell v. Fed. Express Corp.*, No 03-cv-2659-SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007)..........................................................................................................................26

*Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F.Supp.2d 561 (E.D.Pa. 2001) ...............15

*Stewart v. Abraham*, 275 F.3d 220 (3d Cir. 2001) ...........................................................9

*Stewart v. Applied Materials, Inc.*, 2017 WL 3670711 (N.D. Cal. Aug. 25, 2017)....................31

*Tibble v. Edison Intern.*, No. CV 07–5359 SVW (AGRx), 2009 WL 6764541 (C.D. Cal. June 30, 2009)...................................................................................................................9, 12

*Vandervort v. Balboa Capital Corp.*, 8 F.Supp. 3d 1200, 1210 (C.D. Cal. 2014) .......................21

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010) ..................................22

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ........................................................17

*Williams v. First Nat'l Bank*, 216 U.S. 582 (1910) ..........................................................21

*Wren v. RGIS Inventory Specialists*, C–06–05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011)..........................................................................................................................24

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

viii

**Statutes**

28 U.S.C. § 1715 ...................................................................................................................14

29 U.S.C. § 1104 .....................................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment ...................................27, 30

Manual for Complex Litigation (Fourth) § 21.61 (2004).............................................................22

Manual for Complex Litigation (Fourth) § 21.61 (4th ed. 2004)................................................22

Manual for Complex Litigation § 21.632 (4th ed. 2004) ............................................................16

Manual for Complex Litigation, Second § 30.44 (FJC 1985)......................................................23

Moore's Federal Practice - Civil § 23.102[3][a]-[c]....................................................................39

**Rules**

Fed. R. Civ. P. 23 .......................................................................................................*passim*

PLAINTIFFS'  NOTICE  OF  AND  UNOPPOSED  MOTION  FOR  PRELIMINARY  APPROVAL  OF
SETTLEMENT  AND  APPROVAL  OF  CLASS  NOTICE  AND  MEMORANDUM  OF  POINTS  AND
AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

ix

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Terraza commenced her action on July 14, 2016 against the Safeway Defendants, asserting claims for breach of fiduciary duty under Section 404 of the Employee Retirement Income Security ("ERISA"), 29 U.S.C. § 1104.  On August 25, 2016, Lorenz filed his action against Safeway, the BPC, and Great-West Financial Services, LLC (d.b.a. "Empower"), similarly asserting claims for breach of fiduciary duty under ERISA.  On November 14, 2016, the *Lorenz* Action was deemed related to the *Terraza* Action.

Terraza filed an Amended Complaint on November 18, 2016 and a Second Amended Complaint on March 31, 2017, in which Terraza added Aon as a Defendant.  Lorenz filed an Amended Complaint on September 16, 2016, a Second Amended Complaint on November 21, 2016, and a Third Amended Complaint on March 31, 2017.  In connection with this Motion and accompanying papers, Terraza filed a Third Amended Complaint ("TAC"), which asserted class action allegations and named Lorenz as a Class Representative.  (Dkt. No. 258.)[1]

The Safeway Defendants and Empower filed motions to dismiss the *Lorenz* Action on December 15, 2016, and the Court granted in part and denied in part both motions to dismiss on March 13, 2017.  The Court dismissed the only claim brought against Empower, and as a result, Empower was removed as a Defendant from the *Lorenz* Action.

The Safeway Defendants likewise moved to dismiss Terraza's Amended Complaint on January 5, 2017, which the Court denied on March 13, 2017.  Thereafter, Aon filed its own motion to dismiss Terraza's Second Amended Complaint on June 22, 2017, which the Court granted in part and denied in part on December 15, 2017.  After these initial motions, the Parties actively engaged in discovery, exchanged documents, and over twenty (20) witnesses were deposed.

---

[1]Lorenz falls within the scope of the class of individuals identified in Terraza's TAC.  Pursuant to the Settlement Agreement attached as Exhibit "1" to the Sekino Decl., Defendants stipulated to the filing of Terraza's TAC for settlement purposes only.  As discussed below, treating the related Actions as a single class action for Settlement purposes only will provide valuable benefits to the Class Members and allow for independent and efficient administration of the Settlement.

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

1

On July 6, 2018, the Safeway Defendants filed motions for summary judgment in both Actions, and Plaintiffs filed partial motions for summary judgment with regard to liability in both Actions.  Additionally, the Parties engaged in an initial mediation session with well-respected neutral, Robert A. Myer of JAMS (the "Mediator"), on August 2, 2018.

As the parties approached the trial date, the Court denied Plaintiffs' partial motions for summary judgment on March 22, 2019.  Thereafter, the Court granted in part and denied in part the Safeway Defendants' motions for summary judgment in both Actions on April 12, 2019. The Court granted in part and denied in part Aon's motion for summary judgment in the *Terraza* Action on April 16, 2019.

As the Parties continued to prepare for trial, Plaintiffs and Defendants engaged in pre-trial motion practice, jointly drafted and submitted a Pre-Trial Order, and drafted proposed findings of fact and conclusions of law. The Parties again mediated the case with the Mediator on April 18, 2019.  After the second session before the Mediator, the Parties ultimately were able to reach a complete resolution of both Actions with the assistance and based upon the recommendations of the Mediator.

## II.     THE PROPOSED SETTLEMENT[2]

### A.     Class Definition

The Settlement Class is defined as:

> All current and former participants and beneficiaries of the Plan at any time on or after July 14, 2010 through and including July 28, 2016, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any alternate payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period.

The Class excludes all Defendants.

### B.     Released Claims

If the Court grants Final Approval of the Settlement Agreement, the Settlement Class will be deemed to have released Defendants from all claims as described in Section 1.41 of the

---

[2]To the extent any capitalized terms in this Motion are not defined herein, these terms will have the meaning ascribed to them in the Settlement Agreement.

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

2

Settlement Agreement; this Section 1.41 of the Settlement Agreement is incorporated herein by reference. (*See* Sekino Decl. ¶ 2, at Exhibit 1, Section 1.41).[3]

    **C.**    **Class Relief**

        1.   <u>Settlement Fund</u>

Defendants have agreed to pay a Settlement Amount of $8,500,000 ($8,000,000 of which the Safeway Defendants will cause to be paid to a Settlement Fund and $500,000 of which Aon will cause to be paid to the Fund) to resolve Plaintiffs' claims.  The Settlement Fund will be used to pay the following amounts associated with the Settlement: (1) compensation to current and authorized former participants of the Plan as described in Section 3.2 of the Settlement Agreement; (2) all claims for attorneys' fees and expenses approved by the Court; (3) all costs arising from evaluation of the settlement by the Independent Fiduciary as described in Section 2.7 of the Settlement Agreement; (4) all costs necessary to administer the Settlement, including payment for the services of the Settlement Administrator; (5) all taxes and tax-related costs; and (6) payment of Case Contribution Awards to Terraza and Lorenz not to exceed $10,000 each, subject to Court approval.  (*See* Sekino Decl ¶ 2, at Exhibit 1, Section 3.1(j)).

        2.   <u>Distribution of Settlement Funds to Class Members</u>

The amount paid to each Class Member will be determined by the proposed Plan of Allocation that is based on the average size of each Class Member's account during the relevant period (*See* Sekino Decl. ¶ 2, at Exhibit 1-C). Participants, and Beneficiaries and Alternate Payees with Active Accounts, do not need to do anything affirmative to receive payment under the Settlement, as their accounts will automatically be credited the amount due to them under the Settlement.  As for Authorized Former Participants, and Beneficiaries and Alternate Payees who no longer have Active Accounts, these individuals need only submit a Former Participant Claim

---

[3]In recognition of the fact that this case was actively and extensively litigated with fulsome discovery regarding Defendants' acts, conduct and omissions with respect to the Plan, the claims released as part of the Settlement as set forth in Section 1.41 of the Settlement Agreement are, in essence, any actual or potential claims that were or could have been asserted in the Actions related to the conduct alleged in the complaints, as well as the conduct of the Independent Fiduciary in reviewing the Settlement.

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

Form to be eligible for payment under the Settlement, which, at their election, will be made either by check or rollover to an individual retirement account or other eligible employer plan. (Sekino Decl. ¶ 3, at Exhibit 2).

### 3.   Payment of Case Contribution Awards to Terraza and Lorenz

At Final Approval, Plaintiffs will ask the Court to approve Case Contribution Awards of up to $10,000 to be paid out of the Settlement Fund to compensate Plaintiffs Terraza and Lorenz for their time and effort serving as class representatives, subject to the approval of the Court. Plaintiffs have actively participated in the litigation and assisted Class Counsel in drafting the respective complaints and other documents, consulted with Class Counsel as needed, answered discovery requests for information, participated in settlement discussions (with Plaintiff Terraza attending a full day mediation session) and both Plaintiffs were deposed by Defendants. (Sekino Decl. ¶ 9). Plaintiffs believe that they should be compensated for their work done in support of the litigation and for assisting Class Counsel in achieving a strong settlement on behalf of the Class.

### 4.   Payment of Attorneys' Fees, Costs, and Expenses

At Final Approval, Class Counsel will move the Court for an award of attorneys' fees of up to $2,833,050 (*i.e.*, 33.33% of the Settlement Fund),[4] and for reimbursement of expenses in an amount not to exceed $500,000, to be paid out of the Settlement Fund, subject to the approval of the Court. (Sekino Decl. ¶ 2, at Exhibit 1, Section 7.2(a)). These amounts for attorneys' fees and costs are reasonable in light of Class Counsel's lodestar (which currently exceeds the amount of attorneys' fees sought) and the amount of work required to bring this litigation to the eve of trial. (Sekino Decl. ¶ 12). Any amount of fees and expenses awarded by the Court shall be paid by the Settlement Administrator to Lead Class Counsel, who will distribute Fees and Expenses to Class Counsel. (*Id.*).

---

[4]Plaintiffs are cognizant of the benchmark usually awarded for attorneys' fees in the Ninth Circuit Court of Appeals based upon a percentage recovery, as well as the need to fully support requests for service awards to Plaintiffs, *see Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, No. 14-CV-05596-JST, 2017 WL 7243239, at *8 (N.D. Cal. Jan. 23, 2017), and will do so in connection with seeking final approval of the Settlement if the Court grants this Motion.

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

4

5.    <u>Any Uncashed Checks Will Be Distributed to the Settlement Fund</u>

After the payments have been issued to the Class members, any amount remaining in the Settlement Fund from uncashed checks after 180 days will be distributed back to the Settlement Fund to be utilized as set forth in the Plan of Allocation.  (*See* Sekino Decl. ¶¶ 2, at Exhibit 1, Section 3.2(c); at Exhibit 1-C, at Section 1.12).  There shall be no reversion to Defendants.

**D.    Approval Of Settlement Terms By Independent Fiduciary**

To further ensure that the Settlement Agreement is fair, the Parties shall agree upon and retain an Independent Fiduciary to approve and authorize the Settlement on behalf of the Plan and Class Members.  (Sekino Decl. ¶ 2, at Exhibit 1, Section 2.7).  Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review and evaluate the Settlement.  (*Id.*). Furthermore, the Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination, for the purpose of Defendants' reliance on PTE 2003-39.  (*Id.*).

**E.    Settlement Administration**

The Settlement Administrator, whom Lead Class Counsel selected and the parties have agreed upon, shall be Strategic Claims Services ("SCS"), a settlement administrator with over twenty (20) years of experience administering class action settlements, which has successfully administered a number of complex ERISA class action settlements in an efficient and effective manner.  (Sekino Decl. ¶ 6).  Lead Counsel considered two other Settlement Administrators before recommending that the parties utilize the services of Strategic Claims Services.  (*Id.*) Lead Class Counsel has worked with SCS on one other case in the past two years but also has worked with SCS, like a number of other settlement administrators throughout the United States, on a number of other ERISA, securities and other class action cases over the past ten years.  (*Id.*) Based upon Lead Class Counsel's experience working with SCS in a similar case, Lead Class

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

5

Counsel is confident that SCS will perform its work in an efficient and cost-effective manner, while ensuring a high claims rate among Class Members.  (Sekino Decl. ¶ 6, at Exhibit 3).  The Settlement Administrator shall administer the Settlement subject to the supervision by Class Counsel, Defendants' Counsel, and the Court as circumstances may require.  (Sekino Decl. ¶ 8).

The Settlement Administrator will be responsible for providing Notice to the Class as described below and for maintaining the Settlement Website providing information regarding the Settlement as well as a toll-free telephone number via which Class Members can direct questions about the Settlement.  (Sekino Decl. ¶ 2, at Exhibit 1, Section 2.6).  Additionally, the Settlement Administrator shall comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, and file a notice with the Court confirming compliance at least 30 days prior to the Final Approval Hearing.  (*Id.*, at Section 2.8).

The Settlement Administrator shall provide a full accounting of expenditures made in connection with the Settlement at least monthly, and it shall provide any and all information as may be reasonably requested by the Parties or their counsel.  (*Id.*, at Section 4.4).  A complete list of the various duties of the Settlement Administrator are fully detailed in the Settlement Agreement.

## F.    Dissemination Of Notice To The Class

Within forty-five (45) days of the entry of the Preliminary Approval Order, or as may be determined by the Court, the Settlement Administrator shall provide Notice of the Settlement to Class Members by electronic mail (if available) or first-class mail.  (Sekino Decl. ¶ 2, at Exhibit 1, Section 2.6; Sekino Decl. ¶¶ 2, at 1-B-1).  Safeway shall use all reasonable efforts to provide necessary information to the Settlement Administrator so that it may effectuate Notice, implement the Plan of Allocation, and distribute the Settlement Funds.  (Sekino Decl. ¶ 2, Exhibit 1, at Section 4.1).  The Settlement Administrator shall update mailing addresses through the National Change of Address database before mailing (with all returned mail skip-traced and promptly re-mailed).  (*Id.*, at Section 2.6).  The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Notice is returned and re-mail such Notice

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

6

one additional time if an updated location is identified.  (*Id.*).  In addition, within forty-five (45) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall provide publication Notice to Class Members via a press release through the PR Newswire, which provides the general details of the Settlement Agreement and directs Class Members to the Settlement Website.  (*Id.*, at Section 2.6(b); and Sekino Decl. ¶ 2, Exhibit 1-B-2).  The Settlement Administrator also shall establish a toll-free telephone number to which Class Members can direct questions about the Settlement.  (Sekino Decl. ¶ 2, at Exhibit 1, Section 2.6(b)).

### G.   Opportunity to Object

Class Members shall be permitted to object to the Settlement.  The Class Notice shall provide instructions and requirements for Class Members to object to the Settlement.  (*Id.*, at Section 2.5; Sekino Decl. ¶ 2, at Exhibits 1-B-1).  Any Class Member shall be permitted to file written objections and any supporting papers up to 28 days prior to the Final Approval hearing, which will be held no earlier than 110 days after the entry of the Preliminary Approval Order.  (*Id.*).

### H.   The Court Retains Jurisdiction

Pursuant to Section 10.12 of the Settlement Agreement, the Court shall retain jurisdiction as to all matters relating to administration, enforcement, and interpretation of the Settlement Agreement after the Effective Date.

## LEGAL ARGUMENT

## III.   THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23

This Court should preliminarily certify the proposed Settlement Class for the purpose of settlement because it meets all applicable requirements of Federal Rule of Civil Procedure 23(a), and (b)(1).  Under Fed. R. Civ. P. 23(e), "claims, issues, or defenses of . . . a class proposed to be certified for purposes of settlement . . . may be settled . . . only with the court's approval."  *Id.*  Court approval of class action settlements occurs in three steps: (1) preliminary approval of the proposed settlement, including (if the class has not already been certified) conditional

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

7

certification of the class for settlement purposes; (2) notice to the class providing them an opportunity to object or exclude themselves from the settlement; and (3) a final fairness hearing concerning the fairness, adequacy, and reasonableness of the settlement. *See* Fed. R. Civ. P. 23(e); Manual for Complex Litigation § 21.632 (4th ed. 2004).

This Court should preliminarily certify the proposed Settlement Class because it meets all applicable requirements of Federal Rule of Civil Procedure 23(a) and (b)(1).  Certification of a settlement class is appropriate where the four prerequisites of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – are satisfied.  *See* Fed. R. Civ. P. 23(e).   In addition, a settlement class must satisfy one of the three subsections of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.  But other specifications of the rule . . . demand undiluted . . . attention in the settlement context."). In order to earn court approval to send notice to the class, the parties must provide "sufficient" information for the court to determine that it will "likely" be able to (1) certify the class for purposes of judgment, and (2) approve the settlement.  Fed. R. Civ. P. 23(e)(1)(B).  In other words, when a court is presented with a motion for preliminary approval of a class action settlement, it must first evaluate whether certification of a settlement class is appropriate under Federal Rules of Civil Procedure 23(a) and (b), and then determine whether the settlement is fundamentally fair, adequate, and reasonable.  *See In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 17-MD-02777- EMC, 2019 WL 536661, at *5 (N.D. Cal. Feb. 11, 2019).

### A.      The Settlement Class Is Sufficiently Numerous

The proposed Settlement Class satisfies Rule 23(a)'s numerosity requirement. "[G]enerally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."  *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2010 WL 809579, at *10 (N.D. Cal. Mar. 5, 2010) (citing *Stewart v. Abraham*, 275 F.3d 220,

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

8

227 (3d Cir. 2001)).  Here, there are over 35,000 Class Members (Sekino Decl. ¶ 6).  Thus, the numerosity requirement is easily satisfied.  *In re Diasonics Securities Litig.*, 599 F.Supp. 447, 451 (N.D. Cal. 1984) (finding that numerosity is established where there are potentially hundreds of class members).

### B.    There are Common Questions of Law and Fact

The proposed Settlement Class also satisfies Rule 23(a)'s commonality requirement for settlement purposes.  "[A] finding of commonality does not require that all class members share identical claims."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486, 2013 WL 12333442, at *45 (N.D. Cal. Jan. 8, 2013) (citation and quotation marks omitted).  "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class."  *Rodriguez v. Hayes*, 591 F.3d 1105, 1112 (9th Cir. 2010).

Here, several common questions of fact and law exist that pertain to the central issue in this matter – whether Defendants breached their ERISA fiduciary duties in connection with the oversight of the Plan's investments.  Courts in this Circuit routinely hold that the commonality element is satisfied in ERISA and similar cases.  *See Cryer v. Franklin Templeton Ress., Inc.*, No. C 16-4265 CW, 2017 WL 4023149, at *5 (N.D. Cal. July 26, 2017) (citing *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 109 (N.D. Cal. 2008) (finding that "[t]he common focus will be 'on the conduct of Defendants: whether they breached their fiduciary duties to the Plan as a whole by paying excessive fees, whether they made imprudent investment decisions'"); *see also Tibble v. Edison Intern.*, No. CV 07–5359 SVW (AGRx), 2009 WL 6764541, at *3-*4 (C.D. Cal. June 30, 2009) (finding commonality satisfied where common issues included, *inter alia,* "[w]hether Defendants breached the terms of the Plan documents by offsetting the costs of the recordkeeping and trustee services with certain fees and interest earned on Plan assets" and

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

9

"[w]hether Defendants chose certain investment options in order to maximize the amount of recordkeeping offsets that Defendants could obtain from the mutual funds, rather than to maximize the return to the Plan participants"); *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213 MMM (JCx), 2011 WL 3505264, at *8-*9 (C.D. Cal. Mar. 29, 2011) (collecting cases).

Plaintiffs have asserted breach of fiduciary duty claims and, therefore, the common questions are as follows: (a) whether Defendants breached their fiduciary duties by failing to appropriately monitor the investments offered within the Plan in terms of their performance and expenses; (b) whether Defendants breached their fiduciary duties under ERISA by failing to defray the reasonable expenses of administering the Plan; and (c) whether and what form of relief should be afforded to Plaintiffs and the Class. (*See* Dkt. No. 258). Thus, the proposed Settlement Class satisfies the commonality requirement.

## C.    The Representative Plaintiffs' Claims Are Typical

"The purpose of [Rule 23(a)(3)'s] typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1995). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (9th Cir. 1998). Here, Plaintiffs' claims are typical of all other Class Members in that Plaintiffs were participants in the same Plan as all other Class Members and allege that Defendants engaged in ERISA violations in the same manner with respect to the Plan and all of its participants (*i.e.*, Plaintiffs and the Settlement Class). Plaintiffs assert the same legal claims on behalf of themselves and the proposed Settlement Class; namely, that they sustained damages as a result of Defendants' common course of conduct. These similarities satisfy Rule 23(a)'s typicality

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

10

requirements.  *See In re Northrop Grumman Corp. ERISA Litig.*, 2011 WL 3505264, at *10

(noting that courts have usually found typicality satisfied "in defined contribution cases despite

the fact that participants have individual accounts and select their investment fund from a variety

of available options") (internal citations omitted) (collecting cases holding the same).

> **D.     The Representative Plaintiffs Have Fairly And Adequately Protected The Interests Of The Settlement Class**

A representative plaintiff must "fairly and adequately protect the interests of the class."

Fed. R. Civ. P. 23(a)(4).  The adequacy prong is satisfied when "the representative party's

attorney [is] qualified, experienced and generally able to conduct the litigation; and [] the suit [is]

not collusive and that the representative plaintiffs' interests [are] not antagonistic to those of the

remainder of the class."  *Butler v. Home Depot, Inc.*, No. C-94-4335 SI, 1996 WL 421436, at *3

(N.D. Cal. Jan. 25, 1996).

Here, the Plaintiffs and the Class they seek to represent share common interests with

respect to seeking compensation for the alleged breaches of fiduciary duty.  In addition, Plaintiffs

have no interests that are antagonistic to the Class.  Plaintiffs have actively participated in the

litigation and were both deposed in the Actions.  (Sekino Decl. ¶ 9.)  Further, Class Counsel are

experienced in class action litigation, including in ERISA class actions, are familiar with the

legal and factual issues involved, and are highly qualified.  (Sekino Decl. ¶ 10, Exhibit 4.)  Thus,

the adequacy requirement is satisfied.

> **E.     The Proposed Class Satisfies Rule 23(b)(1)'s Requirements**

The proposed Settlement Class also satisfies Rule 23(b)(1)'s requirements for settlement

purposes.  "[A] class action can be maintained if prosecuting separate actions by individual class

members would create a risk of either (A) inconsistent and varying adjudications with respect to

individual class members that would establish incompatible standards of conduct for the party

opposing the class; or (B) adjudications with respect to individual class members that, as a

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

11

practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." *Tibble*, 2009 WL 6764541, at *2.  "Courts have noted that 'ERISA [fiduciary litigation] . . . presents a paradigmatic example of a (b)(1) class.'"  *Id*. at *7 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D. N.Y. 2004); *see also In re Elec. Data Sys. Corp. ERISA Litig.*, 224 F.R.D. 613, 628 (E.D.Tex. 2004) ("[c]laims brought under ERISA section 502(a)(2) are typically certified under Rule 23(b)(1) or (2)"); *Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 476 (E.D. Pa. 2007) ("Because Plaintiffs are alleging a breach of fiduciary duty, any finding as to Defendants' alleged breach in an individual suit will affect the interests of Plan participants not parties to the suit.").  Thus, it is clear that the proposed Settlement Class meets the requirements of Fed.R.Civ.P. 23(b)(1), given the nature of this case and the relief sought on behalf of the Class.

This District's Procedural Guidance also requires an explanation of any differences between the settlement class and the class proposed in the operative complaint and an explanation as to why the differences are appropriate in the instant case.  Here, there were no class claims asserted in the original and amended complaints in this case, but the Third Amended Complaint in the *Terraza* Action identifies Lorenz as a Class Representative and Lorenz is included within the scope of Class Members.  (*See* Dkt. No. 258.)  Defendants stipulated to Terraza filing her TAC for settlement purposes only.  Pursuant to the Settlement Agreement, to which Lorenz – through his counsel – is a signatory, Lorenz will not pursue the *Lorenz* Action further pending Final Approval of the Settlement. (Sekino Decl. ¶ 2, Exhibit 1.)  Following Final Approval by the Court, Lorenz will dismiss the *Lorenz* Action, in its entirety with prejudice, on or before the Effective Date.  *Id.*

Plaintiffs and Defendants have agreed to treat this case as a class action for Settlement

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

12

1  purposes as doing so will provide important benefits in terms of, *inter alia*, settlement

2  administration.  (Sekino Decl. ¶ 4.)  First, Class Members, consisting of Participants, Authorized

3  Former Participants, Beneficiaries, and Alternate Payees, will receive the protections inherent in

4  a class action and the benefit of this Court's review and approval of the Settlement.  (*Id.*)

5  Second, a Class Settlement will ensure that Class Members receive adequate notice regarding the

6  Settlement, the claims they are releasing, and how they may object to a settlement.  (Sekino

7  Decl. ¶ 2, at Exhibit 1, Section 2.6).  Third, treatment of this case as a class action for settlement

8  purposes provides a means for reliable administration of all Settlement details by Strategic

9  Claims Services, the neutral Settlement Administrator, and review by an Independent Fiduciary.

10  (Sekino Decl. ¶ 2, at Exhibit 1, Section 2.7).  Fourth, although the claims in this class were only

11  asserted on behalf of the Plan under ERISA § 502(a)(2), the effect of certifying the Class as

12  defined in the Third Amended Complaint accomplishes the same object as sought throughout the

13  litigation – a recovery on behalf of the Class Members.  (Sekino Decl. ¶ 4.)  Thus, certifying a

14  Class for settlement purposes only serves the interests of Participants, Authorized Former

15  Participants, Beneficiaries, and Alternate Payees, and is entirely consistent with the Plan-wide

16  relief sought in the Actions throughout the litigation.

17
18

19  **IV.     THE SETTLEMENT SATISFIES THE CRITERIA FOR PRELIMINARY
           APPROVAL**

20

21         Plaintiffs respectfully request that this Court preliminarily approve the Settlement

22  Agreement with Defendants, appoint Plaintiffs' counsel as Class Counsel, and authorize the

23  issuance of Notice to Settlement Class Members.

24         Settlement spares litigants the uncertainty, delay and expense of a trial, and reduces the

25  burden on judicial resources.  As a result, "[c]ompromises of disputed claims are favored by the

26  courts."  *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910).  "There is a strong policy

27  favoring compromises that resolve litigation, and case law in the Ninth Circuit reflects that

28

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

strong policy." *In re NVIDIA Corp. Derivative Litig.*, No. C-06-06110-SBA (JCS), 2008 WL 5382544, at * 2 (N.D. Cal. Dec. 22, 2008) (referencing *MWS Wire Indus., Inc. v. California Fine Wire Co.,* 797 F.2d 799, 802 (9th Cir. 1986) ("There is an overriding public interest in settling and quieting litigation."); *see also Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004) (noting that there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned").  Settlements are favored "particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."  *Id.* (citing *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995)).

"Review of a proposed class action settlement generally involves two hearings." *Ogbuehi v. Comcast of California/Colordo/Florida/Oregon, Inc.*, 303 F.R.D. 337, 344 (E.D. Cal. 2014) (citing Manual for Complex Litigation (Fourth) § 21.61 (4th ed. 2004)).  First, parties submit the terms of the settlement to the court and "[t]he judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and the date of the final fairness hearing."  Manual for Complex Litigation (Fourth) § 21.61 (2004).  After the preliminary approval and notice to the Class, the Court shall conduct a final approval hearing regarding the proposd settlement.  *Id.*; *See also Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1267 (9th Cir. 2010).

At the preliminary approval stage, the Court needs to ensure that the proposed settlement appears to be reasonable and within the range of what is fair.  *See Lilly v. Jamba Juice Co.*, No. 13-cv-02998, 2015 WL 1248027, at *6 (N.D. Cal. Mar. 18, 2015) (finding at preliminary approval that a Court must "determine whether the settlement falls 'within the range of possible approval'") (citing *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1080 (N.D. Cal. 2007)

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

14

(quoting *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F.Supp.2d 561, 570 (E.D.Pa.

2001)))   "Preliminary approval of a settlement is appropriate if 'the proposed settlement

appears to be the product of serious, informed, non-collusive negotiations, has no obvious

deficiencies, does not improperly grant preferential treatment to class representatives or

segments of the class, and falls within the range of possible approval.'"   *Id.* (citing *In re*

*Tableware*, 484 F.Supp.2d at 1079 (quoting Manual for Complex Litigation, Second § 30.44

(FJC 1985))).

New amendments to Rule 23 took effect on December 1, 2018.  These amendments

provide further teaching on the standards that guide a court's preliminary approval analysis.[5]

Under the new Rule 23(e), in weighing a grant of preliminary approval, district courts must

determine whether "giving notice is justified by the parties' showing that the court will likely be

able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of

judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B)(i–ii).  Because Rule 23(e)(2) sets forth

the factors that a court must consider when weighing final approval, courts must assess, at the

preliminary approval stage, whether the parties have shown that the court will likely find that the

factors weigh in favor of final settlement approval.

The amended Rule 23(e)(2) requires courts to consider whether:

> (A) the class representatives and class counsel have adequately represented the
> class; (B) the proposal was negotiated at arm's length; (C) the relief provided for
> the class is adequate, taking into account: (i) the costs, risks, and delay of trial and
> appeal; (ii) the effectiveness of any proposed method of distributing relief to the
> class, including the method of processing class-member claims, if required; (iii)
> the terms of any proposed award of attorney's fees, including timing of payment;
> and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the
> proposal treats class members equitably relative to each other.

---

[5] Among other things, the new amendments set forth standards under Rule 23(e)(1)(B)(i–ii) that a
district court must ensure are met prior to a grant of preliminary approval of a proposed settlement,
and factors under Rule 23(e)(2) that a district court must now consider when evaluating whether
to grant final approval of a proposed settlement.  *See* Fed. R. Civ. P. 23(e).

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

15

Fed. R. Civ. P. 23(e)(2).  *See In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2019 WL 1411510, at *5 (N.D. Cal. Mar. 28, 2019).

Additionally, Courts in the Ninth Circuit have traditionally considered eight factors to assist in weighing final approval and determining whether a settlement is substantively fair, reasonable, and adequate.  These factors are:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).  Further, when settlements are negotiated prior to class certification, "courts must evaluate the settlement for evidence of collusion" among the negotiating parties.  *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, 229 F.Supp. 3d 1052, 1064 (N.D. Cal. 2017) (citing *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).  The discussion of the Rule 23(e) considerations will inevitably touch on several of the above-listed factors, including the risk, expense, complexity, and likely duration of further litigation.

The relevant factors and Rule 23(e)(2) weigh in favor of the Settlement proposed here. The proposed Settlement Agreement is fair, adequate, and reasonable.  Additionally, this settlement, consummated on the eve of trial, is certainly not the product of any collusion between the parties, but rather is a fair agreement between Parties who aggressively litigated this case. The Parties twice formally met before the Mediator prior to reaching an agreement, which further establishes the non-collusive nature of this Settlement.  *See Reyes v. Bakery and Confectionary Union and Indus. Int'l. Pension Fund*, No. 14-cv-05596-JST, 2017 WL 7243239, at *5 (N.D. Cal. Jan. 23, 2017) (finding settlement non-collusive when parties engaged in motion practice met before a neutral mediator).  Therefore, this Court should preliminarily approve the

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

16

Settlement and certify a Settlement Class.

### A.    Adequate Representation by Class Representative and Class Counsel

The adequacy inquiry looks to whether "the interests of the class representatives are antagonistic to those of the class and whether counsel for the named plaintiffs possess the requisite ability and expertise to conduct the litigation." *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 276 (N.D. Cal. 1976).  One of the purposes of assessing adequate representation is to "uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc.*, 521 U.S. at 625.  "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (citations and quotations omitted).  The Plaintiffs have no antagonistic interests.  Plaintiffs have participated in discovery and depositions and assisted counsel and diligently represented the Class.  (Sekino Decl. ¶ 9).  Class Counsel have investigated the action, reviewed significant discovery and conducted many depositions, worked with multiple experts, engaged in extensive motion practice including responding to Defendants' motions to dismiss and motions for summary judgment, prepared for trial, mediated, and negotiated the Settlement with both Aon and the Safeway Defendants.  (Sekino Decl. ¶ 11).  Moreover, Class Counsel are highly experienced ERISA practitioners.  (Sekino Decl. ¶ 10, Exhibit 4 [Firm Resumes]).  As such, the Court should deem the representation to be adequate at this procedural stage and the requirements of Fed. R. Civ. P. 23(e)(2)(A) as having been satisfied.

### B.    Arm's-Length Negotiations

Here, the Settlement Agreement represents the culmination of intensive arm's-length negotiations with the assistance of the Mediator, whom the Parties met with on several occasions.  (Sekino Decl. ¶ 5).  Plaintiffs were represented in the Settlement negotiations by a

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

17

team of attorneys who have had considerable experience in ERISA litigation, and who are, therefore, well-versed in the legal and factual issues.  (Sekino Decl. ¶ 10, Exhibit 4).  Defendants were similarly represented by counsel with extensive experience defending complex litigation, including ERISA class actions.  The Settlement negotiations were contested and conducted in good faith.  (Sekino Decl. ¶ 5).

The participation of a well-respected mediator in this case is strong assurance that the Settlement is the result of arm's-length negotiations.  *See Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) ("An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's length bargaining."); *see also Satchell v. Fed. Express Corp.*, No 03-cv-2659-SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Bower v. Cycle Gear, Inc.*, No. 14-cv-02712-HSG, 2016 WL 4439875, at *5 (N.D. Cal. Aug. 23, 2016) ("[T]he parties reached their settlement after two full-day mediation sessions before impartial and experienced mediators, which strongly suggests the absence of collusion or bad faith by the parties or counsel.").  Accordingly, this factor weighs in favor of granting final approval and the requirements of Fed.R.Civ.P. 23(e)(2)(B) are also satisfied.

## C.   Adequate Relief for the Class

In assessing whether the proposed Settlement provides adequate relief for the putative class under Rule 23(e)(2)(C), the Court must consider: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

18

While the Parties each believe that they would ultimately prevail, they recognize the risks associated with complex litigation. This litigation has been ongoing for over three years. It involves complex factual and legal issues under ERISA. The Parties have aggressively litigated the case through motions to dismiss and motions for summary judgment up until the eve of trial. The Parties prepared to go to trial, filing numerous motions *in limine*, a joint pre-trial order, and proposed findings of fact and conclusions of law. Plaintiffs and Defendants were fully aware of the risks of litigation and the complex issues involved, making this settlement reasonable and a fair result under the circumstances. Moreover, there was a substantial likelihood of appeal from any final judgment. A certain result for Class Members now, rather than a possibly larger, but contingent one at some indefinite time years in the future, weighs in favor of approval of the Settlement.

The next factor looks at the method of distributing relief to class members. Fed. R. Civ. P. 23(e)(2)(C)(ii). "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment. The method used in the present action is set forth primarily in the Settlement Agreement and Plan of Allocation. (Sekino Decl. ¶¶ 2, Exhibit 1-C). "Approval of a plan of allocation of settlement proceeds in a class action is governed by the same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable and adequate. It is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits." *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2015 WL 468329, at *8 (N.D. Cal. Feb. 3, 2015) (citing *In re Omnivision Techs., Inc.*, 559 F.Supp. 2d 1036, 1045 (N.D. Cal. 2008)). "As numerous courts have held, a plan of allocation need not be perfect." *Brown v. Brewer*, CV 06-3731-GHK (SHx), 2012 WL 12882380, at *1 (C.D. Cal. Jan. 18, 2012) (citing *In re Giant*

*Interactive Grp., Inc. Sec. Litig.*, No. 07 Civ. 10588 (PAE), 2011 WL 5244707, at *8 (S.D.N.Y. Nov. 2, 2011).

The proposed Plan of Allocation is straightforward and fair to all Class Members.  The Settlement Administrator will determine a "Settlement Allocation Score" for each Participant and Authorized Former Participant, and, to the extent necessary, for each Beneficiary or Alternate Payee of a Participant or Authorized Former Participant, based on their year-end account balances during the Class Period.  (Sekino Decl. ¶ 2, Exhibit 1-C, at Section 1.5).  Those balances will then be divided by the total sum of year-end account balances for all Participants and Authorized Former Participants, ensuring that the distribution to each Class Member is made in a manner proportionate to the size of their accounts.  (*Id.*).  Moreover, with respect to the manner of distribution, Participants, or Beneficiaries or Alternate Payees with Active Accounts, do not need to take any affirmative steps to receive payment under the Settlement.  (*Id.*, at Section 1.6).  Authorized Former Participants, or Beneficiaries or Alternate Payees who no longer have Active Accounts, need only send in a Former Participant Claim Form indicating whether they would prefer to receive their benefit by check or by rolling it into an existing plan to which they belong.  (*Id.*, at Section 1.7).  Moreover, should the Settlement Allocation Score of any Authorized Former Participant, or Beneficiary or Alternate Payee who no longer has an Active Account, be less than $10.00, these individuals will receive $10.00. (*Id.*)  Thus, not only is the proposed Plan of Allocation fair, Class Members will readily receive the benefits of the Settlement.

The next factor is the terms of any attorneys' fee award.  Class Counsel will seek approval from the Court of their attorneys' fees not to exceed $2,833,050 and litigation costs and expenses advanced and carried by Class Counsel during this litigation up to the amount of $500,000.  Additionally, Class Counsel will request Case Contribution Awards for Plaintiffs

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

20

1   Terraza and Lorenz, up to $10,000 each, subject to Court approval.[6]  (Sekino Decl. ¶ 2, Exhibit

2   1, at Section 7.1; *see also supra* Section II.C.3).  Class Counsel's request of a fee of up to 33% of

3   the total common fund, a percentage that falls within established Ninth Circuit precedent, is

4   reasonable in light of the facts and circumstances of the case, including, among other things, the

5   results achieved, the skill and quality of work, the contingent nature of the fee, the time and

6   expenses devoted to this engagement to achieve the result obtained and awards made in similar

7   cases.  *See, e.g.*, *Vandervort v. Balboa Capital Corp.*, 8 F.Supp. 3d 1200, 1210 (C.D. Cal. 2014)

8   (finding "33% award of fees and costs is warranted . . . given the length of the case and the

9   issues involved"); *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *8 (N.D. Cal. June 27,

10  2014) (finding "the request for attorneys' fees in the amount of 30% of the common fund falls

11  within the range of acceptable attorneys' fees in Ninth Circuit cases"); *Knight v. Red Door

12  Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) (awarding the

13  requested 30% of the common fund as fees and noting that "in most common fund cases, the

14  award exceeds [the 25%] benchmark."); *Glass v. UBS Fin. Serv., Inc.*, 2007 WL 221862, at * 4

15  (N.D. Cal. Jan. 26, 2007) (determining settlement of a wage and hour class action for 25 to 35%

16  of the claimed damages to be reasonable in light of the uncertainties involved in the litigation);

17  *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) (noting that "[t]he

18  typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total

19  settlement value, with 25% considered the benchmark"); *In re Pacific Enters. Sec. Litig.*, 47 F.3d

---

[6]This Court frequently provides for incentive awards to compensate class representatives.  *See Jarrell v. Americas Propane, Inc.*, No. 16-cv-01481-JST, 2018 WL 1640055, at *5 (N.D. Cal. Apr. 5, 2018) (providing for incentive award of $5,000); *Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2018 WL 4030558, at *8 (N.D. Cal. Aug. 23, 2018) (approving incentive award to named plaintiff of $5,000); *Smith v. American Greetings Corp.*, No. 14-cv-02577-JS, 2016 WL 2909429, at *10-*11 (N.D. Cal. May 19, 2016) (approving $5,000 incentive award).  As Plaintiffs will explain in connection with seeking final approval, they respectfully believe that their efforts in connection with this litigation justify a more fulsome service payment than might be awarded in a more typical case, since the Settlement was reached on the eve of trial when Plaintiffs were preparing to testify on behalf of the Plan.

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

at 379 (affirming fee award equal to 33% of fund); *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1375 (N.D. Cal. 1989) (affirming award of 32.8% fee); and *Linney v. Cellular Alaska P'Ship*, 1997 WL 450064, * 7 (N.D. Cal. July 18, 1997) (permitting attorneys' fees in the amount 33.3% of $6,000,000 common fund and noting that "[c]ourts in this district have consistently approved attorneys' fees which amount to approximately one-third of the relief procured for the class").

Consideration of the next Rule 23(e)(2) factor, that Class Members are treated equitably, "could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment. As set forth above, the proposed Plan of Allocation is fair and Class Members will be treated equitably as the disbursement of the Settlement Amount will be done on a pro-rata basis depending on the average amount of each Class Member's Plan account during the Relevant Period. (Sekino Decl. ¶ 2, Exhibit 1-C).

Based on the foregoing discussion, the Settlement provides adequate relief to the Settlement Class.

### D. *Churchill* Factors and Fear of Collusion

The applicable *Churchill* factors considered by Courts in this Circuit point in favor preliminary approval.[7]

---

[7]Several of the factors are not relevant to the analysis. The third factor, the risk of maintaining class action status throughout the trial, is not pertinent to the case here because this case is only a class action for purposes of administering the Settlement. However, claims for breach of fiduciary duty under ERISA are frequently certified as class actions. *See Tibble*, 2009 WL 6764541, at *2. "Courts have noted that 'ERISA [fiduciary litigation] . . . presents a paradigmatic example of a (b)(1) class." The seventh factor, the presence of a governmental participant, is not applicable here because there is no governmental entity involved with this case. Finally, the eighth factor, the reaction of the Class Members to the proposed settlement, is not relevant because the settlement has not been proposed to the members of the Class.

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

22

1     1.  Strength of Plaintiffs' Case

While Plaintiffs' claims in both Actions have survived motions to dismiss and motions

for summary judgment, there are still "barriers plaintiffs must overcome in making their case."

*McKee Foods Corp.*, 716 F. Supp. 2d at 851.  Plaintiffs believe their claims are meritorious, but

also recognize the uncertainty that comes with going to trial and that there was substantial risk of

loss on the merits.  Indeed, there was a clear risk at trial as demonstrated by the Court's summary

judgment rulings, which removed some of Plaintiffs' claims from the case.  (ECF Nos. 224,

232).  Moreover, even if the Court entered judgment in Plaintiffs' favor, it could be overturned

on appeal.  *See Betancourt v. Advantage Human Resourcing, Inc.*, No. 14-cv-01788-JST, 2016

WL 344532, at *4 (N.D. Cal. Jan. 28, 2016).  As a result, the first factor favors settlement.

     2.  The Risk, Expense, Complexity, and Likely Duration of Further Litigation

The second factor, the risk, expense, complexity, and potential for further durations

points in favor of settlement.  "[U]nless the settlement is clearly inadequate, its acceptance and

approval are preferable to lengthy and expensive litigation with uncertain results."  *Nat'l Rural*

*Telecomm. Corp. v. Directv, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004).  While the case was on

the eve of trial, there nonetheless existed the potential for further litigation including post-trial

motions and a likely appeal.  "[I]t is the very uncertainty of outcome in litigation and avoidance

of wastefulness and expensive litigation that induce consensual settlements."  *Officers for Justice*

*v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).  Even

though the Parties were prepared to go to trial, considering the reality of a likely appeal, "it could

be years before Plaintiffs see a dollar."  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1042.

*See also Wren v. RGIS Inventory Specialists*, C–06–05778 JCS, 2011 WL 1230826, at *7 (N.D.

Cal. Apr. 1, 2011) (finding that the risk, expense, complexity, and duration of further litigation

point in favor of approving a settlement even though plaintiffs' claims had survived summary

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

23

judgment).

### 3.   The Settlement Amount

The amount of the settlement is a strong achievement especially given the uncertainty of outcome at trial.  The Settlement Amount is $8,500,000 and will provide strong recompense to Class Members.  In evaluating the amount of a settlement, "the Court may compare the settlement amount to the parties' estimates of the maximum amount of damages recoverable in a successful litigation." *Betancourt*, 2016 WL 344532, at *5.  However, "'[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair.'  Plaintiffs here have agreed to accept a smaller certain award rather than seek the full recovery but risk getting nothing." *In re Omnivision Techs, Inc.*, 559 F. Supp. 2d at 1042 (citing *Officers for Justice*, 688 F.2d at 628).

Here, Terraza's expert, Martin Dirks, provided an analysis which calculated maximum damages in the amount of $51,274,294.  (ECF No. 142, Exhibit C attached thereto, at p. 10 [Dirks Report].  However, the Court's ruling on the Safeway Defendants' motion for summary judgment removed claims involving the Interest Income Fund and Chesapeake Core Growth Fund.  (ECF Nos. 224, 232).  Removing damages for allegations regarding those two funds from Mr. Dirks' analysis, the maximum damages number is reduced to $28,667,494.  The Settlement of $8,500,000 represents roughly 30% of the maximum figure after the appropriate reduction in light of the Court's summary judgment ruling.  After factoring attorneys' fees (and costs), the Settlement amount reflects over 18% of the maximum damages number.  Similar percentages of maximum potential damage figures have been found acceptable by courts in this Circuit.  *See Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *11 (N.D. Cal. Feb. 11, 2016) (approving class settlement providing settlement fund of "14 percent of likely recoverable aggregate damages at trial," and "9.5 percent of those" damages after "deductions for attorneys'

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

24

fees and costs and administration costs"); *Gaudin v. Saxon Mortg. Servs., LLC,* No. 11-cv-01663-JST, 2015 WL 7454183, at *6 (N.D. Cal. Nov. 23, 2015) (approving class settlement providing "13.6% recovery of the maximum possible recoverable damages"); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1042 (granting final approval of a settlement fund of $13.75 million where the gross class recovery was 9 percent of maximum potential recovery, which totaled 6 percent after deductions for attorneys' fees and costs).

In light of the foregoing, the Settlement Amount, considering the uncertainty of trial and the difficulty of attaining maximum damages even with a successful result, favors approval of the Settlement. *See Edwards v. City of Long Beach*, 2011 WL 13180208, at *3, n. 5 (C.D. Cal. Oct. 31, 2011) ("[t]he reasonableness of a settlement is not dependent upon it approaching the potential recovery plaintiffs might receive if successful at trial"); *Nat'l Rural Telecomm. Corp.*, 221 F.RD. at 527 ("a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery").

### 4. The Extent Of Discovery Completed And Stage Of The Proceedings

This factor analyzes whether "the parties have sufficient information to make an informed decision about settlement." *Linner v. Cellular Alaska P'Ship*, 151 F.3d 1234, 1239 (9th Cir. 1998); *see also Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-cv-01109-JST, 2019 WL 1369929, at *5 (N.D. Cal. Mar. 26, 2019) (finding "the extent of discovery completed supports approval of a proposed settlement, especially when litigation has 'proceeded to a point at which both plaintiffs and defendants ha[ve] a clear view of the strengths and weaknesses of their cases'") (citing *Chun-Hoon v. McKee Foods, Corp.*, 716 F. Supp. 2d 848, 851-52 (N.D. Cal. 2010))).  Here, extensive discovery was completed as the Parties took over 20 depositions and exchanged a great deal of documents.  (Sekino Decl. ¶ 11.)  The Parties also engaged in extensive motion practice, filed documents in preparation for trial, and met twice with the

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

25

Mediator before reaching the Settlement Agreement.  (Sekino Decl.¶ 11).  *See Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *9 (N.D. Cal. May 4, 2018) (finding this factor favored approval of a settlement when the parties "participated in several rounds of discovery production and two rounds of mediation").  This factor assuredly favors approval of the Settlement Agreement.

### 5.   The Experience And Views Of Counsel

With respect to the sixth *Churchill* factor, Class Counsel and Defense Counsel support the settlement agreement.  *See In re Omnivision*, 559 F.Supp. 2d at 1043 (holding "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness").  Counsel for both Plaintiffs and Defendants have great experience litigating ERISA claims, and their knowledge regarding the merits of the case is strong considering the extensive discovery conducted and the number of issues contested in this case.  Furthermore, Class Counsel has litigated a number of class action cases and reached approved settlement agreements in many of them.  (Sekino Decl. ¶ 10, Exhibit 4); *see Cabiness*, 2019 WL 1369929, at *6 ("Class Counsel have extensive experience litigating class action and consumer protection cases.  That they advocate in favor of the settlement weighs in favor of approval."); *see also Acosta*, 2018 WL 2088278, at *9 (giving value to opinion of counsel who had been named class counsel in 23 class actions).  Moreover, Lead Class Counsel has tried major ERISA and other class action cases and understands the possibilities of recoveries and risks associated with such trials.  (Sekino Decl. ¶10.)

### 6.   The Clearly Non-Collusive Nature Of The Settlement

Finally, the settlement is clearly the result of a multi-year litigation process and arm's length negotiations between experienced counsel for all Parties.  There is absolutely no concern of collusion in this case.  As explained above, "class counsel are not slated to receive a disproportionate distribution of the settlement."  *Bayat v. Bank of the West*, 2015 WL 17443542,

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

26

at *7 (N.D. Cal. Apr. 15, 2015) (citation omitted).  Also "because any attorneys' fees award will come out of the common fund, there is no 'clear sailing' agreement here that would warrant against settlement approval." *Id.* (citing *In re Bluetooth*, 654 F.3d at 947 (noting the concern that such arrangements providing for the payment of fees separate from the class could signal an agreement between counsel to pay class counsel excessive fees, leaving the class with a subpar settlement)).  Moreover, the Parties negotiated before respected mediator, Robert Meyer of JAMS.  *See Satchell*, 2007 WL 1114010, at *4 ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").  This agreement is the result of negotiations after hard-fought litigation, and there should be no concern of collusion among the Parties.  *See also Satchell*, 2007 WL 1114010, at *4 ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Bower*, 2016 WL 4439875, at *5 ("[T]he parties reached their settlement after two full-day mediation sessions before impartial and experienced mediators, which strongly suggests the absence of collusion or bad faith by the parties or counsel.").

## V.    THIS COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS COUNSEL

Rule 23(c)(1)(B) states that an order certifying a class action "must appoint class counsel under Rule 23(g)."  The Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).

Class Counsel have considerable experience in litigation complex class actions, including ERISA class actions.  Moreover, Plaintiffs' counsel is willing to, and does, take class actions to trial when a reasonable resolution cannot be reached.  (Sekino Decl. ¶ 10, Exhibit 4).  The work

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

27

performed by Plaintiffs' counsel in this matter, as well as their substantial experience, provides

more than ample basis for finding that they satisfy each applicable criterion under Rule 23(g),

and are well qualified to serve as Class Counsel. (*Id.*). Plaintiffs' counsel investigated the

action, conferred with experts, engaged in discovery and mediated the action. (*Id.*).

Accordingly, Plaintiffs' Counsel should be appointed Class Counsel.

## VI.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE

The Parties also seek this Court's approval of the Notice procedures set out in the

Settlement and in full detail in the Sekino Declaration. As an initial matter, the parties propose

that SCS be appointed as the settlement administrator. (Sekino Decl. ¶ 6, at Exhibit 1, Section

1.44).

Under the Settlement Agreement, SCS will send direct notice by email or first class mail

to members of the Settlement Class. (*Id.*, at Section 2.6). The manner in which this notice is

disseminated, as well as its content, must satisfy Rule 23(c)(2) (governing class certification

notice), Rule 23(e)(1) (governing settlement notice), and due process. *See Grannan v. Alliant

Law Grp., P.C.*, No. C10-02803 HRL, 2012 WL 216522, at *3 (N.D. Cal. Jan. 24, 2019).

Rule 23(c)(2) provides that Class Members must receive the "best notice that is

practicable under the circumstances, including individual notice to all members who can be

identified through reasonable efforts." Fed. R. Civ. P. 23(c)(2). Similarly, Rule 23(e)(1) states

that "[t]he court must direct notice in a reasonable manner to all class members who would be

bound by the propos[ed] [settlement]." Fed. R. Civ. P. 23(e)(1). "The combination of

reasonable notice, the opportunity to be heard and the opportunity to withdraw from the class

satisfy the due process requirements of the Fifth Amendment." *In re Prudential Ins. Co. Am.

Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306 (3d Cir. 1998).

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

28

**A.     The Proposed Methods For Providing Notice Meet The Requirements For Approval**

The Parties propose that the Settlement Administrator mail and/or email individual Notice to each Class Member.  (Sekino Decl. ¶ 2, at Exhibit 1, Section 2.6).  Further, the Parties propose that the Settlement Administrator publish Notice through a nationwide press release and on a dedicated website.  (*Id.*).  These proposed methods of providing notice fully satisfy Rule 23(c), Rule 23(e), and due process.

**B.     The Proposed Content Of The Notice Meets The Requirements For Approval**

The proposed content of the Notice also satisfies both Rule 23 and due process.  To satisfy Rule 23(c)(2), the Notice must state "in plain, easily understood language," information about "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)."  Fed. R. Civ. P. 23(c)(2).  In addition, Rule 23(e) and due process require that notice of a proposed settlement must inform Class Members about the Settlement's general terms, that the Class Members can seek complete information from the Court files, and that any Class Member may appear and be heard at a final approval hearing.  "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Churchill Vill.*, 361 F.3d at 575 (citing *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir.1980)).

The proposed Notice meets these requirements.  (Sekino Decl. ¶ 2, Exhibits 1-B-1, 1-B-2).  The proposed mail, email and website notice is written in plain English and describes: (1) the nature of the claims in the case; (2) a description of the Settlement Class; (3) a description of the

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO: 3:16-CV-03994 JST

29

Settlement and the relief to be provided; (4) the consequences of opting out or remaining in the

Class; and (5) how to get more information from this Court about the Settlement, the parties

involved and the procedures to follow to object or opt out.  (Sekino Decl. ¶ 2, Exhibit 1-B-1.)

The Notice will include the deadline to object to the Settlement, and the date of the Fairness

Hearing.  (*Id.*, at pp. 6-7).  The Notice states that Class Members can enter an appearance

through counsel if desired.  (*Id.*, at p. 6).  Finally, the Notice makes clear that Participants, or

Beneficiaries or Alternate Payees who have Active Accounts, do not need to do anything to

receive benefits under the Settlement, while informing Former Participants, or Beneficiaries or

Alternate Payees who no longer have Active Accounts, of the necessity of submitting a claim to

receive benefits.  (*Id.*, at p. 5).  Accordingly, the contents of the Notice meets all requirements

and fully apprises Class Members about their options.  *See Chao v. Aurora Loan Servs., LLC*,

2014 WL 4421308, at *6 (N.D. Cal. Sept. 5, 2014) (approving notice which "describes the nature

of the action, summarizes the terms of the settlement, identifies the different classes and provides

instruction on how to opt out and object, and the proposed fees and expenses to be paid to

Plaintiffs' counsel and the claims administrator").

In addition, in accordance with the Northern District of California's Procedural Guidance

for Class Action Settlements, the Settlement Notices include the following information: (1) Class

Counsel's contact information; (2) the URL for the settlement website; (3) instructions on how to

access the case docket via PACER or in person; (4) the date of the final approval hearing and a

statement that the date may change without further notice; and (5) a statement advising Class

Members that changes to the date or time for the final fairness hearing will be posted to the

settlement website.  (*Id.*).

Class Counsel propose a Notice plan that will maximize the opportunity for members of

the Class to understand the nature of the Class, the Settlement, and to respond appropriately if

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

30

they so choose.  The costs of Notice will be paid out of the Settlement Fund.  Plaintiffs have endeavored to secure the most efficient Notice program possible, which can be done using the email address and physical addresses of the Class Members.

Such Notice plans are commonly used in class action settlements like this one and constitute valid, due and sufficient notice to class members, and satisfy both Rule 23(c)(2)(B)'s "best notice practicable" standard and Rule 23(e)(1)'s "notice in a reasonable manner" standard. *See, e.g.*, Moore's Federal Practice - Civil § 23.102[3][a]-[c]; *Stewart v. Applied Materials, Inc.*, 2017 WL 3670711, at *4-*5 (N.D. Cal. Aug. 25, 2017) (finding that notice provided by email and first class mail was sufficient for purposes of preliminary and final approval) (citing *Lundell v. Dell, Inc.*, Case No. 05–3970 JWRS, 2006 WL 3507938, at *1 (N.D. Cal. Dec. 5, 2006)) (holding that notice sent via email and first class mail constituted the "best practicable notice" and satisfied due process requirements).  The parties therefore respectfully move this Court to approve the proposed form and manner of Notice to the Settlement Class.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask this Court to: (1) certify the proposed Settlement Class: (2) preliminarily approve the Settlement submitted herein; (3) appoint Plaintiffs as Class Representatives and their counsel as Class Counsel; and (4) approve the Notice to be issued to the Settlement Class and Notice plan related thereto.

Dated: September 13, 2019

*/s/ Chiharu Sekino*
Chiharu Sekino
Jaclyn Reinhart
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
1230 Columbia St., Ste 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: csekino@sfmslaw.com
             jreinhart@sfmslaw.com

James E. Miller
Laurie Rubinow

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

31

1

2

3

4

SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jmiller@sfmslaw.com
          lrubinow@sfmslaw.com

5

6

7

8

9

Ronald S. Kravitz
Kolin C. Tang
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
201 Filbert Street | Suite 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
Email: rkravitz@sfmslaw.com
          ktang@sfmslaw.com

10

11

12

13

14

15

James C. Shah
Michael P. Ols
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com
          mols@sfmslaw.com

16

17

18

19

20

Monique Olivier
Katharine Chao
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street | Suite 201
San Francisco, CA 94133
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
Email: monique@osclegal.com
          kathy@osclegal.com

21

22

23

24

Sahag Majarian
LAW OFFICES OF SAHAG MAJARIAN
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

25

*Attorneys for Plaintiff, the Plan, and the Class*

26

27

28

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST

1

### <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on September 13, 2019, I caused the foregoing to be electronically

3   filed with the Clerk of Court using the CM/ECF system, which will send notification to all

4   counsel of record.

5                                                        /s/ Chiharu Sekino
                                                         Chiharu Sekino
6                                                        Shepherd Finkelman Miller
                                                          & Shah, LLP
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO: 3:16-CV-03994 JST