Chiharu Sekino (SBN 306589)
Jaclyn Reinhart (SBN 317622)
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
1230 Columbia St., Ste. 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: csekino@sfmslaw.com
         jreinhart@sfmslaw.com

*Attorneys for Plaintiff, the Plan, and the Class*

[Additional Counsel Listed On Signature Page]

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| MARIA KARLA TERRAZA, individually and on behalf of the SAFEWAY 401(k) Plan,<br><br>Plaintiff,<br><br>vs.<br><br>SAFEWAY INC., et al.,<br><br>Defendants. | Case No. 3:16-cv-03994-JST<br><br>**DECLARATION OF CHIHARU G. SEKINO IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE**<br><br>Date: October 30, 2019<br>Time: 2:00 p.m.<br>Judge: Hon. Jon Tigar |

I, Chiharu G. Sekino, hereby declare under penalty of perjury as follows:

1. I am an Associate Attorney in the law firm, Shepherd Finkelman Miller & Shah, LLP, and am a member of the bar of the State of California, as well as this Court. I am one of the attorneys who has worked on this matter and I have personal knowledge of the facts set forth herein.

2. Attached as **Exhibit "1"** is a copy of the Settlement Agreement entered into by the parties to this action, including all exhibits to the Settlement Agreement:

    **Exhibit A** – [Proposed] Final Approval Order;

    **Exhibit B-1** – [Proposed] Long Form Notice;

DECLARATION OF CHIHARU G. SEKINO IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE
CASE NO: 3:16-CV-03994 JST                -1-

**Exhibit B-2** – [Proposed] Summary Notice;

**Exhibit C** – [Proposed] Plan of Allocation; and

**Exhibit D** – [Proposed] Preliminary Approval Order.

3. In addition, attached as **Exhibit "2"** is the [Proposed] Former Participant Claim Form that would be utilized by former participants to claim proceeds from the Settlement.

4. Plaintiffs, Maria Karla Terraza ("Terraza") and Class Representative Denis M. Lorenz ("Lorenz") (who also is the Plaintiff in the related action, *Lorenz v. Safeway Inc.*, *et al*, No. 3:16-cv-04903-JST (the "*Lorenz* Action")) and Defendants, Safeway Inc. ("Safeway"), Benefit Plans Committee Safeway Inc. n/k/a Albertsons Companies Retirement Benefits Plans Committee, Peter J. Bocian, David F. Bond, Michael J. Boylan, Robert B. Dimond, Laura A. Donald, Dennis J. Dunne, Robert L. Edwards, Bradley S. Fox, Bernard L. Hardy, Russell M. Jackson, Peggy Jones, Suz-Ann Kirby, Robert Larson, Melissa C. Plaisance, Paul Rowan, Andrew Scoggin (collectively, "Safeway Defendants"), and Aon Hewitt Investment Consulting, Inc. ("Aon") (collectively, "Defendants") have agreed to treat this case as a class action for Settlement purposes as doing so will provide important benefits in terms of, *inter alia*, settlement administration. First, Class Members, consisting of current and former Plan Participants, will receive the protections inherent in a class action and the benefit of this Court's review and approval of the Settlement. Second, a Class Settlement will ensure that Class Members receive adequate notice regarding the Settlement, the claims they are releasing, and how they may object to a settlement. Third, treatment of this case as a class action for settlement purposes provides a means for reliable administration of all Settlement details by Strategic Claims Services, the neutral Settlement Administrator discussed below, and review by an Independent Fiduciary. Fourth, although the claims in this class were only asserted on behalf of the Plan under ERISA § 502(a)(2), the effect of certifying the Class as defined in the Third Amended Complaint accomplishes the same object as sought throughout the litigation – a recovery on behalf of the current and former participants in the Plan. As a result, certifying a Class for settlement purposes only serves the interests of the Plan's current and former participants and is entirely

consistent with the Plan-wide relief sought in this case throughout the litigation.

5.  Here, the Settlement Agreement represents the culmination of intensive arm's-length negotiations with the assistance of the Mediator, whom the Parties met with on several occasions.  Plaintiffs were represented in the Settlement negotiations by a team of attorneys who have had considerable experience in ERISA litigation, and who are, therefore, well-versed in the legal and factual issues.  Defendants were similarly represented by counsel with extensive experience defending complex litigation, including ERISA class actions.  The settlement negotiations were contested and conducted in good faith.

6.  As an initial matter, the parties propose that Strategic Claims Services ("SCS") be appointed as the settlement administrator for the over 35,000 current and former Plan participants in the proposed Settlement Class.  Lead Class Counsel, Shepherd Finkelman Miller & Shah, LLP ("SFMS") selected (and the parties have agreed upon) SCS (https://www.strategicclaims.net), a settlement administrator with over twenty (20) years of experience administering class action settlements, which has successfully administered a number of complex ERISA class action settlements in an efficient and effective manner.  *See* **Exhibit "3,"** which provides a description of the services provided by SCS and the resume of Paul Mulholland, CPA, the principal of SCS.  Lead Class Counsel considered two other Settlement Administrators before recommending that the parties utilize the services of SCS, which provided a bid of $160,000 for the work to be performed as the settlement administrator in this case.  Although SCS's bid was not the lowest bid provided of the three, it also was not the highest bid and, in Lead Class Counsel's experience, the bid by SCS is fair and reasonable in light of the scope of the work to be performed.

7.  In a somewhat similar ERISA class action in which SFMS acted as lead counsel, *Golden Star, Inc. v. Mass Mutual Life Ins. Co.*, Case No: 3:11-CV-30235-MGM, on behalf of a nationwide class of 401(k) plans that utilized Mass Mutual as a service provider/recordkeeper, a $9,475,000 settlement was achieved on behalf of a class of 10,121 retirement plans and final approval of that settlement was granted by the Court on June 25, 2015.  SCS acted as the

DECLARATION OF CHIHARU G. SEKINO IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE
CASE NO: 3:16-CV-03994 JST                -3-

Settlement Administrator in the *Golden Star* case, implemented a notice plan that, unlike here (where all current participants will automatically receive the benefits of the Settlement), required all class members to submit claims and, after the payment of $3,158,334.00 in attorneys' fees, $307,820.94 in expenses, $151,993.30 in settlement administration fees, and $25,000 in independent fiduciary fees, SCS distributed $5,830,723.60 inclusive of accrued interest to the Settlement Class with no reversion and a gross claims rate of 23.97% and a weighted claims rate of 40.25%, based upon the value of the retirement plans' collective potential claims, with a minimum claims payment of $10.00, the largest claims payment amounting to $250,113.62, an average claims payment of $2,403.43 and a median claims payment of $435.33.  In performing its work on this engagement, SFMS found SCS's work to be outstanding and highly efficient at all times.  Since SCS required over $150,000 to administer the *Golden Star* settlement approximately four (4) years ago, the bid submitted by SCS in the amount of $160,000 for a class of participants over three times the size of the *Golden Star* class appears facially reasonable and highly competitive.  Indeed, since another highly respected settlement administrator submitted a higher bid for this very same work, SFMS independently confirmed the competitiveness of SCS's bid, based upon the current, competitive marketplace for such services.

8. SFMS has worked with SCS on one other case in the past two years but also has worked with SCS, like a number of other settlement administrators throughout the United States, on a number of other ERISA, securities and other class action cases over the past ten years.  SCS will perform its The Settlement Administrator shall administer the Settlement subject to the supervision by Class Counsel, Defendants' Counsel, and the Court as circumstances may require.

9. Plaintiffs Terraza and Lorenz have actively participated in the litigation and assisted Class Counsel in drafting the respective complaints and other documents, consulted with Class Counsel as needed, answered discovery requests for information, participated in settlement discussions (with Plaintiff Terraza attending a full day mediation session) and both Plaintiffs were deposed by Defendants.  The Plaintiffs have no antagonistic interests.

10. Class Counsel are experienced in class action litigation, including in ERISA class

actions, are familiar with the legal and factual issues involved, and are highly qualified. *See* Firm Resumes for Shepherd Finkelman Miller & Shah, LLP and Schneider Wallace Cottrell Konecky Wotkyns LLP attached hereto as **Exhibit "4"**; *see also* www.sfmslaw.com; www.schneiderwallace.com; www.osclegal.com; www.majarianlaw.com.  SFMS has litigated a number of ERISA class actions and has tried as sole counsel one of the most significant ERISA class actions, *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.* (D.Mass.), that has ever proceeded to trial, having recovered a settlement valued at over $400 million for the class of retirement plans in that case.  https://topclassactions.com/tag/healthcare-strategies-inc-v-ing-life-insurance-annuity-co/   Thus, Lead Class Counsel fully understands the possibilities of recoveries and risks associated with such trials.

11.   Class Counsel have investigated the action, reviewed significant discovery and conducted many depositions, worked with multiple experts, engaged in extensive motion practice including responding to Defendants' motions to dismiss and motions for summary judgment, prepared for trial, mediated, and negotiated the Settlement with both Aon and the Safeway Defendants.

12.   Class Counsel's collective lodestar to date exceeds $3.1 million with SFMS having devoted over 4,300 hours of work to this engagement with a lodestar of in excess of $2,070,000, Schneider Wallace having devoted over 1,100 hours of work to this engagement with a lodestar in excess of $850,000, and Olivier Schrieber & Chao, LLP (as well as the predecessor firm of Monique Olivier, Esquire) having devoted over 300 hours of work to this engagement with a lodestar in excess of $210,000.  In addition, Class Counsel has incurred expenses in excess of $482,000 to date with SFMS advancing $345,917.85 in costs, Schneider Wallace advancing $131,813.21 in expenses and Olivier Schreiber & Chao, LLP incurring over $5,000 in expenses.

Executed this 13th day of September, 2019 at San Francisco, California.

/s/ Chiharu G. Sekino
Chiharu G. Sekino