Chiharu Sekino (SBN 306589)
Jaclyn Reinhart (SBN 317622)
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
1230 Columbia St., Ste. 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: csekino@sfmslaw.com
       jreinhart@sfmslaw.com

*Attorneys for Plaintiff, the Plan, and the Class*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| MARIA KARLA TERRAZA, individually and on behalf of the SAFEWAY 401(k) Plan,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SAFEWAY INC., et al.,<br><br>　　　　　Defendants. | Related Cases:<br>No. 3:16-cv-03994-JST<br>No. 3:16-cv-04903-JST<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER**<br><br>Judge: Hon. Jon Tigar |

[PROPOSED] PRELIMINARY APPROVAL ORDER;
CASE NOS. 3:16-CV-03994-JST; 3:16-CV-04903-JST

**PRELIMINARY APPROVAL ORDER**

**(1) GRANTING PRELIMINARY CERTIFICATION OF THE CLASS;**

**(2) GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT;**

**(3) APPOINTING A SETTLEMENT ADMINISTRATOR;**

**(4) ENJOINING CLASS MEMBERS FROM PURSUING ANY CLAIMS THAT ARISE OUT OF OR RELATE IN ANY WAY TO THE RELEASED CLAIMS PENDING FINAL APPROVAL OF THE SETTLEMENT;**

**(5) DIRECTING NOTICE TO CLASS MEMBERS AND APPROVING THE FORM AND MANNER OF NOTICE;**

**(6) APPROVING THE PLAN OF ALLOCATION;**

**(7) SCHEDULING A FINAL APPROVAL HEARING; AND**

**(8) SCHEDULING A HEARING ON CLASS COUNSEL'S FEE AND EXPENSE APPLICATION AND PLAINTIFFS' REQUEST FOR CASE CONTRIBUTION AWARDS.**

The Court, having received and considered the Unopposed Motion for a Preliminary Approval Order (the "Motion") by Plaintiff Maria Karla Terraza and Class Representative Dennis M. Lorenz (collectively, "Plaintiffs") in *Maria Karla Terraza v. Safeway Inc., et al.*, N.D. Cal. Case No. 3:16-cv-03994-JST (with Lorenz having also maintained the related action, *Dennis Lorenz v. Safeway Inc., et al.*, N.D. Cal. Case No. 3:16-cv-04903-JST) (the "Actions"), and the supporting papers, including the Settlement Agreement and Release dated September 13, 2019 and all exhibits thereto (the "Agreement"), and the declarations of counsel, having further considered the arguments of counsel and the pleadings and record in this case, and finding good cause for granting the Motion,

**HEREBY ORDERS AS FOLLOWS:**

1. Capitalized terms not defined in this Order shall have the meaning ascribed to them in Part I of the Agreement.

2. This Court has jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3. Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4. The Court finds, on a preliminary basis and for the purposes of settlement only, that the requirements for certification under Rule 23(a) and Rule 23(b)(1) are satisfied:

    a) The Settlement Class meets the numerosity requirement of Rule 23(a)(1), as it consists of over 35,000 Class Members.

    b) The Class Representatives have asserted claims that have at least one common question of law or fact to the Class and relate to the management of the Plan as a whole.

    c) The Class Representatives are a current and a former participant in the Plan and are typical of other Class Members.

    d) The Class Representatives have no conflicts with other Class Members, are adequate to represent the Settlement Class, and have retained experienced and qualified counsel to represent the Class as Class Counsel.

5. Class certification is appropriate under Rule 23(b)(1) because the Class Representatives assert claims on behalf of the Plan as a whole, and prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants and would be dispositive of the interests of other class members as a practical matter or would substantially impair or impede their ability to protect their interests.

    a) The Court appoints Shepherd, Finkelman, Miller & Shah, LLP as Lead Counsel and the following firms as Class Counsel: Olivier Schreiber & Chao LLP; the Law Offices of Sahag Majarian; and Schneider, Wallace, Cottrell, Konecky, Wotkyns LLP, and appoints Maria Terraza, the Named Plaintiff, and Dennis Lorenz as the Class Representatives.

    b) The non-opt out Class will be preliminarily certified for settlement purposes only, under the terms of the Agreement. The Settlement Class is defined as: all Participants, Former Participants, Beneficiaries, and Alternate Payees in the Plan at any time on or after July 14, 2010 through and including July 28, 2016, and the Beneficiaries or Alternate Payees of any such person.

1         c)     If the Court does not issue the Final Approval Order and Judgment, then the certification will be vacated, and Defendants shall not be deemed to have admitted the propriety of Class certification under any provision of Federal Rule 23.

        d)     The terms set forth in the Agreement are preliminarily approved, subject to further consideration at the hearing the Court will hold pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement should receive final approval by the Court, as provided for below (the "Final Approval Hearing"). Having considered the terms of the Settlement and the submissions in support of preliminary approval, the Court determines, in accordance with Fed. R. Civ. P. 23(e)(1)(B), that it is likely that the Court will be able to grant final approval of the Settlement under Fed. R. Civ. P. 23(e)(2) following notice and a hearing. The Agreement therefore is sufficiently within the range of reasonableness to warrant the preliminary approval of the Agreement, the scheduling of the Final Approval Hearing, and the mailing of Notice to Class Members, each as provided for in this Order.

6.     The Court approves the retention by Class Counsel of Strategic Claims Services as the Settlement Administrator.

7.     In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiffs, all Class Members, and the Plan are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, individually, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, arbitration forum, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order), including, without limitation, any Unknown Claims, that arises out of or relates in any way to the Released Claims or the Actions.

8.     The Court approves the Notice to Class Members in substantially the form attached as **Exhibit B** to the Agreement. The Court approves the form and content of the Notice and finds that the proposed Settlement Notices fairly and adequately:

[PROPOSED] PRELIMINARY APPROVAL ORDER;
CASE NOS. 3:16-CV-03994-JST; 3:16-CV-04903-JST

- Summarize the claims that are asserted;
- Identify the Settlement Class;
- Describe the terms and effect of the Settlement Agreement, including the benefits of the Settlement and the class release;
- Provide information regarding who is required to submit a Claim Form and the process for doing so;
- Notify the Settlement Class that Class Counsel will seek compensation from the Net Settlement Amount for Administrative Expenses, Attorneys' Fees and Expenses, and Case Contribution Fees;
- Describe how the recipients of the Class Notice may object to the Settlement, or any requested Administrative Expenses, Attorneys' Fees and Expenses, or Case Contribution Fees; and
- Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear.

9. The Court finds that the Plan of Allocation proposed by Plaintiffs and Class Counsel for allocating the Settlement Amount to Class Members, as described in **Exhibit C** to the Agreement, is likely to receive final approval and that the agreement is within the range of reasonableness to warrant preliminary approval.

## Manner of Giving Notice

10. The Plan shall use reasonable efforts to cause the Plan Recordkeepers to provide to the Settlement Administrator, within thirty (30) calendar days of the entry of this Preliminary Approval Order, the Participant Data, as defined in the Plan of Allocation as described **Exhibit C** to the Agreement (including names and last known addresses and email addresses, if available) sufficient to effectuate the Notice, implement the Plan of Allocation, and distribute the Settlement Fund on the terms provided for in the Agreement. The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the

purpose of providing Notice of this Settlement and distribution of the Settlement Fund, and for no other purpose and shall be treated as "Confidential" under the Protective Order governing the Actions (Case No. 3:16-cv-03994, Dkt. 52; Case No. 3:16-cv-04903, Dkt. 64).

11. Within thirty (30) calendar days of the entry of this Order and no later than the first date that the e-mailing or the mailing of the Notice occurs, the Settlement Administrator shall establish a website containing, the Notice, the Agreement and its exhibits, this Order, the Third Amended Complaint, and the Motions for Preliminary Approval and Final Approval (when filed); the Motion for Attorneys' Fees and Expenses (when filed); any approval order or other Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Parties.

12. Within thirty (30) calendar days of the entry of this Order and no later than the first date that the e-mailing or the mailing of the Notice occurs, the Settlement Administrator shall establish a toll-free telephone number to which Class Members can direct questions about the Settlement.

13. Within forty-five (45) calendar days after entry of this Order, or as may be modified by the Court, the Settlement Administrator shall cause copies of the Notice to be sent by first-class mail or electronic mail (if available) to all Class Members through the notice procedure described in the Agreement and shall cause the Summary Notice to be issued via PRNewswire for national distribution.

14. Not later than seven (7) business days after sending the Notice to Class Members, the Settlement Administrator shall provide to Class Counsel and to Defendants' Counsel a declaration attesting to compliance with the sending of the Notice, as set forth above.

15. The Court finds that the Notice to be provided as set forth in this Order is the best means of providing notice to the Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement or the Final Approval Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

16. All reasonable costs incurred by the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Agreement.

### Final Approval Hearing

17. The Court will hold the Final Approval Hearing on _____ in Courtroom 9, 19th Floor, of the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building and United States Courthouse, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California 94612, , for the following purposes: (a) to determine whether the non-opt out Class should be certified for settlement purposes only; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (c) to determine whether Class Counsel's Fee and Expense Application is reasonable and should be approved; (d) to determine whether Plaintiffs' request for Case Contribution Awards is reasonable and should be approved; (e) to determine whether a Final Approval Order and Judgment substantially in the form attached as **Exhibit A** to the Agreement should be entered dismissing with prejudice all Claims; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Final Approval Hearing shall be given to Class Members as set forth in Paragraph 7 of this Order.

18. The Court may adjourn the Final Approval Hearing and approve the Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Class.

19. Not later than forty-two (42) calendar days before the Final Approval Hearing, Class Counsel shall submit their papers in support of final approval of the Agreement, and in support of Class Counsel's Fee and Expense Application and Plaintiffs' request for Case Contribution Awards.

20. Not later than thirty (30) calendar days before the Final Approval Hearing, the Independent Fiduciary shall submit its report pursuant to Section 2.9 of the Agreement.

21. Not later than thirty (30) calendar days before the Final Approval Hearing, the Settlement Administrator shall submit its declaration pursuant to Section 2.10 of the Agreement.

### Objections to the Settlement

22. The Court will consider written comments and objections to the Settlement, to the proposed Motion for Attorneys' Fees and Expenses, and to Plaintiffs' request for Case Contribution Awards. Any objection to the proposed Settlement must be in writing, and must (a) clearly identify the case name and number (*i.e. Maria Karla Terraza v. Safeway Inc., et al.,* Case No. 3:16-cv-03994), and (b) be submitted to the Court either by mailing it to the Clerk of the Court, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Oakland, California 94612, , or by filing it in person at any location of the United States District Court for the Northern District of California. To state a valid objection to the Settlement, an objecting Settlement Class Member must provide the following information in the Settlement Class Member's written objection: (1) his/her/its full name, current address, and current telephone number, and, if represented by counsel, any of his/her/its counsel's name and contact information; (2) whether the objection applies only to the objecting Class Member, to a specific subset of the Class, or to the entire Class; (3) a statement of the position(s) the objector wishes to assert; (4) copies of any other documents that the objector wishes to submit in support of his/her/its position; and (5) a list of any other objections to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years.

23. Any Class Members' objections must be filed or postmarked on or before twenty-eight (28) calendar days before the Final Approval Hearing. Any objections submitted by federal or state authorities must be filed no later than thirty (30) calendar days before the Final Approval Hearing.

24. Any Class Member who does not timely file and serve a written objection shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Agreement, and any untimely objection shall be barred absent an order from the Court.

[PROPOSED] PRELIMINARY APPROVAL ORDER;
CASE NOS. 3:16-CV-03994-JST; 3:16-CV-04903-JST

25. Any Class Member who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Final Approval Hearing either in person or through qualified counsel retained at their own expense. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Class Member or that Class Member's counsel.

26. The Parties may file written responses to any objections not later than five (5) business days before the Final Approval Hearing.

### Termination of Settlement

27. This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be deemed to have reverted to their respective status in the Action as of April 22, 2019 (for Plaintiffs and the Safeway Defendants) or May 2, 2019 (for Plaintiff in the *Terraza* Action and Aon), if Settlement is terminated in accordance with the terms of the Agreement.

### Use of Order

28. This Order is not admissible as evidence for any purpose against the Defendant Released Parties in any pending or future litigation. This Order: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Defendant Released Parties of wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Agreement, whether affirmatively or defensively; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs, the Plan, or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable; and (e) shall not be construed or used as an admission, concession, declaration or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Agreement is terminated. This Order and the Agreement and any proceedings taken pursuant to the Agreement are for settlement purposes only.

**Jurisdiction**

29. The Court may adjourn or continue the Fairness Hearing without further direct notice to the Class Members other than by notice to Class Counsel and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**SO ORDERED** this _____ day of _____, 2019.

_____
The Honorable Jon S. Tigar
United States District Judge