1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    MARIA KARLA TERRAZA,                    Case No. 16-cv-03994-JST

         Plaintiff,
8
                                             **ORDER GRANTING REVISED**
9        v.                                  **MOTION FOR PRELIMINARY**
                                             **APPROVAL OF SETTLEMENT AND**
10   SAFEWAY INC., et al.,                   **APPROVAL OF CLASS NOTICE**

         Defendants.                         Re: ECF No. 267
11

12

13          Before the Court is Plaintiffs' revised motion for preliminary approval of settlement and

14   approval of class notice.  ECF No. 267.  The Court will grant the motion.

15   **I.      BACKGROUND**

16          **A.      The Parties and Claims**

17          Defendant Safeway is a California corporation that sponsors a 401(k) retirement savings

18   plan ("Plan") for "eligible [Safeway] employees."  ECF No. 258 ¶¶ 9, 32-33.  Safeway appointed

19   Defendant Benefit Plans Committee to administer the Plan on Safeway's behalf.  *Id*. ¶ 33.  Both

20   Safeway and the Benefit Plans Committee (collectively, "Safeway Defendants") are Plan

21   Administrators, Plan fiduciaries, and Employee Retirement Income Security Act ("ERISA")

22   fiduciaries under 29 U.S.C. §§ 1002 and 1102.  *Id*. ¶¶ 9-10, 33.  Defendant Aon is a Plan fiduciary

23   and an investment advisor.  *Id*. ¶ 28.

24          Plaintiff Maria Karla Terraza is a Plan participant.  *Id*. ¶ 1.  She asserts claims against

25   Safeway Defendants and Aon (collectively, "Defendants") on behalf of the Plan and all Plan

26   participants.  *Id*. ¶¶ 1, 9-28.  Specifically, Terraza asserts claims under ERISA §§ 409 and 502, 29

27

28

United States District Court
Northern District of California

1   U.S.C. §§ 1109 and 1132,[1] and seeks the following relief: (1) a "declaratory judgment holding that

2   the acts of Defendants described herein violate ERISA and applicable law;" (2) a "permanent

3   injunction against Defendants prohibiting the practices described herein and affirmatively

4   requiring them to act in the best interests of the Plan and its participants;" (3) "[e]quitable, legal or

5   remedial relief for all losses and/or compensatory damages;" (4) "[a]ttorneys' fees, costs and other

6   recoverable expenses of litigation;" and (5) "[s]uch other and additional legal or equitable relief

7   that the Court deems appropriate and just under all of the circumstances."  *Id.* ¶ 6.

8          **B.       Procedural Background**

9          This action began on July 14, 2016, when Terraza filed a complaint against the Safeway

10   Defendants, ECF No. 1, alleging breach of fiduciary duty under ERISA § 404, 29 U.S.C. § 1104,

11   which governs 401(k) retirement savings plans.  *Id.*  On November 14, 2016, this Court related

12   Terraza's action to another case asserting similar claims, *Dennis M. Lorenz v. Safeway, Inc., et al.*,

13   Case No. 16-cv-04903.  ECF No. 35.[2]

14          Terraza filed an amended complaint on November 18, 2016.  ECF No. 37.  The Court

15   denied a motion to dismiss that complaint.  ECF No. 65.  On March 31, 2017, Terraza filed her

16   second amended complaint, which added Aon as a defendant.  ECF No. 72.  Aon then filed a

17   motion to dismiss, which the Court granted in part and denied in part.  ECF No. 109.

18          Lorenz filed amended complaints in September 2016, November 2016, and March 2017.

19   *Lorenz*, ECF Nos. 1, 31, 66.  The Safeway Defendants moved to dismiss Lorenz's second

20   amended complaint.  *Lorenz*, Nos. 36.  The Court granted in part and denied in part Defendants'

21   motion.  *Lorenz*, ECF No. 58.

22          On July 6, 2018, the Safeway Defendants filed motions for summary judgement in both the

23   *Terraza* and *Lorenz* cases.  ECF No. 136; *Lorenz*, ECF No. 95.  On the same day, Terraza and

24   Lorenz filed motions for partial summary judgement, ECF No. 142; *Lorenz*, ECF No. 101-3, both

25

26   ---
     [1] Section 1132 permits Plan participants to bring actions under Section 1109, which makes plan
     fiduciaries liable "to make good to such plan any losses to the plan" resulting from a breach of
27   fiduciary duty.

28   [2] Unless otherwise specified, all docket citations refer to the electronic case filing numbers in
     *Terraza v. Safeway Inc.*, Case No. 16-cv-03994.

1    of which the Court denied, ECF No. 208; *Lorenz*, ECF No. 143.  On April 12, 2019, the Court

2    granted in part and denied in part the Safeway Defendants' motions for summary judgment.  ECF

3    No. 224; *Lorenz*, ECF No. 139.

4            The parties engaged in mediation sessions on August 2, 2018 and April 18, 2019.  ECF

5    No. 259 at 12.  During the April 2019 session, the parties agreed upon a resolution for both the

6    *Terraza* and *Lorenz* cases.  *Id*.  Terraza filed a third amended complaint ("TAC") on September

7    13, 2019, for the purpose of moving for a preliminary approval of settlement and naming Lorenz

8    as a Class Representative (Terraza and Lorenz are hereafter referred to as "Plaintiffs").  ECF No.

9    259 at 11; ECF No. 258 ¶ 8.

10           On September 13, 2019 Plaintiffs filed an unopposed motion for preliminary approval of

11   settlement and class certification.  ECF No. 259.  The Court found "that that Settlement [fell]

12   within the range of possible approval but that minor deficiencies in the proposed notice plan

13   prevent[ed] preliminary approval."  ECF No. 265 at 12.  On April 9, 2020, Plaintiffs filed a

14   revised unopposed motion for preliminary approval of settlement and approval of class notice.

15   ECF No. 267.

16           **C.      Settlement Terms**

17           The proposed settlement agreement ("Settlement") resolves claims between Defendants

18   and the Settlement Class, defined as:

19                   All current and former participants and beneficiaries of the Plan at
                     any time on or after July 14, 2010 through and including July 28,
20                   2016, including any beneficiary of a deceased person who was a
                     participant in the Plan at any time during the Class Period, and any
21                   alternate payees, in the case of a person subject to a [qualified
                     domestic relations order ("QDRO")] who was a participant in the Plan
22                   at any time during the Class Period.

23   ECF No. 267 at 12; ECF No. 258 ¶ 102.

24           Under the Settlement, Safeway will contribute eight million dollars ($8,000,000) and Aon

25   will contribute $500,000 to the Settlement Fund, for a total Settlement Amount of eight million

26   five hundred thousand dollars ($8,500,000).  ECF No. 267-2 ¶¶ 1.46, 1.47, 3.1(b).  The following

27   amounts will be deducted from the Maximum Settlement Amount, subject to Court approval:

28   (1) up to 33.33 percent of the Settlement Amount in attorney's fees and $500,000 in expenses, *id*.

United States District Court
Northern District of California

3

1    ¶ 7.2; (2) up to $10,000 for Terraza and $10,000 for Lorenz in Case Contribution Awards, *id*.

2    ¶ 7.1; (3) all Administrative Costs and contingency reserve for Administrative Expenses, *id*.

3    ¶ 1.30, and; (4) "all Independent Fiduciary Fees and Costs approved by the Court," *id*.  Plaintiffs

4    estimate that the Settlement Amount represents 18 percent of the maximum amount of damages

5    Class Members could recover.  ECF No. 259 at 34.

6          The following individuals are eligible for a payment from the Net Settlement Amount:

7    (1) Former Participants, meaning "any Class Member who maintained a positive balance in the

8    Plan at any time between July 14, 2010 and July 28, 2016, and has an Active Account,"[3] ECF No.

9    267-2 ¶¶ 1.3, 1.32; (2) Authorized Former Participants, meaning Former Participants who properly

10   submitted a Former Participant Claim Form, *id*. ¶ 1.7; (3) Beneficiaries, *id*. ¶ 1.8; and (4) Alternate

11   Payees, meaning persons entitled to Plan benefits because of a valid QDRO, *id*. ¶ 1.4.

12         Each individual's payment will be based upon their Settlement Allocation Score, as

13   determined by the Settlement Administrator.  *Id*. ¶ 1.5.1.  Settlement Scores will be determined by

14   calculating the Class Member's year-end account balance during the Class Period and dividing

15   that amount by the total sum of year-end asset amounts in the Plan during the Class Period.  *Id*.

16   This method is intended to ensure that each Class Member's distribution is proportional to the size

17   of his or her account.  ECF No. 259 at 30.  If an Authorized Former Participant, Beneficiary, or

18   Alternate Payee receives a Settlement Allocation Score of $10 or less, that individual will receive

19   $10.  ECF No. 267-2 ¶ 1.5.2.

20         In exchange, Class Members will release the following claims:

21             [A]ny and all actual or potential claims (including any Unknown
               Claims), actions, causes of action, demands, obligations, or liabilities
22             (including claims for attorney's fees, expenses, or costs), for
               monetary, injunctive, and any other relief against the Defendant
23             Released Parties through the date the Court enters the Final Approval
               Order and Judgment arising out of or in any way related to: (a) the
24             conduct alleged in the Actions, including conduct that was alleged in,
               or could have been alleged in, the Actions' operative Complaints by
25             any Class Member, whether or not the conduct was actually included
               as counts in those Complaints; (b) the selection, retention, and
26             monitoring of the Plan's actual or potential investment options and
               service providers; (c) the performance, fees, and other characteristics
27

28   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [3] Active Accounts are Plan accounts with a positive balance.  ECF No. 267-2 ¶ 1.2.

4

United States District Court
Northern District of California

1
2
3

United States District Court
Northern District of California

of the Plan's investment options; (d) the Plan's fees and expenses, including without limitation, its recordkeeping and other service provider fees; (e) the nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries; and (f) the approval by the Independent Fiduciary of the Settlement.

4  *Id*. ¶ 1.41.[4]  The released claims do not include claims to enforce the covenants or obligations in

5  the agreement.  *Id*.

6  To inform Class Members of the Settlement, the Settlement Administrator will send a

7  Notice, *id*. at 49-56, to Class Members by email or first-class mail within 75 calendar days of the

8  entry of a preliminary approval order.  *Id*. ¶ 2.6(a).  The Settlement Administrator will use the

9  Class Member's last known email or mailing address.  *Id*.  If necessary, the Settlement

10  Administrator will update the Class Member's mailing addresses before mailing the Notice.  *Id*.  If

11  a Notice is returned as un-deliverable, the Settlement Administrator will use "commercially

12  reasonable efforts to locate" the Class Member and re-mail the Notice one time if the Settlement

13  Administrator identifies an updated location.  *Id*.  Additionally, the Settlement Administrator will

14  issue the Summary Notice, *id*. at 58-61, as a national press release via PRNewswire within 75 days

15  of entry of a preliminary approval order.  *Id*. ¶ 2.6(a).  Before sending the Notice, the Settlement

16  Administrator will create a website containing documents relevant to the Settlement and establish

17  a toll-free phone number that Class Members can call with questions.  *Id*. ¶¶ 2.6 (c), (d).

18  Class Members will not be able to exclude themselves from the Class.  *Id*. ¶ 2.4, 54, 60.

19  Class Members may object to the Settlement by sending to the Court their objection, along with

20  their name, address, phone number, their counsel's name and contact information, if represented

21  by counsel, and a list of any other objections to any class action settlements made in the past five

22  years.  *Id*. at 55.

23  To receive a payment, only Authorized Former Participants, Beneficiaries, and Alternate

24  Payees without Active Accounts must submit a claim form ("Former Participant Claim Form").

25  *Id*. at 59.  Former Participant Claim Forms must be returned to the Settlement Administrator

26  within 170 days of the entry of the preliminary approval order.  *Id*. ¶ 2.6(b).  The Settlement

27

28  [4] The Agreement provides that California Civil Code Section 1542 does not apply because the release is not a general release.  ECF No. 267-2 ¶ 1.41.

1    Administrator will send Class Members a reminder postcard if they have not returned their form

2    within 110 days, unless the Settlement Administrator is unable to identify an email or mailing

3    address for the Class Member.  *Id*.  Class Members who receive a check must cash the check

4    within 180 calendar days of issuance.  *Id*. ¶ 3.2(c).

5         The parties will retain an Independent Fiduciary to approve the Settlement.  *Id*. ¶ 2.7.

6    **II.     JURISDICTION**

7         This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

8    **III.    LEGAL STANDARDS**

9         **A.     Class Certification**

10        Class certification under Federal Rule of Civil Procedure 23 is a two-step process.  First, a

11   plaintiff must demonstrate that the four requirements of Rule 23(a) are met: numerosity,

12   commonality, typicality, and adequacy.  "Class certification is proper only if the trial court has

13   concluded, after a 'rigorous analysis,' that Rule 23(a) has been satisfied."  *Wang v. Chinese Daily*

14   *News, Inc.*, 737 F.3d 538, 542-43 (9th Cir. 2013) (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564

15   U.S. 338, 351 (2011)).

16        Second, a plaintiff must establish that the action meets one of the bases for certification

17   in Rule 23(b).  Plaintiffs rely on Rule 23(b)(1), under which "[m]ost ERISA class action cases are

18   certified."  ECF No. 259 at 17, 21-22; *Reyes v. Bakery & Confectionery Union & Indus. Int'l*

19   *Pension Fund*, No. 14-CV-05596-JST, 2015 WL 5569462, at *4 (N.D. Cal. Sept. 22, 2015)

20   (citation omitted).  Rule 23(b)(1) permits certification if:

21             [P]rosecuting separate actions by or against individual class members
22             would create a risk of: (A) inconsistent or varying adjudications with
               respect to individual class members that would establish incompatible
               standards of conduct for the party opposing the class; or (B)
23             adjudications with respect to individual class members that, as a
               practical matter, would be dispositive of the interests of the other
24             members not parties to the individual adjudications or would
               substantially impair or impede their ability to protect their interests.
25
     *Id*.
26
          When determining whether to certify a class for settlement purposes, a court must pay
27
     "heightened" attention to the requirements of Rule 23.  *Amchem Prods., Inc. v. Windsor*, 521 U.S.
28

United States District Court
Northern District of California

6

1   591, 620 (1997).  "Such attention is of vital importance, for a court asked to certify a settlement

2   class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the

3   proceedings as they unfold."  *Id.* at 620.

4               **B.      Preliminary Settlement Approval**

5               The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class

6   actions.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  Rule 23 requires

7   courts to employ a two-step process in evaluating a class action settlement.  First, the parties must

8   show "that the court will likely be able to . . . approve the proposal under Rule 23(e)(2)."  Fed. R.

9   Civ. P. 23(e)(1)(B).  Second, courts must hold a hearing pursuant to Rule 23(e)(2) to make a final

10  determination of whether the settlement is "fair, reasonable, and adequate."  *Id.*

11              The court's task at the preliminary approval stage is to determine whether the settlement

12  falls "within the range of possible approval."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d

13  1078, 1080 (N.D. Cal. 2007) (citation omitted); *see also* Manual for Complex Litigation, Fourth

14  ("MCL, 4th") § 21.632 (FJC 2004) (explaining that courts "must make a preliminary

15  determination on the fairness, reasonableness, and adequacy of the settlement terms and must

16  direct the preparation of notice of the certification, proposed settlement, and date of the final

17  fairness hearing").  "The initial decision to approve or reject a settlement proposal is committed to

18  the sound discretion of the trial judge."  *City of Seattle*, 955 F.2d at 1276 (citation omitted).

19  Courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs

20  that class counsel have allowed pursuit of their own self-interests and that of certain class

21  members to infect the negotiations."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935,

22  947 (9th Cir. 2011).

23              Within this framework, preliminary approval of a settlement is appropriate if "the proposed

24  settlement appears to be the product of serious, informed, non-collusive negotiations, has no

25  obvious deficiencies, does not improperly grant preferential treatment to class representatives or

26  segments of the class, and falls within the range of possible approval."  *In re Tableware*, 484

27  F. Supp. 2d at 1079 (citation omitted).  The proposed settlement need not be ideal, but it must be

28  fair and free of collusion, consistent with counsel's fiduciary obligations to the class.  *Hanlon*, 150

United States District Court
Northern District of California

7

1   F.3d at 1027 ("Settlement is the offspring of compromise; the question we address is not whether

2   the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free

3   from collusion."). To assess a settlement proposal, courts must balance a number of factors:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity,
> and likely duration of further litigation; the risk of maintaining class
> action status throughout the trial; the amount offered in settlement;
> the extent of discovery completed and the stage of the proceedings;
> the experience and views of counsel; the presence of a governmental
> participant; and the reaction of the class members to the proposed
> settlement.

8   *Id.* at 1026 (citations omitted).[5] The proposed settlement must be "taken as a whole, rather than

9   the individual component parts," in the examination for overall fairness. *Id.* Courts do not have

10  the ability to "delete, modify, or substitute certain provisions"; the settlement "must stand or fall in

11  its entirety." *Id.* (citation omitted).

## IV.   DISCUSSION

13        In its order on Plaintiffs' first motion for preliminary approval, the Court "concluded that

14  provisional certification of the proposed class is appropriate for the purposes of settlement" and

15  found "that the Settlement falls within the range of possible approval." ECF No. 265 at 9, 12.

16  However, "minor deficiencies in the proposed notice plan prevent[ed] preliminary approval." *Id.*

17  at 12. In particular, the Court noted the following deficiencies: (1) "the Notice [did] not provide a

18  timeline for Class Members to object to the Settlement," (2) "Plaintiffs [did] not specify whether

19  Class Members will have the opportunity to object to attorney's fees," (3) Plaintiffs "provide[d]

20  the wrong address for the Court," and (4) "Plaintiffs [did] not provide the website or toll-free

21  phone number to be included in the Notice." *Id.* at 18-19. The Court concludes that the parties

22  have now corrected these deficiencies.

### A.   Timeline for Class Members to Object

24        The original Settlement neither provided a timeline for Class Members to object to the

United States District Court
Northern District of California

---

[5] These factors are substantially similar to those articulated in the 2018 amendments to Rule 23(e), which were not intended "to displace any factor [developed under existing Circuit precedent], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." *See Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 6619983, at *4 (N.D. Cal. Dec. 18, 2018) (quoting Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment).

United States District Court
Northern District of California

1    Settlement nor specified whether the objection period would be extended for Class Members who

2    receive their Notice late because the Settlement Administrator has to re-send it. *Id.* at 18 (citing

3    ECF No. 260-1 ¶ 2.5). The amended Settlement cures both deficiencies. The agreement provides

4    Class Members 95 days from the time the notice is emailed or mailed to object to the Settlement.

5    ECF No. 267 at 4; *see* ECF No. 267-2 ¶ 2.6(a) (providing that the Settlement Administrator shall

6    send the Notice within 75 days of preliminary approval); *id.* at 55 (providing that Class Member

7    objections must be filed or postmarked within 170 days of preliminary approval). The agreement

8    also provides that, within 110 days of the entry of the preliminary approval order, the Settlement

9    Administrator shall re-issue notice for any Class Members whose Notices were returned as

10   undeliverable. *Id.* ¶ 2.6(a); *see* ECF No. 267 at 4. Thus, all Class Members will be provided with

11   an objection period of no shorter than 60 days. *See Thomas v. Magnachip Semiconductor Inc.*,

12   No. 14- CV-01160-JST, 2016 WL 1394278, at *8 (N.D. Cal. Apr. 7, 2016) (noting that a "period

13   shorter than 60 days is too short a time to allow class members to properly respond.").

14          **B.       Opportunity to Object to Attorney's Fees**

15          Plaintiffs' prior motion for preliminary approval did not specify whether Class Members

16   would have an opportunity to object to counsel's fee request after the fee motion has been filed.

17   *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010) ("The plain text

18   of [Rule 23(h)] requires that any class member be allowed an opportunity to object to the fee

19   'motion' itself, not merely to the preliminary notice that such a motion will be filed."). The

20   parties have cured this deficiency by providing that "Class Counsel's Fee and Expense

21   Application and Plaintiffs' request for Case Contribution Awards shall be submitted no later" than

22   75 days after the Court's entry of the preliminary approval order. ECF No. 267-2 at 75; ECF No.

23   267 at 4. With this proposed schedule, Class Members will receive sufficient opportunity to

24   object to Plaintiffs' motion for attorney's fees. *See* ECF No. 267-2 at 55 (providing that the

25   deadline for Class Members to object is "170 days after entry of Preliminary Approval Order").

26          **C.       Other Deficiencies**

27          The prior Notice listed an incorrect address for the Court and failed to provide the

28   Settlement website and toll-free phone number. *Reyes v. Bakery & Confectionery Union & Indus.*

9

1    *Int'l Pension Fund*, No. 14-CV-05596-JST, 2017 WL 7243239, at *8 (N.D. Cal. Jan. 23, 2017)

2    (noting that "the Settlement Administrator must create a toll-free number for class members to call

3    with questions about the Settlement").  The revised Notice corrects both deficiencies by listing the

4    proper address for the Court and providing both a Settlement website address and a toll-free

5    telephone number for class members to call with questions about the Settlement.  ECF No. 267-2

6    at 52-53, 55, 60-61.

**CONCLUSION**

8            Because Plaintiffs' revised motion for preliminary approval and approval of class notice

9    corrects the deficiencies addressed in the Court's earlier order, the Court GRANTS the motion.

10   The proposed settlement class is hereby preliminarily certified for the purposes of settlement.  The

11   Court grants preliminary approval of the settlement and approves of the proposed notice procedure

12   and form.  The Court will hold a final approval hearing on April 26, 2021 at 2:00 p.m.

13           The following dates shall govern for purposes of Settlement:

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

United States District Court
Northern District of California

United States District Court
Northern District of California

1

| Date | Event |
|---|---|
| Deadline for Notice to be Provided to Class | November 22, 2020 |
| Deadline for Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Case Contribution Awards to be posted on Settlement Website | November 22, 2020 |
| Deadline for Settlement Administrator to Re-Issue Notice for any Notice(s) Returned as Undeliverable | December 28, 2020 |
| Deadline for Settlement Class Member Objections | February 26, 2021 |
| Deadline for Motion for Final Approval of Settlement and submission of Report of Independent Fiduciary | April 2, 2021 |
| Final Approval Hearing | April 26, 2021 at 2:00 p.m. |

**IT IS SO ORDERED.**

Dated:  September 8, 2020



JON S. TIGAR
United States District Judge

11