Chiharu G. Sekino (SBN 306589)
Casey T. Yamasaki (SBN 335445)
MILLER SHAH LLP
1230 Columbia St., Ste. 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: cgsekino@millershah.com
        ctyamasaki@millershah.com

*Attorneys for Plaintiff, the Plan,
and the Class*

[Additional Counsel Listed On Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| MARIA KARLA TERRAZA, individually and on behalf of the SAFEWAY 401(k) Plan, <br><br> Plaintiff, <br><br> vs. <br><br> SAFEWAY INC., et al., <br><br> Defendants. | Related Cases: <br> No. 4:16-cv-03994-JST <br> No. 4:16-cv-04903-JST <br><br> **PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Hearing Date: April 26, 2021 <br> Time: 2:00 p.m. |

**TO:     THE ABOVE-CAPTIONED COURT AND TO ALL PARTIES AND THEIR
COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff, Maria Karla Terraza ("Terraza"), and Class Representative, Denis M. Lorenz ("Lorenz") (who is the Plaintiff in the related action, *Lorenz v. Safeway Inc.*, *et al*, No. 4:16-cv-04903-JST (the "*Lorenz* Action") [collectively, with this Action, the "Actions"]) (Terraza and Lorenz hereinafter referred to as "Plaintiffs"), individually and on behalf of the Safeway 401(k) Plan ("Plan"), hereby move the Court to grant Plaintiffs' Unopposed Motion for Final Approval of Settlement ("Motion") pursuant to the Court's Order Granting Plaintiffs' Revised Motion for Preliminary Approval and Approval of Class Notice dated September 8, 2020 (hereinafter, "Preliminary Approval Order"). *See* ECF No. 268. Defendants, Safeway Inc. ("Safeway"), Benefit Plans Committee Safeway Inc. n/k/a Albertsons Companies Retirement Benefits Plans Committee (the "BPC"), Peter J. Bocian, David F. Bond, Michael J. Boylan, Robert B. Dimond, Laura A. Donald, Dennis J. Dunne, Robert L. Edwards, Bradley S. Fox, Bernard L. Hardy, Russell M. Jackson, Peggy Jones, Suz-Ann Kirby, Robert Larson, Melissa C. Plaisance, Paul Rowan, Andrew Scoggin (collectively, "Safeway Defendants"), and Aon Hewitt Investment Consulting, Inc. ("Aon") (collectively, "Defendants") (collectively with Plaintiffs, the "Parties") do not oppose this Motion.

Plaintiffs move the Court to enter an Order that grants Final Approval of the proposed Settlement as fair, reasonable and adequate.  Plaintiffs bring this Motion pursuant to Federal Rule of Civil Procedure 23(e), and it is supported by the below Memorandum of Points and Authorities; the Declaration of Chiharu G. Sekino ("Sekino Decl.") and supporting exhibits; the Declaration of Cornelia Vieira ("Vieira Decl.") of the Settlement Administrator, Strategic Claims Services ("SCS"), and supporting exhibits; the pleadings, records, and papers on file in this action; and all other matter properly before this Court.

The Parties have met all deadlines provided in the Preliminary Approval Order.  Plaintiffs and Defendants stand ready to provide any additional information or materials that the Court may require in connection with consideration of this Motion at this time.

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

i

1

Dated: April 2, 2021                           */s/ Chiharu G. Sekino*

2

Chiharu G. Sekino
Casey T. Yamasaki
MILLER SHAH LLP
1230 Columbia St., Ste 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: cgsekino@millershah.com
       ctyamasaki@millershah.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
       lrubinow@millerhshah.com

Ronald S. Kravitz
Kolin C. Tang
MILLER SHAH LLP
201 Filbert Street, Ste. 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
Email: rskravitz@millershah.com
       kctang@millershah.com

James C. Shah
Michael P. Ols
MILLER SHAH LLP
1845 Walnut St., Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
       mpols@millershah.com

Monique Olivier
Katharine Chao
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street | Suite 201
San Francisco, CA 94133
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
Email: monique@osclegal.com
       kathy@osclegal.com

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

ii

Sahag Majarian
LAW OFFICES OF SAHAG MAJARIAN
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Todd M. Schneider
Jason H. Kim
Kyle Geoffrey Bates
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Email: tschneider@schneiderwallace.com
       jkim@schneiderwallace.com
       kbates@schneiderwallace.com

*Attorneys for Plaintiff, the Plan, and the Class*

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

iii

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................................v

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................1

I.     INTRODUCTION .............................................................................................1

II.    FACTUAL BACKGROUND ...............................................................................1

    A.   The Settlement ........................................................................................2

       1.   Settlement Fund and Released Claims...................................................2

       2.   Distribution of Settlement Funds to Class Members .............................2

       3.   Attorneys' Fees, Costs, And Case Contribution Awards........................3

    B.   Preliminary Approval And Class Notice....................................................3

    C.   The Settlement Has Been Approved By An Independent Fiduciary ..............5

III.   THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT.............6

    A.   The Court Has Already Provisionally Certified the Settlement Class And
       Appointed Plaintiffs' Counsel As Class Counsel ......................................6

    B.   The Settlement Is Fair, Reasonable, and Adequate.....................................6

       1.   The Strength of Plaintiffs' Case and The Risk, Expense, Complexity
          And Likely Duration of Further Litigation ...........................................7

       2.   The Amount Offered In Settlement ......................................................9

       3.   The Extent Of Discovery Completed And The Stage Of The Proceedings.............11

       4.   The Views and Experience of Counsel .................................................11

       5.   The Reaction of Class Members ..........................................................12

IV.    CONCLUSION………………………………………………………………12

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

iv

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Acosta v. Frito- Lay, Inc.*,
2018 WL 2088278 (N.D. Cal. May 4, 2018) ................................................. 11, 12

*Betancourt v. Advantage Human Resourcing, Inc.*,
2016 WL 344532 (N.D. Cal. Jan. 28, 2016) .................................................. 8, 9

*Cabiness v. Educ. Fin. Solutions, LLC*,
2019 WL 1369929 (N.D. Cal. Mar. 26, 2019) ................................................11, 12

*Cervantez v. Celestica Corp.*,
2010 WL 2712267 (C.D. Cal. July 6, 2010) ................................................... 8

*Chun-Hoon v. McKee Foods, Corp.*,
716 F. Supp. 2d 848 (N.D. Cal. 2010) ...........................................................11

*Cotter v. Lyft, Inc.*,
193 F. Supp. 3d 1030 (N.D. Cal. 2016) ........................................................ 6, 7

*Deaver v. Compass Bank*,
2015 WL 8526982 (N.D. Cal. Dec. 11, 2015) ............................................... 9, 10

*Destefano v. Zynga, Inc.*,
2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ................................................. 10

*Edwards v. City of Long Beach*,
2011 WL 13180208 (C.D. Cal. Oct. 31, 2011) ............................................. 10

*Gaudin v. Saxon Mortg. Servs.*, LLC,
2015 WL 7454183 (N.D. Cal. Nov. 23, 2015) ............................................. 10

*Hefler v. Wells Fargo & Co.*,
2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ............................................... 7

*In re Heritage Bond Litig.*,
2005 WL 1594403 (C.D. Cal. June 10, 2005) .............................................. 8

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) ................................................. 8, 9, 10, 11

*LaGarde v. Support.com, Inc.*,
2013 WL 1283325 (N.D. Cal. Mar. 26, 2013) ............................................. 8

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

v

*Linney v. Cellular Alaska P'ship.*,
   151 F.3d 1234 (9th Cir.1998) ................................................................................... 7, 10

*Meija v. Walgreen Co.*,
   2021 WL 1122390 (E.D. Cal. Mar. 24, 2021) ......................................................... 12

*Millan v. Cascade Water Servs.*, Inc.,
   2016 WL 3077710 (E.D. Cal. May 31, 2016) ......................................................... 10

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ............................................................... 7, 8, 10, 11

*Noll v. eBay, Inc.*,
   309 F.R.D. 593 (N.D Cal. 2015) ........................................................................ 10, 12

*Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
   688 F.2d 615 (9th Cir. 1982) ................................................................................. 8, 9

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) .......................................................................................... 9

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .......................................................................................... 9

*Tibble v. Edison Int'l.*,
   2009 WL 6764541 (C.D. Cal. June 30,2009) ............................................................. 7

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir.1993) ......................................................................................... 7

*Wren v. RGIS Inventory Specialists*,
   2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ............................................................. 8

**Statutes**

28 U.S.C. §§ 1332(d) ..................................................................................................... 5

**Rules**

Fed.R Civ.P. 23 ......................................................................................................... 6, 7

**Regulations**

68 Fed. Reg. 75,632 (Dec. 31, 2003) ............................................................................ 5

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

vi

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION[1]

On September 8, 2020, the Court entered the Preliminary Approval Order, which initially approved the Settlement Agreement[2] (ECF No. 267-2, hereinafter referred to as "Settlement Agreement" or "Agreement") between Plaintiffs and Defendants and conditionally certified the following class ("Class" or "Settlement Class") for settlement purposes:

> All current and former participants and beneficiaries of the Plan at any time on or after July 14, 2010 through and including July 28, 2016, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any alternate payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude all Defendants.

In conditionally certifying the Class, the Court also determined that the Settlement – a hard-fought compromise resulting from adversarial, arm's length negotiations – was sufficiently fair, reasonable, and adequate.  There have been no objections to the Settlement by members of the class, and the terms of the Settlement have been reviewed and separately approved by an independent fiduciary.  Sekino Decl. at ¶¶ 2-3,  In light of the substantial benefits made available by the Settlement, which a great percentage of Class Members will receive without the need to file a claim, and in order to avoid the burden, expense, inconvenience, and uncertainty of continued litigation, Plaintiffs and Defendants now request that the Court grant final approval of the Settlement.[3]

## II.   FACTUAL BACKGROUND

The basic facts and procedural history of this action are well-known to this Court and set forth in greater detail in the Court's Preliminary Approval Order, ECF No. 268.  The Settlement

---

[1]To the extent any capitalized terms in this Motion are not defined herein, these terms will have the meaning ascribed to them in the Settlement Agreement.  ECF No. 267-2.

[2]The Settlement details are provided in the Settlement Agreement and summarized in Plaintiffs' Initial Unopposed Motion for Preliminary Approval of Settlement ("Initial Preliminary Approval Motion").  ECF No. 259.

[3]Plaintiffs have separately moved for an order approving (1) attorneys' fees in the amount of 30% of the Settlement Fund, (2) reimbursement of expenses, and (3) Case Contribution Awards to the Plaintiffs in the amount of $10,000.  *See* ECF 269 (hereinafter, "Fees Motion").

was reached days before trial, after extensive motion practice, comprehensive discovery, and multiple rounds of negotiations between experienced and informed counsel before a well-respected neutral mediator, Robert A. Meyer, Esquire (the "Mediator") of JAMS.  *Id.*  As a result, Plaintiffs and Class Counsel believe this Settlement to be fair, adequate, and reasonable and submit that it is in the best interest of the Class.

A.    **The Settlement**

1.    Settlement Fund and Released Claims

Following considerable investigation and careful consideration of Plaintiffs' claims, extensive motion practice, fulsome discovery, and arms-length negotiations up to the precipice of trial, the Parties reached agreement on the Settlement.  In exchange for the Settlement Class' release of the claims described in Section 1.41 of the Agreement, Defendants have agreed to pay a Settlement Amount of $8,500,000 ($8,000,000 of which the Safeway Defendants will cause to be paid to a Settlement Fund and $500,000 of which Aon will cause to be paid to the Settlement Fund).  The Settlement Fund will be used to pay all Settlement-related costs associated with the Settlement, including: (1) compensation to authorized current and former Plan participants, beneficiaries, and alternate payees; (2) all claims for attorneys' fees and expenses approved by the Court; (3) all costs arising from evaluation of the settlement by the Independent Fiduciary as described in Section 2.7 of the Agreement; (4) all costs necessary to administer the Settlement, including payment for the services of SCS; (5) all taxes and tax-related costs; and (6) payment of Case Contribution Awards to Plaintiffs not to exceed $10,000 each, subject to Court approval. Settlement Agreement at Section 3.1(j).

2.    Distribution of Settlement Funds to Class Members

The amount paid to each Class Member has been determined by the Plan of Allocation that is based on the average size of each Class Member's account during the Class Period.

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

2

Settlement Agreement at Exhibit C.  Participants, Beneficiaries, and Alternate Payees with Active Accounts, do not need to do anything affirmative to receive payment under the Settlement, as their accounts will automatically be credited the amount due to them under the Settlement. As for Authorized Former Participants, Beneficiaries, and Alternate Payees who no longer have Active Accounts, these individuals had to have submitted a Former Participant Claim Form by February 26, 2021 to be eligible to receive Settlement Funds, which, at their election, can be made either by check or rollover to an individual retirement account or other eligible employer plan. *See* ECF No. 267-3.  Over 26,000 Class Members will automatically receive the benefit of the Settlement, and there have been 7,670 Former Participant Claim Forms submitted.  Vieira Decl. at ¶ 13.  After the payments have been issued to the Class members, any amount remaining in the Settlement Fund from uncashed checks after 180 days will be distributed back to the Settlement Fund to be utilized as set forth in the Plan of Allocation. *See* Settlement Agreement, at Section 3.2(c) and Exhibit C, Section 1.12. There shall be no reversion to Defendants. *Id.*

3.    Attorneys' Fees, Costs, And Case Contribution Awards

Class Counsel have filed a separate Fees Motion for the Court's consideration. ECF No. 269.  Class Counsel seeks fees in the amount of 30% of the Settlement Fund, reimbursement of reasonably incurred costs, and Case Contribution Awards for Plaintiffs in the amount of $10,000. *Id.*

B.    **Preliminary Approval And Class Notice**

On September 8, 2020, the Court granted preliminary approval of the proposed Settlement, and approved the Notice Plan.  *See* Preliminary Approval Order.  In compliance with the Preliminary Approval Order, SCS disseminated the Settlement Notice via electronic and/or first-class mail to 54,215 Class Members and the Former Participant Claim Form to each Class

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO. 4:16-CV-03994-JST

3

Members without an Active Account on November 19, 2020.  Preliminary Approval Order, at 11; Vieira Decl. at ¶¶ 4-5.  Specifically, SCS provided the Court-approved Notice to 54,215 individuals via first class mail and to 3,857 individuals via electronic mail.  *Id.*  Of the 54,215 Notices mailed, 3,953 were returned as undeliverable.  *Id.* at ¶ 9.  The United States Post Office provided forwarding addresses for 54 of the returned Notices, but for the remaining 3,899 returned Notices, SCS was able to obtain updated addresses through "skip-tracing" for 3,389 of those 3,899 individuals.  *Id.*  SCS re-mailed Notices to each individual for whom an updated address was discovered after the original Notice had been returned.  *Id.*  Additionally, on January 8, 2021, SCS mailed 30,356 reminder postcards to Class Members who do not have Active Plan Accounts and had not yet submitted a Former Participant Claim Form.  *Id.* at ¶ 10.

SCS also established a website for the Settlement ([www.strategicclaims.net/terraza401k](www.strategicclaims.net/terraza401k)) pursuant to the terms of the Settlement, which provided information about the case and relevant deadlines and also made available a number of pertinent documents, including the following: (i) Notice, (ii) Former Participant Claim Form, (iii) Frequently Asked Questions, (iv) Motions for and Declarations in Support of Attorneys' Fees, Reimbursement of Expenses, and Plaintiffs' Case Contribution Awards including exhibits, (v) the Preliminary Approval Order, (vi) the Amended Settlement Agreement and Release, (vii) March 30, 2020 Order Denying Initial Preliminary Approval Motion, and (viii) the Third Amended Complaint.  *Id.* at ¶ 6.  Furthermore, in accordance with the Settlement Agreement and the Preliminary Approval Order, SCS established a toll-free telephone number, to which Class Members could direct questions about the Settlement.  *Id.* at ¶ 7. SCS also issued the Summary Notice as a national press release via PRNewswire on November 20, 2020.  *Id.* at ¶ 8, Exhibit C attached thereto.  In addition to the foregoing, SCS mailed a notice of proposed class action settlement to the appropriate federal and

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO. 4:16-CV-03994-JST

4

state officials pursuant to Section 1715 of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.  *Id.* at ¶ 14, Exhibit D attached thereto.

SCS provided a full accounting of expenditures made in connection with the Settlement, and it provided any and all information that was requested by the Parties or their counsel.  Vieira Decl. at ¶ 15.  Prior to this Motion, SCS incurred Administration Costs in the amount of $184,828, which were utilized to provide the above-described services.  *Id.* at ¶ 16.  In accordance with Section 3.1(b) of the Settlement Agreement, $99,939 has been deducted from the Escrow Account and the balance of $84,889 will be deducted at a later date.  *Id.*; Settlement Agreement at Section 3.1(b).

Finally, SCS has not received any objections to the fairness, reasonableness, or adequacy of the Settlement, any terms therein, or to the proposed Administrative Expenses, Attorneys' Fees and Costs, or Plaintiffs' Case Contribution Awards.  *Id.* at ¶ 12.

### C.    The Settlement Has Been Approved By An Independent Fiduciary

To further ensure that the Settlement Agreement is fair, reasonable, and adequate, the Parties retained an Independent Fiduciary, Fiduciary Counselors, to approve and authorize the Settlement on behalf of the Plan and Class Members.  *See* Settlement Agreement at Section 2.7. Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel provided the Independent Fiduciary with sufficient information so that the Independent Fiduciary could review and evaluate the Settlement.  *Id.*; Sekino Decl. at ¶ 2.  Furthermore, the Independent Fiduciary complied with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination, for the purpose of Defendants' reliance on PTE

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO. 4:16-CV-03994-JST

5

1   2003-39.  *Id.*  As reflected in the Report of the Independent Fiduciary, the Settlement is fair and

2   adequate in all respects.  *Id.* at ¶ 2, Exhibit A attached thereto.

3   ## III.   THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

4   ### A.   The Court Has Already Provisionally Certified the Settlement Class And
          Appointed Plaintiffs' Counsel As Class Counsel

5

6           In its March 30, 2020 Order, the Court identified minor deficiencies with the proposed

7   Class Notice, but otherwise found "provisional certification of the proposed class [to be]

8   appropriate for the purposes of settlement," and approved Shepherd, Finkelman, Miller & Shah,

9   LLP as class counsel pursuant to Rule 23(g).[4]  *See* ECF No. 265, at 7-10.  After the Parties

10  addressed the Court's concerns with the Class Notice and resubmitted their revised request for

11  preliminary approval, the Court granted preliminary approval of the settlement and approved the

12  Class Notice on September 8, 2020.  ECF No. 268.  For the reasons identified in the Court's

13  preliminary approval Orders and in Plaintiffs' Initial Preliminary Approval Motion (ECF No.

14  259, at 7-13), the above-defined Settlement Class meets the requirements of Federal Rules of

15  Civil Procedure 23(a) and (b)(1).

16  ### B.   The Settlement Is Fair, Reasonable, and Adequate

17          "The standard for reviewing class action settlements at the final approval stage is well-

18  settled.  Rules 23(e)(2) states that the district court may only approve the settlement if 'it is fair,

19  reasonable, and adequate.'"  *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1035 (N.D. Cal. 2016)

20  (citing Fed. R. Civ. P. 23).  In determining whether a proposed settlement meets this standard,

21  the Ninth Circuit suggests consideration of the following non-exhaustive factors:

22          (1) the strength of the plaintiff's case;
        (2) the risk, expense, complexity, and likely duration of further litigation;
23          (3) the risk of maintaining class action status throughout the trial;
        (4) the amount offered in settlement;
24          (5) the extent of discovery completed and the stage of the proceedings;

25

26  _____
    [4]The attorneys from Shepherd, Finkelman, Miller & Shah, LLP recently filed a Notice with the
    Court of a change of firm affiliation, to Miller Shah LLP, effective March 15, 2021.  *See* ECF No.
27  270.  Although Class Counsel's email addresses have changed, mailing addresses and telephone
    numbers have remained the same.  Moreover, Class Counsel continue to monitor and receive
28  notification of email sent to those prior email addresses.

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

6

1    (6) the experience and view of counsel;

2    (7) the presence of a governmental participant; and
     (8) the reaction of the class members to the proposed settlement.[5]

3    *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (citing

4    *Linney v. Cellular Alaska P'ship.*, 151 F.3d 1234, 1242 (9th Cir.1998)).  However, "[n]ot all of

5    these factors will apply to every class action settlement."[6] *Id.* (citing *Torrisi v. Tucson Elec. Power*

6    *Co.*, 8 F.3d 1370, 1376 (9th Cir.1993).  Also "[d]istrict courts have wide discretion in assessing

7    the  weight  and  applicability  of  each  factor."  5 MOORE'S FEDERAL PRACTICE,  § 23.85[2][a]

8    (Matthew Bender 3d ed.).

9          Just as it has already provisionally certified the Settlement Class, the Court has also

10   found "that the Settlement falls within the range of possible approval."  ECF No. 265 at 9, 12.

11   Indeed, the factors considered at final approval mirror those contemplated at preliminary

12   approval.  Having already preliminarily approved the fairness of the settlement, and because

13   there have been no intervening circumstances that would alter that conclusion, the Court should

14   find the same here as Notice has been completed in accordance with the Court's Preliminary

15   Approval Order and all of the below factors support final approval of the Settlement.  *See Cotter*,

16   193 F. Supp. 3d at 1036-37 (recognizing that a Court's inquiry at final approval is equally careful

17   as the preliminary approval analysis).

18          1.    The Strength of Plaintiffs' Case and The Risk, Expense, Complexity And
                  Likely Duration of Further Litigation
19

20         Plaintiffs' claims in both Actions have survived motions to dismiss and motions for

21   summary judgment, but as recognized by the Court at preliminary approval, there is uncertainty

22   [5]As mentioned in the Court's March 30, 2020 Order, "[t]hese factors are substantially similar to
     those articulated in the 2018 amendments to Rule 23(e) which were not intended 'to displace any
23   factor [developed under existing Circuit precedent], but rather to focus the court and the lawyers
     on the core concerns of procedure and substance that should guide the decision whether to approve
24   the proposal.'"  ECF No. 265 at 11 n.5 (citing *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-
     JST, 2018 WL 6619983, at *4 (N.D. Cal. Dec. 18, 2018) (quoting Fed. R. Civ. P. 23(e)(2) advisory
25   committee's note to 2018 amendment).  Furthermore, Plaintiffs explained that the Settlement met
     the considerations of Rule 23(e)(2) in their September 9, 2020 Initial Preliminary Approval
26   Motion.  *See* ECF No. 259, at 15-22.
     [6]Here, the risk of maintaining class action status throughout trial is not relevant because the Class
27   has only been certified for Settlement purposes.  Even so, ERISA breach of fiduciary duty claims
     "presents a paradigmatic example of a (b)(1) class."  *See Tibble v. Edison Int'l.*, No. CV 07–5359
28   SVW (AGRx), 2009 WL 6764541 (C.D. Cal. June 30,2009).  Likewise, there is no governmental
     participant in this action, so that factor will not be addressed.

inherent in any trial and always some risk of loss on the merits. *LaGarde v. Support.com, Inc.*, 2013 WL 1283325, at *4 (N.D. Cal. Mar. 26, 2013) ("In light of the risks and costs of continued litigation, the immediate rewards to class members are preferable."). Indeed, there was a clear risk at trial as demonstrated by the Court's summary judgment rulings, which dismissed some of Plaintiffs' claims from the case. ECF Nos. 224, 232; *see also In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, *7 (C.D. Cal. June 10, 2005) ("[W]hile Plaintiffs are confident of the strength of their case, it is imprudent to presume ultimate success at trial and thereafter."). Moreover, even if the Court entered judgment in Plaintiffs' favor, it could be overturned on appeal. *See Betancourt v. Advantage Human Resourcing, Inc.*, No. 14-cv-01788-JST, 2016 WL 344532, at *4 (N.D. Cal. Jan. 28, 2016). As a result, the first factor favors settlement.

The second factor, the risk, expense, complexity, and potential for further durations points in favor of settlement. "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomm. Coop.*, 221 F.RD. at 527. This is because "trials of class actions are inherently risky and unpredictable propositions." *Cervantez v. Celestica Corp.*, No. 07-729-VAP (OPx), 2010 WL 2712267, *3 (C.D. Cal. July 6, 2010).

While the Actions were approaching trial, there nonetheless existed the potential for further litigation including post-trial motions and a likely appeal. "[I]t is the very uncertainty of outcome in litigation and avoidance of wastefulness and expensive litigation that induce consensual settlements." *Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Even though the Parties were prepared to go to trial (having completed most of their respective pretrial work in anticipation of trial), considering the reality of a likely appeal, "it could be years before Plaintiffs see a dollar." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008); *see also Wren v. RGIS Inventory Specialists*, C-06-05778 JCS, 2011 WL 1230826, at *7 (N.D. Cal. Apr. 1, 2011) (finding that the risk, expense, complexity, and duration of further litigation support approving a settlement even

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

8

though plaintiffs' claims had survived summary judgment); *Deaver v. Compass Bank*, No. 13-222, 2015 WL 8526982, *7 (N.D. Cal. Dec. 11, 2015) ("Although [p]laintiffs might have received more if they proceeded through litigation and prevailed on the merits of their case, they might also receive less and there is a value to the class in obtaining the money now"); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009)(risks in litigating weigh in favor of approving a class settlement).

Having already analyzed these two factors, the Court found that "[t]he risk, expense, complexity, and likely duration of further litigation weigh in favor of preliminary approval." ECF No. 265, at 12.  Nothing regarding the strength of Plaintiffs' cases or the potential of further litigation has changed since the Court's Preliminary Approval Order, and as such, these two factors still support the Court granting final approval.

2.     The Amount Offered In Settlement

The total Settlement Amount is $8,500,000 and will provide proportional recompense to Class Members based on the size of their Plan accounts during the Class Period.  *See* Settlement Agreement at Exhibit C.  In evaluating the amount of a settlement, "the Court may compare the settlement amount to the parties' estimates of the maximum amount of damages recoverable in a successful litigation." *Betancourt*, 2016 WL 344532, at *5. However, "'[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair.' Plaintiffs here have agreed to accept a smaller certain award rather than seek the full recovery but risk getting nothing." *In re Omnivision Techs, Inc.*, 559 F. Supp. 2d at 1042 (citing *Officers for Justice*, 688 F.2d at 628); *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

Here, Terraza's expert, Martin Dirks, provided an analysis which calculated maximum damages in the amount of $51,274,294. (ECF No. 142, Exhibit C attached thereto, at p. 10 [Dirks Report]).  However, the Court's ruling on the Safeway Defendants' motion for summary judgment removed claims involving the Interest Income Fund and Chesapeake Core Growth Fund. (ECF Nos. 224, 232).  Removing damages for allegations regarding those two funds from

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

9

Mr. Dirks' analysis, the maximum damages number is reduced to $28,667,494. The Settlement of $8,500,000 represents roughly 30% of the maximum figure after the appropriate reduction in light of the Court's summary judgment ruling, and without considering the strong defenses as to the remaining funds that Defendants would present at trial. After factoring attorneys' fees (and costs), the Settlement amount reflects over 18% of the maximum damages number.

Similar percentages of maximum potential damage figures have been found acceptable by courts in this Circuit. *See Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *11 (N.D. Cal. Feb. 11, 2016) (approving class settlement providing settlement fund of "14 percent of likely recoverable aggregate damages at trial," and "9.5 percent of those" damages after "deductions for attorneys' fees and costs and administration costs"); *Gaudin v. Saxon Mortg. Servs.*, LLC, No. 11-cv-01663-JST, 2015 WL 7454183, at *6 (N.D. Cal. Nov. 23, 2015) (approving class settlement providing "13.6% recovery of the maximum possible recoverable damages"); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1042 (granting final approval of a settlement fund of $13.75 million where the gross class recovery was 9 percent of maximum potential recovery, which totaled 6 percent after deductions for attorneys' fees and costs); *Millan v. Cascade Water Servs.*, Inc., No. 1:12-cv-01821-AWI-EPG, 2016 WL 3077710, at *7 (E.D. Cal. May 31, 2016) (25% recovery "well with the acceptable range"); *Deaver*, 2015 WL 8526982, *7 (10.7% recovery approved); *Noll v. eBay, Inc.*, 309 F.R.D. 593, 607 (N.D Cal. 2015) (9% recovery approved).

Furthermore, the settlement amount has been approved by Fiduciary Counselors, an independent fiduciary. Sekino Decl. at ¶ 2, Exhibit A attached thereto. In light of the foregoing, the Settlement Amount, considering the uncertainty of trial and the difficulty of attaining maximum damages even with a successful result, favors final approval of the Settlement. *See Edwards v. City of Long Beach*, 2011 WL 13180208, at *3, n. 5 (C.D. Cal. Oct. 31, 2011) ("[t]he reasonableness of a settlement is not dependent upon it approaching the potential recovery plaintiffs might receive if successful at trial"); *Nat'l Rural Telecomm. Coop.*, 221 F.RD. at 527

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

10

1    ("a proposed settlement may be acceptable even though it amounts to only a fraction of the

2    potential recovery").

3              3.    The Extent Of Discovery Completed And The Stage Of The Proceedings

4         This factor analyzes whether "the parties have sufficient information to make an

5    informed decision about settlement." *Linner v. Cellular Alaska P'Ship*, 151 F.3d 1234, 1239

6    (9th Cir. 1998); *see also Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-cv-01109-JST, 2019 WL

7    1369929, at *5 (N.D. Cal. Mar. 26, 2019) (finding "the extent of discovery completed supports

8    approval of a proposed settlement, especially when litigation has 'proceeded to a point at which

9    both plaintiffs and defendants ha[ve] a clear view of the strengths and weaknesses of their

10   cases'") (citing *Chun-Hoon v. McKee Foods, Corp.*, 716 F. Supp. 2d 848, 851-52 (N.D. Cal.

11   2010) (finding this factor supports final approval when "[t]he parties have engaged in several

12   years of litigation, including depositions, substantial research, an interlocutory appeal, and

13   several motions")).  Here, extensive discovery was completed as the Parties took over 20

14   depositions and exchanged a great deal of documents. *See* ECF No. 259-1, at ¶ 11. The Parties

15   also engaged in extensive motion practice, filed documents in preparation for trial, and met twice

16   with the Mediator, before reaching the Settlement Agreement. *Id*.; *see also Acosta v. Frito- Lay,

17   Inc.*, 2018 WL 2088278, at *9 (N.D. Cal. May 4, 2018) (finding this factor favored approval of a

18   settlement when the parties "participated in several rounds of discovery production and two

19   rounds of mediation").  This factor heavily favors final approval of the Settlement Agreement.

20             4.    The Views and Experience of Counsel

21        Class Counsel and Defense Counsel support the settlement agreement. *See In re

22   Omnivision*, 559 F.Supp. 2d at 1043 (holding "[t]he recommendations of plaintiffs' counsel

23   should be given a presumption of reasonableness"); *Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at

24   528 ("[g]reat weight is accorded to the recommendation of counsel, who are most closely

25   acquainted with the facts of the underlying litigation").  Counsel for both Plaintiffs and

26   Defendants have substantial experience litigating ERISA claims, and their knowledge regarding

27   the merits of the case is strong considering the extensive discovery conducted and the number of

28

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

11

issues contested in this case.  Furthermore, Class Counsel has litigated a number of class action cases and reached approved settlement agreements in many of them.  ECF No. 259-1, at ¶ 10, Exhibit 4 attached thereto; *see Cabiness*, 2019 WL 1369929, at *6 ("Class Counsel have extensive experience litigating class action and consumer protection cases. That they advocate in favor of the settlement weighs in favor of approval."); *see also Acosta*, 2018 WL 2088278, at *9 (giving value to opinion of counsel who had been named class counsel in 23 class actions). Moreover, Lead Class Counsel has tried major ERISA and other class action cases and understands the possibilities of recoveries and risks associated with such trials. ECF No. 259-1, at ¶ 10.

5.   The Reaction of Class Members

As described above, SCS provided Notice to Class Members via U.S. mail and e-mail on November 19, 2020.  Vieira Decl. at ¶¶ 4-5, Exhibits A and B attached thereto.  Here, no Class Members objected to the Settlement in accordance with the Settlement Agreement (Sekino Decl. at ¶ 3), and SCS did not receive any objections to the Settlement, the proposed Administrative Expenses, Attorneys' Fees and Costs, or Plaintiffs' Case Contribution Awards.  Vieira Decl. at ¶ 12.  The fact that not one of the 54,215 Class Members objected to the Settlement clearly supports final approval.  *Id.* at ¶¶ 4, 12; *see also Meija v. Walgreen Co.*, No. 2:19-cv-00218 WBS AC, 2021 WL 1122390, at *7 (E.D. Cal. Mar. 24, 2021) ("the reaction of the class members to the proposed settlement, also weighs in favor of final approval [when] no class members objected to the settlement") (internal citations omitted); *Noll*, 309 F.R.D. at 608 ("A low number of … objections in comparison to class size is typically a factor that supports settlement approval.").

**IV.   CONCLUSION**

For the foregoing reasons and those already identified in Plaintiffs' Initial Preliminary Approval Motion and the Court's Preliminary Approval Order, Plaintiffs respectfully request that the Court grant Plaintiffs' Unopposed Motion for Final Approval of the Settlement.

Dated: April 2, 2021          */s/ Chiharu G. Sekino*

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO. 4:16-CV-03994-JST

12

Chiharu G. Sekino
Casey T. Yamasaki
MILLER SHAH LLP
1230 Columbia St., Ste 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: cgsekino@millershah.com
       ctyamasaki@millershah.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
       lrubinow@millershah.com

Ronald S. Kravitz
Kolin C. Tang
MILLER SHAH LLP
201 Filbert Street, Ste. 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
Email: rskravitz@millershah.com
       kctang@millershah.com

James C. Shah
Michael P. Ols
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
       mpols@millershah.com

Monique Olivier
Katharine Chao
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street | Suite 201
San Francisco, CA 94133
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
Email: monique@osclegal.com
       kathy@osclegal.com

Sahag Majarian
LAW OFFICES OF SAHAG MAJARIAN
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND
APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

Email: sahagii@aol.com

Todd M. Schneider
Jason H. Kim
Kyle Geoffrey Bates
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Email: tschneider@schneiderwallace.com
        jkim@schneiderwallace.com
        kbates@schneiderwallace.com

*Attorneys for Plaintiff, the Plan, and the Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2021, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Chiharu G. Sekino*
Chiharu G. Sekino
Miller Shah LLP

PLAINTIFFS' NOTICE OF AND UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:16-CV-03994-JST

15