UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KARLA TERRAZA,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC., et al.,<br><br>Defendants. | Case No. 16-cv-03994-JST<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEES; GRANTING MOTION FOR INCENTIVE AWARDS**<br><br>Re: ECF Nos. 269, 272 |

Before the Court are Plaintiffs' motions for final approval of the class action settlement and for attorney's fees, costs, and service awards.  ECF Nos. 269, 272.

## I.    FINAL APPROVAL OF SETTLEMENT

Having reviewed the parties' briefs and the supplemental submissions in support of final approval, and having considered the following factors to adequately support such approval, the Court will grant the motion for final approval of the class action settlement[1]:

1.     The Court has jurisdiction over this case and over all claims raised therein and all parties thereto.

2.     The Court has held that the non-opt out class should be certified for the purpose of this settlement under Federal Rule of Civil Procedure 23(a) and 23(b)(1), under the terms of the Agreement.  The Court confirms that the class preliminarily certified under Rule 23(b)(1) is appropriate for the reasons set forth in its Preliminary Approval Order, and hereby finally certifies the following non-opt-out class:

---

[1] The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as otherwise stated.  The Agreement is deemed incorporated into this order.

> All current and former participants and beneficiaries of the Plan at any time on or after July 14, 2010 through and including July 28, 2016, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any alternate payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude all Defendants.

3.      For the purpose of this settlement, the Court hereby finally certifies Plaintiffs Maria Karla Terraza and Dennis M. Lorenz as Class Representatives, and Shepherd, Finkelman, Miller & Shah, LLP; Schneider, Wallace, Cottrell, Konecky, Wotkyns, LLP; Olivier Schreiber & Chao LLP; and the Law Offices of Sahag Majarian II as Class Counsel.

4.      The Parties complied in all material respects with the Notice Plan set forth in the Settlement Agreement and the Court's Preliminary Approval Order.  The Court finds that the Notice Plan constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the class of the pendency of the litigation, the existence and terms of the Settlement Agreement, Class Members' rights to make claims or object, and the matters to be decided at the Final Approval Hearing.  Further, the Notice Plan satisfied the requirements of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.  All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, et seq., have been met.

5.      The Court has determined that full opportunity has been given, including at the Final Approval Hearing held on April 26, 2021, for the Class Members to object to the terms of the settlement, the request for attorney's fees and expenses, and the request for Class Representatives' service payments.  To date, no objections have been submitted.

6.      The Court finds that the settlement is fair, reasonable, and adequate to the Plan and Class Members.  The Court therefore finally approves the settlement for the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Settlement Agreement was the product of arms-length negotiations between competent, able counsel and conducted with the oversight and involvement of a neutral mediator; the settlement was reviewed and approved by an independent fiduciary; the record was sufficiently developed and complete through meaningful discovery and motion proceedings to have enabled counsel for the Parties to have adequately

United States District Court
Northern District of California

2

evaluated and considered the strengths and weaknesses of their respective positions; the litigation involved disputed claims, which underscores the uncertainty and risks of the outcome in this matter; the settlement provides meaningful remedial and monetary benefits for the disputed claims; and the parties were represented by qualified counsel who, throughout this case, vigorously and adequately represented their respective parties' interests.

***

Accordingly, the Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED.  Pursuant to and in accordance with Rule 23, the Court fully and finally approves the Settlement set forth in the Agreement in all respects including, without limitation, the terms of the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted in the Actions, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of Plaintiffs, the Class, and the Plan.

The parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Agreement.  Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.  Consistent with the Northern District of California Procedural Guidance for Class Action Settlements, within 21 days after the distribution of the settlement funds, the parties shall file a Post-Distribution Accounting.

As of the Effective Date, pursuant to Rule 54(b), all of the Claims against Defendants are dismissed with prejudice.  The parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement and as discussed below.

The terms of the Agreement and of this Final Approval Order and Judgment shall be binding on Defendants, Plaintiffs, and all Class Members, as well as their respective current and former beneficiaries, heirs, descendants, dependents, marital communities, administrators, executors, representatives, predecessors, successors, and assigns, and as described under the

United States District Court
Northern District of California

Agreement.  The releases of the Released Claims, as set forth in the Agreement, are expressly incorporated herein in all respects.  The Releases are effective as of the date of the entry of this Final Approval Order.

Without affecting the finality of this Final Approval Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's Fee and Expense Application and Plaintiffs' request for Service Awards; and (d) the Class Members for all matters relating to the Actions.

Finding no just reason to delay entry of this Final Approval Order as a final judgment with respect to the claims asserted in the Actions, the Clerk of the Court is directed to enter judgment pursuant to Rule 54(b) as against Defendants.

## II.     ATTORNEY'S FEES AND COSTS

Class Counsel requests an attorney's fee award of $2,550,000.00, or 30% of the common fund.  ECF No. 269 at 16-17.  The request is made in light of the "excellent results achieved for the Class," the "litigation risk" accepted by Plaintiffs' counsel in prosecuting the case, the unique "benchmark for similar [ERISA] cases," and the "financial burden and contingent nature of representation."  *Id.* at 17-22.  Class Counsel represents that the fee request represents 64% of Class Counsel's lodestar, which amounted to $3,980,631.00.  *Id.* at 22.  Class Counsel also seeks reimbursement of litigation expenses of $451,257.77 and seeks service awards of $10,000.00 each for Class Representatives Terraza and Lorenz.  *Id.* at 27-28.

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, . . . courts have an independent obligation to ensure that the award, like the settlement itself is reasonable, even if the parties have already agreed to an amount."  *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (internal citation omitted).  "Where a settlement produces a common fund for the benefit of the entire class," as here, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to assess the reasonableness of the requested attorney's fee award.  *Id.* at 942.  "Because the benefit to the class is easily quantified in common-fund settlements," the Ninth

1  Circuit permits district courts "to award attorneys a percentage of the common fund in lieu of the

2  often more time-consuming task of calculating the lodestar." *Id.*

3         The Ninth Circuit maintains a well-established "benchmark for an attorneys' fee award in a

4  successful class action [as] twenty-five percent of the entire common fund." *Williams v. MGM-*

5  *Pathe Comm'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997).  Courts in the Ninth Circuit generally

6  start with the 25% benchmark and adjust upward or downward depending on:

7          the extent to which class counsel "achieved exceptional results for the
        class," whether the case was risky for class counsel, whether

8          counsel's performance "generated benefits beyond the cash
        settlement fund," the market rate for the particular field of law (in

9          some circumstances), the burdens class counsel experience while
        litigating the case (e.g., cost, duration, foregoing other work), and

10          whether the case was handled on a contingency basis.

11  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino*

12  *v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)).  Beyond this analysis, courts often

13  crosscheck the amount of fees against the lodestar.  "Calculation of the lodestar, which measures

14  the lawyers' investment of time in the litigation, provides a check on the reasonableness of the

15  percentage award." *Vizcaino*, 290 F.3d at 1050.  "The lodestar figure is calculated by multiplying

16  the number of hours the prevailing party reasonably expended on the litigation (as supported by

17  adequate documentation) by a reasonable hourly rate for the region and for the experience of the

18  lawyer." *In re Bluetooth*, 654 F.3d at 941.  Regardless of whether the court uses the lodestar or

19  percentage approach, the main inquiry is whether the fee award is "reasonable in relation to what

20  the plaintiffs recovered." *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000).

21         The facts of this case support an award of greater than 25% of the common fund.  First, as

22  set forth in the supplemental memorandum filed on April 27, 2021, ECF No. 276, Plaintiffs'

23  counsel obtained a very good result for the class.  Plaintiffs obtained approximately 20% of

24  maximum potential damages even accounting for Plaintiffs' counsel's attorney's fees request.

25  Second, this case has been hard fought by Plaintiffs on a contingency basis over a period of almost

26  five years.  The parties engaged in substantial discovery and motion practice.  This Court has

27  previously explained that contingency litigation is "the nature of the beast" and "not a special

28  consideration." *Hawthorne v. Umpqua Bank*, No. 11-cv-06700-JST, 2015 WL 1927342, at *5

United States District Court
Northern District of California

United States District Court
Northern District of California

(N.D. Cal. Apr. 28, 2015) (internal quotation marks omitted).  Nevertheless, an attorney's fee award should take into account the risk of representing plaintiffs on a contingency basis over a period of almost five years of litigation.  *See Willner v. Manpower Inc.*, No. 11-cv-02846-JST, 2015 WL 3863625, at *6 (N.D. Cal. June 22, 2015).  Finally, an award of 30% represents a substantial discount from Plaintiffs' counsel's stated lodestar.  A "negative multiplier" of this kind is another factor supporting an upward departure from the Ninth Circuit benchmark.  Without reviewing the billing records in detail for duplicative tasks or block billing, the Court finds the lodestar to be a useful comparison.  *See Demmings v. KKW Trucking, Inc.*, No. 3:14-cv-0494-SI, 2018 WL 4495461, at *16 (D. Or. Sept. 19, 2018) ("The cross check is performed at higher level, to ensure the percentage-of-recovery method does not result in a fee that is unreasonable.").  For all these reasons, the Court grants Plaintiffs' request for an attorney's fees award of $2,550,000.00.   The Court also finds that Plaintiffs' counsel's claimed costs of $451,257.77 are reasonable, and awards them that amount.

## III.    SERVICE AWARDS

Plaintiffs' counsel requests service awards of $10,000.00 each for Class Representatives Terraza and Lorenz.

"Incentive awards [2] are payments to class representatives for their service to the class in bringing the lawsuit."  *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).  "It is well-established in this circuit that named plaintiffs in a class action are eligible for reasonable incentive payments, also known as service awards."  *Wren v. RGIS Inventory Specialists*, No. 06-cv-05778 JCS, 2011 WL 1230826, at *31 (N.D. Cal. Apr. 1, 2011), *supplemented*, No. 06-cv-05778 JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011).  An incentive award of $5,000 is presumptively reasonable, and an award of $25,000 or even $10,000 is considered "quite high."  *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) (quoting *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198 EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012)).  Nonetheless, a higher award may be appropriate where class

---

[2] The caselaw refers to such awards interchangeably as "service awards" or "incentive awards."

representatives expend significant time and effort on the litigation and face the risk of retaliation or other personal risks; where the class overall has greatly benefitted from the class representatives' efforts; and where the incentive awards represent an insignificant percentage of the overall recovery. *Wren*, 2011 WL 1230826, at *32.

Here, the $10,000 requested service awards are less than 0.12% of the total Settlement Fund, and combined are approximately 0.23%. Also, although the average recovery per Class Member is likely to be less than $1,000, Plaintiffs represent that there will be Class Members who receive more than $10,000 as a result of the Settlement, based upon their account balances. *See* ECF No. 269 at 29. Finally, each of the two Class Representatives devoted substantial time to the case, including responding to written discovery and sitting for depositions, conferring a substantial benefit on the class. The Court approves the service awards in the amount of $10,000.00 each.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for final approval of the settlement agreement and orders the Clerk to enter judgment. The Court GRANTS Plaintiffs' motion for attorney's fees, costs, and service awards as discussed herein.

**IT IS SO ORDERED.**

Dated: July 29, 2021

_____
JON S. TIGAR
United States District Judge